No. 25-1677

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

American Federation of Government Employees (AFGE), et al
*Plaintiff -Appellees*,

v.

The Office of Personnel Management et al
*Defendant -Appellants*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF CALIFORNIA
No. 3:25-cv-01780-WHA
The Honorable Judge William Alsup

_____

## SUPPLEMENTAL ATTACHMENT TO
## PLAINTIFF-APPELLEES' OPPOSITION TO STAY
## (DISTRICT COURT'S PRELIMINARY INJUNCTION DECISION)

_____

Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer (SBN 332232)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
dleonard@altber.com

*Attorneys for Plaintiff-Appellee Organizations\**
*[additional counsel on following page]*

Norman L. Eisen (*pro hac vice*)
Pooja Chaudhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS
FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

*Attorneys for Plaintiff Organizations\**

Teague Paterson (SBN 226659)
Matthew Blumin (*pro hac vice*)
AMERICAN FEDERATION OF
STATE, COUNTY, AND MUNICIPAL
EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

*Attorneys for Plaintiff American
Federation of State County and
Municipal Employees (AFSCME)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiff American
Federation of Government Employees
(AFGE)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No.
46019 (*pro hac vice pending*)
Deputy Solicitors General
OFFICE OF THE WASHINGTON
STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

*Attorneys for Plaintiff State of
Washington*

*Plaintiff-Appellee Organizations are the American Federation of Government Employees, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, AFGE Local 2110, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, Point Blue Conservation Science, Climate Resilient Communities, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc..

Attached Hereto is the District Court's Order Denying Ex Parte Motion to

Stay Preliminary Injunction Pending Appeal, issued last night, March 15, 2025

[D.Ct. Dkt. 133].

DATED:  March 16, 2025          Respectfully submitted,

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151


By: */s/ Danielle E. Leonard*

*Attorneys for Plaintiff Organizations*


Norman L. Eisen (*pro hac vice*)
Pooja Chaudhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS
FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

-2-

By: */s/ Rushab Sanghvi*                    

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson (SBN 226659)
Matthew Blumin  (*pro hac vice*)
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*                    

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz (SBN 241414)
Cristina Sepe (SBN 308023)
Cynthia Alexander, WA Bar No. 46019 (*pro hac vice pending*)
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE
ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

By: */s/ Tera M. Heintz*                    

*Attorneys for Plaintiff State of Washington*

-3-

Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | No.  C 25-01780 WHA |
| Plaintiffs, |  |
| v. | **ORDER DENYING EX PARTE MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL** |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., |  |
| Defendants. |  |

The undersigned issued a preliminary injunction on March 13, 2025 (Dkt. No. 115).
Defendants appealed (Dkt. No. 119), and now move for a stay pending appeal (Dkt. No. 127).
Plaintiffs oppose (Dkt. No. 129).

The "factors regulating the issuance of a stay" are as follows:  "(1) whether the stay
applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the
applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will
substantially injure the other parties interested in the proceeding; and (4) where the public
interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

*First*, defendants' likelihood of success arguments were addressed at both the temporary
restraining order and preliminary injunction stage.  The memoranda supporting the TRO and PI

are incorporated here (Dkt. Nos. 28, 132). For the reasons stated therein, this factor does not favor a stay.

*Second*, defendants' argument that a stay of the preliminary injunction would not injure plaintiffs retreads the arguments made in opposition to plaintiffs' motion for leave to amend (Dkt. No. 63). As explained in the order granting leave, defendants' purported voluntary cessation (via a two-sentence alteration to the January 20 memo) does not moot the case at hand (Dkt. No. 88). A stay would further injure plaintiffs because reinstatement becomes more difficult with every passing day. Terminated probationers are moving on with their lives, as they must. Fewer will be available to redress the harms suffered by the organizational plaintiffs tomorrow than there are today. And, the government has wholly failed to argue there is any other way to avoid the irreparable injuries flowing from the unlawful terminations except to reinstate the employees.

*Finally*, defendants argue that the public interest and the balance of the equities favor a stay. They rely in large part on six newly submitted declarations, one from each relief defendant agency subject to the injunction (Department of Defense (Dkt. No. 127-1), Department of Energy (Dkt. No. 128-2), Department of the Interior (Dkt. No. 127-3), Department of the Treasury (Dkt. No. 127-4), Department of Veterans Affairs (Dkt. No. 127-5), and Department of Agriculture (Dkt. No. 127-6). Two relief defendants (from DOD and DOI) assert, for the first time, that they reviewed their probationary employees' performance following OPM's January 20 memo (Dkt. No. 127-1 ¶ 7 (DOD); Dkt. No. 127-3 ¶ 7 (DOI)). The VA, Treasury, USDA, and DOE do not make that representation.

The declarations set out a substantially similar list of administrative harms that would result from reinstatement. These include the need to "identif[y], contact[], and onboard[]" the recently terminated probationers, "fill[] out human resources paperwork," "receiv[e] new equipment, obtain[] new security badges and clearances, and re-enroll[ probationers] in benefits programs" (Dkt. No. 127-2); the frustration of supervisors' ability to "appropriately manag[e] their workforce" (Dkt. No. 127-1); and general "confusion" and "uncertainty" (Dkt. No. 127-3; Dkt. No. 127-4).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   This order pauses to address defendants' attempts to frustrate fact-finding.  The defense

2   submitted a single declaration, from defendant Charles Ezell, in opposition to plaintiffs'

3   motion for a TRO.  The undersigned ordered defendant Ezell to appear for cross examination

4   at the subsequent evidentiary hearing, or, alternatively, to submit to a deposition at his

5   convenience.  Plaintiffs were likewise ordered to make their declarants available for

6   examination.  Defendants chose to withdraw the Ezell declaration to avoid submitting its

7   declarant to examination, in violation of this Court's order.  Defense counsel "understood

8   coming out of the TRO hearing" that the undersigned "wanted to know what was actually

9   communicated" during several phone calls between OPM and the relief defendant agencies

10  (Dkt. No. 120).  The purported reason to withdraw was that Ezell was not present at those

11  calls, so his testimony "would have scant evidentiary value" anyway (Dkt. No. 75 at 12).

12  The undersigned did not impose sanctions at the time, as it appeared defendants had

13  righted a wrong they would not repeat.

14  It was a surprise, then, that defendants submitted the declaration of Noah Peters, a "senior

15  advisor" at OPM (Dkt. No. 77).  Defense counsel represented to the Court that Peters

16  participated in the calls at issue, but Peters declined to swear to it (*ibid.*).  Indeed, Peters did

17  not claim personal knowledge as to *anything* in his declaration.  Persuaded by defense

18  counsel's argument, the undersigned afforded the Peters Declaration scant evidentiary value.

19  Defendants refused to make any further effort to get at the truth, arguing that the only

20  way forward was to wait on them to produce their administrative record, and "for gaps in that

21  record to be litigated, to be supplemented by oral testimony, if necessary" (Dkt. No. 120 at 22).

22  Defendants otherwise complained that the rapid pace of litigation prohibited the production of

23  anything more than the Ezell declaration (Dkt. No. 120 at 20-21).

24  It is again surprising, then, that defendants managed (in the span of a single day) to

25  muster a half-dozen declarations from relief defendants.  None of these declarations, or the

26  facts therein, were made available to the Court during its consideration of the TRO or PI now

27  in place.  This is a last-ditch attempt to relitigate those orders on a new, untested record.

28  Turning to the merits, defendants' arguments fail to persuade.

3

1    *First*, the administrative harms described do not move the needle in favor of a stay. NSF,

2    for example, rehired its terminated probationers following the undersigned's TRO. Several

3    other agencies have rehired large swaths of terminated workers for myriad reasons. The

4    declarant for the USDA, for example, concedes that the agency "is already reinstating the

5    terminated probationary employees, pursuant to a 45-day March 5, 2025 Stay Order from the

6    Merit Systems Protection Board, which was requested by the Office of Special Counsel" (Dkt.

7    No. 127-6 at ¶4). It is unclear how the denial of a stay would thus harm USDA — though it

8    remains clear that granting the stay would put organizational plaintiffs at risk should there be

9    any failure of relief from the MSPB order. Nowhere do relief defendants claim that they are

10    uniquely incapable of rehiring recently terminated probationers, only that doing so would

11    require them to contact and onboard employees, get them equipment, assign them duties, and

12    so forth. Each "harm" stems from the unwinding of the unlawful act and the return to the

13    status quo.

14    *Second*, defendants' attempt to cast the probationers' return to work as *harmful to those*

15    *employees* is rejected. Each probationer remains free to refuse relief defendants' offer of

16    reinstatement.

17    *Third*, the evidence available at the time showed that the relief agencies wished to retain

18    their employees and terminated them only because OPM directed them to do so. Only two of

19    the six relief defendants (DOD and DOI) now claim that they conducted performance reviews

20    of their probationary employees prior to termination (Dkt. Nos. 127-1, 127-3).

21    *Fourth*, defendants' suggestion that the preliminary injunction "precludes the Office of

22    Personnel Management ('OPM') from giving further guidance to agencies on personnel

23    matters" is incorrect. The undersigned stated from the bench:

24        To repeat, this order holds that OPM and Acting Director Ezell
         have no authority whatsoever to direct, order, or require in any
25        way that any agency fire any employee.

26        Now, given the arguments and the facts in this case, namely, that
         defendants have attempted to recast these directives as mere
27        guidance, this order further prohibits defendants from giving
         guidance as to whether any employee should be terminated.

28

4

1    (Dkt. No. 120 at 52–53 (emphasis added)).  The meaning of the order is plain:  OPM cannot

2    direct another agency to fire an employee simply by dressing up the directive as guidance.  The

3    undersigned has not and cannot circumscribe OPM's lawful performance of statutorily

4    authorized functions, including issuing guidance that goes no further.

5        *Finally*, defendants point out that the undersigned himself "noted that appellate

6    consideration of the preliminary injunction would be appropriate" (Dkt. No. 127 at 3).  True.

7    All parties may appeal the grant (or denial) of an injunction as of right.  28 U.S.C.

8    § 1292(a)(1).  Defendants are requesting a stay.  The propriety of appellate review has little

9    bearing on the propriety of a stay.

10       Defendants' request is **DENIED**.

11

12       **IT IS SO ORDERED.**

13

14   Dated:  March 15, 2025.

15
                                                    _____
16                                                  WILLIAM ALSUP
                                                    UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California