Nos. 25-1677, 25-2637

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————————

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al.,

Plaintiffs-Appellees,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,

Defendants-Appellants.

———————————

On Appeal from the United States District Court
for the Northern District of California

———————————

## EXCERPTS OF RECORD
## VOLUME 3 of 3

———————————

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

PATRICK D. ROBBINS
  *Acting United States Attorney*

MARK R. FREEMAN
COURTNEY L. DIXON
CASEN B. ROSS
JOSHUA M. KOPPEL
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7270*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1923*

United States District Court
Northern District of California

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7
8                   NORTHERN DISTRICT OF CALIFORNIA
9
10   AMERICAN FEDERATION OF
     GOVERNMENT EMPLOYEES, AFL-CIO,
11   et al.,                                      No.  C 25-01780 WHA
12              Plaintiffs,
13        v.                                      **MEMORANDUM OPINION AND
                                                  ORDER AMENDING TRO**
14   UNITED STATES OFFICE OF
     PERSONNEL MANAGEMENT, et al.,
15
                Defendants.
16
     _____
17
18                          **STATEMENT**
19        On January 20, 2025, Acting Director of the Office of Personnel Management Charles
20   Ezell, defendant, issued a memo to department and agency heads directing them to identify all
21   employees serving probationary periods by January 24, and to "promptly determine whether
22   those employees should be retained at the agency."  Probationary employees are those who
23   have served less than one year in the competitive service or less than two in the excepted
24   service.
25        On February 13 OPM communicated with the heads of several federal agencies in a
26   private conference call.  Neither the participants nor the contents of that call are directly in the
27   record.
28

United States District Court
Northern District of California

The next day, OPM sent an email to federal agencies' chief human capital officers (and their deputies) stating:

> Over the past several days, agencies have worked to review, clean up, and finalize their lists of probationary employees they wish to keep, and wish to terminate, and begin taking action.
>
> We have asked that you separate probationary employees that you have not identified as mission-critical no later than end of the day Monday, 2/17. We have attached a template letter. The separation date should be as soon as possible that is consistent with applicable agency policies (including those in CBAs).

(Dkt. No. 37-1).

The large-scale termination of probationary employees from myriad federal agencies followed. Plaintiffs contend that those employees were terminated at the direction of OPM.

Dr. Andrew Frassetto, for example, was hired as a program director at the National Science Foundation on September 9, 2024 (Frassetto Decl. ¶3). Dr. Frassetto and over 100 other NSF employees were terminated *en masse* during a Zoom meeting on February 18 (*id.* ¶ 10; Evans Decl. ¶28). A time-stamped transcript of that meeting, generated by an automated closed captioning system, is attached to Dr. Frassetto's declaration (Exh. B). In response to inquiries by the terminated employees, NSF's chief management officer, Micah Cheatham, stated that "[w]e were directed last Friday [February 14] by OPM to terminate all probationers except for a minimal number of mission critical probationers" (*id.* at 18). Asked if NSF had attempted to negotiate with the administration to minimize the number of terminations, Cheatham responded: "There's no negotiation" (*id.* at 25).

In fact, when the NSF officials orchestrating the firings were confronted by the terminated probationers, they stated that "[u]p until Friday [February 14]. Yes. We were told by OPM it was the agency's discretion whether to remove probations or not. *We chose to retain them all*" (*id.* at 17). But "late Friday night," "[t]hey told us that they directed us to remove probationers" (*ibid.*). "[T]here was no limited discretion. *This is not a decision the agency made. This is a direction we received*" (*id.* at 12) (emphasis added).

Plaintiffs further allege that OPM ordered agencies to use template notices — supplied by OPM — to implement the ordered terminations, and that those templates falsely premised the *en masse* terminations on individual performance. The Department of Agriculture, National Science Foundation, Federal Aviation Administration, Department of Veterans Affairs, and Department of Health and Human Services each issued substantially similar letters (Bachelder Decl., Exh. 1; Evans Decl., Exh. B; Ronneberg Decl., Exh. 1; Schwarz Decl., Exh. A). Each stated that the recipient was fired because "[t]he Agency finds, *based on your performance*, that you have not demonstrated that your further employment at the Agency would be in the public interest" (*ibid*. (emphasis added)). The empty template provided to DOD by OPM likewise declares — despite empty "[NAME]" "[TITLE]" and "[ORGANIZATION]" fields — that "the Agency finds, based on your performance, that you have not demonstrated that your further employment at the agency would be in the public interest" (Schwarz Decl., Exh. D).

Dr. Frassetto is again illustrative. In a February 13 performance review — *five days* before he was terminated "based on [his] performance" — Dr. Frassetto's supervisor reported:

> [H]is role [is] mission critical. Dr. Frassetto has been an outstanding program director, and he has taken the lead role in overseeing this important and complicated portfolio for the division. Dr. Frassetto came to NSF with a unique skill set in interdisciplinary scientific research . . . . He has already demonstrated an outstanding ability to balance the various aspects of his job responsibilities and is highly effective at organizing and completing all his work in an accurate and timely manner.
>
> . . .
>
> Dr. Frassetto's work on this portfolio has been outstanding and he has brought important experience to the role and has demonstrated highly competent project management and oversight. He is a program director who has needed minimal supervision and eagerly seeks special assignments at higher levels of difficulty. He has been an outstanding contributor to the division, directorate, and agency.

(Frassetto Decl., Exh. A).

The NSF officials who fired Dr. Frassetto (and over 100 of his peers) via Zoom on February 18 stated: "The cause comes from boilerplate we received from OPM. The cause

says that the agency finds based on your performance that you have not demonstrated that your further employment at the agency would be in the public interest" (Frassetto Decl., Exh. B at 21).

On February 26, 2025, Civilian Personnel Policy Council members at the Department of Defense (DOD) stated by email: "In accordance with direction from OPM, beginning February 28, 2025, all DOD Components must terminate the employment of all individuals who are currently serving a probationary or trial period" (Schwarz Decl., Exh. C at 1).

Tracey Therit, chief human capital officer for the VA, testified under oath at a congressional hearing before the House Committee on Veterans Affairs on February 25:

> **RANKING MEMBER TAKANO**:  So nobody ordered you to carry out these terminations?·
>
> You did it on your own?
>
> **MS. THERIT**:  There was direction from the Office of Personnel Management.

(Walls Decl. (Reply), Exh. A at 8).

On February 14, a probationer terminated by the Foreign Agricultural Service asked USDA's deputy chief human capital officer by email about the "specific details of my performance that were evaluated and found to be insufficient" (Blake Suppl. Decl., Exh. A at 1).  The response:  "[A]gencies were directed to begin providing termination notices . . . and directed [*sic*] the use of a specific template and language for the notice beginning immediately upon OPM notification" (*id*. at 2).

In a "town hall" for IRS employees on February 21, the IRS's chief human capital officer (CHCO) stated:

> I'm not sure why it's happening . . . .  Regarding the removal of the probationary employees, again, that was something that was directed from OPM.  And even the letters that your colleagues received yesterday that written by OPM, put forth through Treasury, and given to us . . . .  I cannot explain to you why this has happened.  I've never seen OPM direct people at any agency to terminate.

1    (Lezra Decl., Exh. A at 4–5).

2         The IRS had to "get permission" to make even minor alterations to the template OPM

3    termination letter:

4              There was a modification because we created our own email box
               for employees to send questions to HR directly after they separate.
5              We felt it was important to have an avenue of communication open
               for them if they had questions about their final paycheck, or
6              benefits, or leave payouts.  So we did get permission to add that
               email in there.
7

8    (*id*. at 4–5).  The IRS CHCO continued:

9              And our actions are being watched by OPM.  So that's, again,
               something else that's unprecedented. . . . Everything we do is
10             scrutinized.  Everything is being looked at twice.  Any changes
               that are made in our system that show any type of action that has
11             been deemed impermissible, we have to respond to why it
               happened.
12

13   (*id*. at 3–4).

14        A termination letter received by a probationer at the Bonneville Power Administration

15   (within the Department of Energy) stated:  "*Per OPM instructions*, DOE finds that your further

16   employment would not be in the public interest.  For this reason, you are being removed from

17   your position with DOE and the federal civil service effective today" (Schwarz Decl., Exh. B

18   at 10 (emphasis added)).

19        As many as 200,000 probationary federal employees are at risk of termination (Br. at 19).

20   Those already terminated rank somewhere in the tens of thousands (*ibid*.).  OPM and the

21   federal agencies involved have not disclosed the number or identity of those terminated (even

22   to their unions) (*ibid*.).

23        The ongoing, *en masse* termination of probationary employees across the federal

24   government's agencies has sown significant chaos.  By way of example, Major General (Ret.)

25   Paul Eaton states that the termination of over 1,000 employees across the VA has crippled the

26   agency's administration of the Veterans Crisis Line (Eaton Decl. ¶¶ 8–9).  When functioning

27   as intended, the VCL offers our veterans, who suffer from high rates of post-traumatic stress

28   disorder and suicide, 24/7 mental health care in moments of crisis (*ibid*).  Don Neubacher,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    formerly the Superintendent at Yosemite National Park, states that the ongoing firing of

2    National Park System probationers will inflict immediate, foreseeable harm onto our national

3    parks and the habitats and animals therein (Neubacher Decl.).  The Western Watershed Project,

4    meanwhile, has already had its ecological mission frustrated, as terminations at BLM have

5    rendered that agency unable to respond to the Project's FOIA requests (Molvar Decl. ¶ 7).

6                          *                *                *

7        Plaintiffs in this action fall into two groups.  *First*, the union plaintiffs:  American

8    Federation of Government Employees, AFL-CIO (AFGE); American Federation of

9    Government Employees Local 1216; American Federation of Government Employees Local

10   2110; American Federation of State County and Municipal Employees, AFL-CIO; and United

11   Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO.

12   *Second*, the organizational plaintiffs:  Main Street Alliance, Coalition to Protect America's

13   National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., and Common

14   Defense Civic Engagement.

15       Plaintiffs filed a complaint for declaratory and injunctive relief on February 19, 2025

16   (Dkt. No. 1).  Four days later, on February 23, they filed an amended complaint and moved for

17   a temporary restraining order (Dkt. Nos. 17, 18).

18       *First*, plaintiffs argue that OPM directed federal agencies to fire probationary employees,

19   and that the action was an *ultra vires* act because it exceeded the scope of OPM's statutory

20   authority, intruded upon the statutory authority of the individual federal agencies and their

21   heads, violated the Civil Service Reform Act's (CSRA) provisions governing agency

22   terminations based on performance and reductions in force (RIFs), and violated the General

23   Authority to Employ enacted by Congress (Dkt. No. 17 at 25–26).  *Second*, plaintiffs argue that

24   the OPM directive to terminate probationary employees constituted a final agency action that

25   violated the APA because it exceeded the agency's statutory or constitutional authority, was

26   otherwise unlawful, was arbitrary and capricious, and did not undergo the necessary notice and

27   comment process (*id*. at 26–30).

28

Plaintiffs' motion for a TRO seeks an order enjoining defendants from taking any actions to effectuate OPM's probationary employee termination directive.

## ANALYSIS

The standard for a temporary restraining order is the same as that for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, that [2] he is likely to suffer irreparable harm in the absence of preliminary relief, that [3] the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### 1.    LIKELIHOOD OF SUCCESS ON THE MERITS.

#### A.    PLAINTIFFS' ULTRA VIRES CLAIM.

Plaintiffs argue that OPM's termination directive constituted an *ultra vires* act that violated, and — unless recalled — continues to violate the scope of its and all impacted agencies' statutory authority as established by Congress.

"The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015). "Equitable actions to enjoin *ultra vires* official conduct do not depend upon the availability of a statutory cause of action; instead, they seek a 'judge-made remedy' for injuries stemming from unauthorized government conduct, and they rest on the historic availability of equitable review." *Sierra Club v. Trump*, 963 F.3d 874, 890–91 (9th Cir. 2020) (citing *Armstrong*, 575 U.S. at 327), *vacated and remanded on other grounds (mootness)*, 142 S. Ct. 46 (2021).

Plaintiffs are likely to succeed on their *ultra vires* claim. No statute — anywhere, ever — has granted OPM the authority to direct the termination of employees in other agencies. "Administrative agencies [like OPM] are creatures of statute. They accordingly possess only the authority that Congress has provided." *Nat'l Fed'n of Indep. Bus. v. Dep't of Lab.*, 595

United States District Court
Northern District of California

1   U.S. 109, 117 (2022). Congress's statutory scheme grants to each agency head the authority to

2   manage their own affairs, including the hiring and firing of employees. 5 U.S.C. § 3101

3   ("Each Executive agency, military department, and the government of the District of Columbia

4   may employ such number of employees of the various classes recognized by chapter 51 of this

5   title as Congress may appropriate for from year to year."); 5 U.S.C. § 301 ("The head of an

6   Executive department or military department may prescribe regulations for the government of

7   his department, the conduct of its employees . . . ."); *see also, e.g.,* 38 U.S.C. §§ 303, 510

8   (VA); 10 U.S.C. § 113 (DOD).

9       The same is true of OPM. Congress has vested its director with the authority to "secur[e]

10  accuracy, uniformity, and justice in the functions of the Office," "appoint[] individuals to be

11  employed by the Office, and "direct[] and supervis[e] employees of the Office." 5 U.S.C. §

12  1103(a)(1)–(3). But that's it. OPM did not have the authority to direct the firing of employees,

13  probationary or otherwise, in any *other* federal agency.

14      OPM concedes that it lacks the authority to direct firings outside of its own walls and

15  argues, instead, that it "did not direct agencies to terminate any particular probationary

16  employees based on performance or misconduct, and did not create a 'mass termination

17  program'" — it merely "asked agencies to engage in a focused review of probationers based on

18  how their performance was advancing the agencies' mission, and allowed them at all times to

19  exclude whomever they wanted" (Ezell Decl. ¶ 7). OPM's factual contention rests entirely on

20  the Ezell Declaration.

21      Plaintiffs, meanwhile, have mustered a mountain of evidence that points in the other

22  direction, from a broad range of federal agencies: "In accordance with *direction* from OPM . .

23  . all DOD Components must terminate the employment of all individuals who are currently

24  serving a probationary or trial period" (DOD), "[t]here was *direction* from the Office of

25  Personnel Management" (VA), "agencies were *directed* to begin providing termination notices

26  . . . immediately upon OPM notification" (USDA), "that was something that was *directed* from

27  OPM" (IRS), "[w]e were *directed* last Friday by OPM" (NSF), "[t]hey told us that they

28  *directed* us to remove probationers" (NSF) (emphases added). A full accounting is above. The

United States District Court
Northern District of California

United States District Court
Northern District of California

1    weight of the evidence supports plaintiffs' contention that OPM exceeded the bounds of its

2    authority by unlawfully directing the mass termination of probationary employees across a

3    wide range of federal agencies.

4        OPM's Article II argument likewise rests on the factual contention that OPM's actions

5    constituted mere "guidance," and is rejected on the facts (Opp. at 26). Article II, moreover, is

6    irrelevant here. Congress's statutory scheme *created* the agency, *vested the agency with*

7    *authority*, and *defined the bounds of that authority*. It is an OPM action that is being

8    challenged and, as explained above, the evidence supports the contention that OPM's direction

9    to other agencies fell outside its limited statutory authority.

10                **B.    PLAINTIFFS' APA CLAIMS.**

11        Plaintiffs have also shown that their APA claims are likely to succeed.

12        Under the APA, only "final agency action[s]" — those that "mark the consummation of

13    the agency's decisionmaking process" and determine "rights or obligations . . . from which

14    legal consequences will flow" are subject to judicial review. *Bennett v. Spear*, 520 U.S. 154,

15    177–78 (1997) (cleaned up) (citing 5 U.S.C. § 704). OPM's direction to the other agencies

16    constituted a final agency action for the purposes of the APA. Plaintiffs have marshalled

17    significant evidence from numerous agencies stating that they were acting at the direction of

18    OPM.

19        As explained above, OPM's direction to other agencies was not supported by any

20    statutory authority. Plaintiffs are therefore likely to show that OPM's directive constituted an

21    agency action that was "in excess of statutory jurisdiction, authority, or limitations, or short of

22    statutory right" that must be "[held] unlawful and set aside." 5 U.S.C. § 706(2)(C).

23        Plaintiffs are also likely to show that the OPM directive was an arbitrary and capricious

24    action. *Id.* § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is

25    narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle*

26    *Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

27    "Nevertheless, the agency must examine the relevant data and articulate a satisfactory

28    explanation for its action including a 'rational connection between the facts found and the

choice made.'" *Ibid*. (quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)). The key fact here is that the template letters sent from OPM to the directed agencies stated: "[T]he Agency finds, *based on your performance*, that you have not demonstrated that your further employment at the Agency would be in the public interest" (Schwarz Decl., Exh. D). *First*, it is unlikely, if not impossible, that the agencies themselves had the time to conduct *actual* performance reviews of the thousands terminated in such a short span of time (Archuleta Decl. ¶ 14). It is even less plausible that *OPM alone* managed to do so. In at least one instance, a terminated scientist had received a glowing review — "[h]e has been an outstanding contributor to the division, directorate, and agency" — five days before he was terminated "for [his] performance" (Frassetto Decl., Exh. A at 1; Exh. C at 1). "Reliance on facts that an agency knows are false at the time it relies on them is the essence of arbitrary and capricious decisionmaking." *Missouri Serv. Comm'n v. Fed. Energy Regul. Comm'n*, 337 F.3d 1066, 1075 (D.C. Cir. 2003).

Lastly, plaintiffs are likely to show that OPM failed to comply with notice and comment rulemaking. "'Rule' means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . . ." 5 U.S.C. § 551(4). Rules are subject to the notice and comment process prior to enactment. 5 U.S.C. § 553. OPM's January 20 memo and February 14 email are likely to constitute a "rule" under the APA (*see, e.g.,* Dkt. No. 37-1 at 2) ("OPM believes 'qualifications for continued employment' in the current context means that only the highest-performing probationers in mission-critical areas should be retained."). It is beyond cavil that they did not go through notice and comment rulemaking.

OPM's counters on this point rely on the jurisdictional "channeling" of the organizational plaintiffs or the factual contention that OPM did not issue a directive and are rejected on those grounds.

United States District Court
Northern District of California

C.    SUBJECT-MATTER JURISDICTION.

*First*, it is likely that the undersigned lacks jurisdiction to hear the union plaintiffs' claims for the reasons stated in recent denials of similar claims made by unions representing federal employees. *See, e.g.*, *Nat'l Treasury Emps. Union v. Trump*, No. 25-CV-420 (CRC), 2025 WL 561080, at *5–8 (D.D.C. Feb. 20, 2025) (Judge Christopher Cooper) (denying TRO); *Am. Foreign Serv. Ass'n, Inc. v. Donald Trump*, No. 1:25-CV-352 (CJN), 2025 WL 573762, at *8–11 (D.D.C. Feb. 21, 2025) (Judge Carl Nichols) (dissolving TRO); *Am. Fed'n of Gov't Emps. v. Ezell*, No. CV 25-10276-GAO, 2025 WL 470459, at *2 (D. Mass. Feb. 12, 2025) (Judge George O'Toole, Jr.) (dissolving TRO).

"Congress may preclude district court jurisdiction by establishing an alternative statutory scheme for administrative and judicial review." *Am. Fed'n of Gov't Emps. v. Trump*, 929 F.3d 748, 755 (D.C. Cir. 2019). Congress set forth such statutory schemes by way of the Federal Service Labor-Management Relations Statute (FSLMRS) and the CSRA. The relevant statutory background has been summarized in *National Treasury*:

> The Federal Service Labor-Management Relations Statute ("the Statute" or "FSLMRS"), set forth in Title VII of the Civil Service Reform Act ("CSRA"), governs labor relations between the executive branch and its employees. It grants federal employees the right to organize and bargain collectively, and it requires that unions and federal agencies negotiate in good faith over certain matters. The Statute further establishes a scheme of administrative and judicial review. Under that scheme, the Federal Labor Relations Authority ("FLRA"), a three-member agency charged with adjudicating federal labor disputes, reviews matters including negotiability and unfair labor practice disputes. When reviewing unfair labor practice complaints, the FLRA resolves whether an agency must bargain over a subject, violated the duty to bargain in good faith, or otherwise failed to comply with the Statute.
>
> Direct review of the FLRA's decisions is available in the courts of appeals. 5 U.S.C. § 7123(a).
>
> . . .
>
> Separately, the CSRA also established a comprehensive system for reviewing personnel action taken against federal employees. If an agency takes a final adverse action against an employee — removal, suspension for more than 14 days, reduction in grade or pay, or furlough for 30 days or less — the employee may appeal to the Merit Systems Protection Board ("MSPB"). The MSPB may order relief to prevailing employees, including reinstatement,

11

United States District Court
Northern District of California

> backpay, and attorney's fees.  Probationary employees, however, generally do not enjoy a right to appeal to the MSPB.  Employees may appeal final MSPB decisions to the Federal Circuit, which has exclusive jurisdiction over such appeals.  This statutory review scheme, too, is exclusive, even for employees who bring constitutional challenges to federal statutes.

*Nat'l Treasury*, 2025 WL 561080, at *4–5 (cleaned up).

Under *Thunder Basin Coal Co. v. Reich*, a claim may fall outside of the scope of a special statutory scheme where "a finding of preclusion could foreclose all meaningful judicial review," the claims considered are "wholly 'collateral'" to a statute's review provisions, or the claims are "outside the agency's expertise."  510 U.S. 200, 212–13 (1994).  "These considerations do not form three distinct inputs into a strict mathematical formula.  Rather, they serve as general guideposts useful for channeling the inquiry into whether the particular claims at issue fall outside an overarching congressional design."  *Trump*, 929 F.3d at 755 (cleaned up).

The union plaintiffs' attempts to distinguish their instant claims from those channeled to the FLRA and MSPB in *National Treasury*, *American Foreign Service*, and *Ezell* are unconvincing, and the analysis laid out in those decisions applies with equal force here:  The union plaintiffs and their members must adjudicate their claims through the FLRA and MSPB.  The union plaintiffs' claims "are the vehicle by which they seek to reverse the removal decisions, to return [members] to federal employment, and to [collect] the compensation they would have earned but for the adverse employment action."  *Elgin v. Dep't of Treasury*, 567 U.S. 1, 22 (2012); *Heckler v. Ringer*, 466 U.S. 602, 614 (1984).  That the FLRA or MSPB may lack the authority to adjudicate the union plaintiffs' constitutional and APA claims does not constitute a foreclosure on all meaningful judicial review:  Those issues can be "'meaningfully addressed in the Court of Appeals' that Congress [has] authorized to conduct judicial review."  *Elgin*, 567 U.S. at 17 (quoting *Thunder Basin*, 510 U.S. at 215).  Both schemes "provide[] review in . . . an Article III court fully competent to adjudicate [plaintiffs'] claims."  *Ibid*.

*Second*, OPM argues that the CSRA and FSLMRS intended to channel *all* disputes that touch on a federal employment relationship to administrative review, *no matter the party*

*bringing such a dispute*.  But a claim brought by Western Watersheds Project (WWP), for example, against OPM, alleging that the latter issued an unlawful, arbitrary and capricious rule that undermined the BLM's ability to respond to WWP's FOIA requests, does not feature a federal employee, their union representative, or their federal employer (in this example BLM). The plaintiff's injury — frustration of its ecological mission — is equally ill-suited to adjudication by a *labor* board.  True, the termination of a federal employee remains embedded within the dispute:  WWP's injury, it argues, occurred *because* OPM demanded, unlawfully, that the probationary employees at BLM be terminated.  That, standing alone, is not enough to bring a claim within the scope of the statutory schemes created for the resolution of bargaining disputes and employee claims.  Asked to provide a single example of a claim brought by a third party, against a third party, that had been administratively channeled via *Thunder Basin*, OPM could not.  Such a rule would stretch that doctrine too far.

In sum, it is unlikely that this Court has jurisdiction over the union plaintiffs, but it likely does have jurisdiction to hear the claims of the organizational plaintiffs.  This order moves to consider whether the latter group has standing.

### D.    STANDING.

The Supreme Court has set the bar for standing as follows:

> [T]he irreducible constitutional minimum of standing contains three elements.  *First*, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  *Second*, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court.  *Third*, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up; emphases added).  Where plaintiff seeks prospective injunctive relief, he "must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Fellowship of Christian Athletes v. San Jose*

*Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680–81 (9th Cir. 2023) (en banc) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc)). "[I]n an injunctive case this court need not address standing of each plaintiff if it concludes that one plaintiff has standing." *Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 523 (9th Cir. 2009). Given the nature of this action and the injunction requested, however, it is necessary that standing be evaluated as to each organizational plaintiff.

"An organization has standing to bring suit on behalf of its members ["representational standing"] if '(1) at least one of its members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Fellowship of Christian Athletes*, 82 F.4th at 681 (quoting *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1105–06 (9th Cir. 2006)).

An organization has direct organizational standing, meanwhile, "where it establishes that the defendant's behavior has frustrated its mission and caused it to divert resources in response to that frustration of purpose." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 663 (9th Cir. 2021). "Of course, organizations cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all, but they can show they would have suffered some other injury had they not diverted resources to counteracting the problem." *Ibid.* (internal quotation marks omitted); *see also FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 384–86 (2024). At bottom, the test is whether an organization's ability to perform the services they were formed to provide has been "perceptibly impaired" by the challenged action. *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 765 (9th Cir. 2018) (cleaned up).

### (i)    The Coalition to Protect America's National Parks (The Coalition) and Main Street Alliance (MSA).

"Aesthetic and environmental well-being, like economic well-being, are important ingredients of the quality of life in our society, and the fact that particular environmental interests are shared by the many rather than the few does not make them less deserving of legal

14

protection through the judicial process." *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972). In *Desert Citizens Against Pollution v. Bisson*, for example, BLM sought to exchange 1,745 acres of federal land in Imperial County for a 2,642-acre parcel in the Santa Rosa and Little Chuckwalla Mountains owned by Gold Fields, a mining company. 231 F.3d 1172, 1175 (9th Cir. 2000). Gold Fields aimed to turn the Imperial County tract into a landfill; the members of Desert Citizens aimed to save it from that grim fate via an APA action. *Ibid*. Our court of appeals held that the members' continued use of the federal lands established an injury in fact: "The recreational or aesthetic enjoyment of federal lands is a legally protected interest whose impairment constitutes an actual, particularized harm sufficient to create an injury in fact for purposes of standing." *Id*. at 1176 (citing *Sierra Club*, 405 U.S. at 734).

The National Park Service has terminated close to 1,000 newly hired employees (Neubacher Decl., Exh. A). Coalition board member Don Neubacher, the former Superintendent at Yosemite National Park (2010–2016) and Point Reyes National Seashore (1995–2010) submitted a declaration stating:

> The Coalition to Protect America's National Parks ("Coalition") is a non-profit organization made up of over 3,400 members, all of whom are current, former, and retired employees and volunteers of the National Park Service. Together, they have accumulated over 50,000 years of experience caring for America's most valuable natural and cultural resources. . . . *Our members and their families are regular and avid users of the National Park System who would be adversely affected by any degradation of the parks or the programs of the NPS to preserve and protect the parks and make them available to visitors. Based on my experience as a park Superintendent, the termination of so many NPS employees at once will have an immediate adverse impact on the parks and park visitors.* For example, at Yosemite, the park will likely have to stop specific functions and close park areas. There is no way to accommodate current visitation levels without additional staff support during the upcoming peak season. When there was a partial government shutdown in 2018, visitors trashed scenic viewpoints, defecated outside locked restrooms and trampled sensitive ecological areas with their vehicles and dogs. The park receives annual visitation of over 4 million people.

(Neubacher Decl. ¶¶ 2–5 (emphasis added)). In a separate declaration, Jonathan B. Jarvis, the former Director of the National Parks Service, underscores the immediacy and scope of the harm to park operations, environmental protection, and natural resource monitoring (Dkt. No.

United States District Court
Northern District of California

18-11). Some of the likely, imminent harms laid out above have already come to pass. A member of the Coalition reported this week that they and their party were forced to abandon a trip to Joshua Tree National Park because the Black Rock Nature Center, which ordinarily provides shelter and commodes to the public, remained unstaffed and closed well after its scheduled opening time (Neubacher Suppl. Decl. ¶ 4).

The Coalition has standing. Its members' continued use and enjoyment of our national parks will likely be, and in at least one case already has been, injured by the terminations that have taken place at the National Parks Service.

Main Street Alliance likewise has representational standing. MSA is a "national network of small businesses, with approximately 30,000 members throughout the United States. MSA helps small business owners realize their full potential as leaders . . . with the aim of creating an economy where all small business owners have an equal opportunity to succeed" (Phetteplace Decl. ¶¶ 2–3). "MSA's small business members rely on the U.S. Small Business Administration ('SBA') for a variety of valuable services that help small businesses succeed. These services include loans, loan guarantees, and grants; disaster relief; assistance in connecting small businesses with government contracting opportunities; and a national network of some 1,000 Small Business Development centers that provide counseling and training to help entrepreneurs start their own businesses" (*id*. ¶ 4). A February 20 letter from the Ranking Member of the Senate Committee on Small Business and Entrepreneurship to the Administrator of the SBA cited reporting that hundreds of probationary SBA employees had been terminated across the country and stated that "through our own investigation and public reporting, we have learned that the fired employees included those supporting disaster assistance and oversight of loan programs" (*id*. Exh. A). MSA asserts that the mass terminations at the SBA are likely to impair disaster relief, the provision of loan guarantees, and other services necessary for MSA's members to open a business or stay float (*id*. ¶ 9). Some members who already have entered into contracts with the expectation of obtaining timely loan guarantees "are likely to be on the hook for expenses owed to contractors and suppliers without the ability to pay amounts owed" (*id*. ¶ 8).

16

*(ii)* **The Western Watersheds Project (the Project).**

In *Havens Realty Corp. v. Coleman*, an organization "whose purpose was to make equal opportunity in housing a reality in the Richmond Metropolitan Area," HOME, brought a Fair Housing Act claim against Havens Realty, which owned and operated apartment complexes in Richmond.  455 U.S. 363, 368 (1982) (internal quotation marks omitted).  HOME asserted that Havens Realty's unlawful "racial steering" — providing false information regarding the availability of housing to black individuals to maintain a segregated property — had frustrated its mission and, critically, its housing counseling service.  *Id*. at 367, 369.  The Supreme Court rejected Haven Realty's standing challenge, holding:

> If, as broadly alleged, petitioners' steering practices have perceptibly impaired HOME's ability to provide counseling and referral services for low-and moderate-income homeseekers, there can be no question that the organization has suffered injury in fact. Such concrete and demonstrable injury to the organization's activities — with the consequent drain on the organization's resources — constitutes far more than simply a setback to the organization's abstract social interests.

*Id*. at 379 (citing *Sierra Club*, 405 U.S. at 739).

The Project has standing to challenge OPM's directive to fire probationary employees at BLM and the U.S. Fish and Wildlife Service.  Erik Molvar, a wildlife biologist formerly employed by the U.S. Forest Service and Army Corps of Engineers, and now the Project's Executive Director, states that it "is a non-profit environmental conservation group that works to influence and improve public lands management" (Molvar Decl. ¶¶ 3–4).  Founded in 1993, the group has some 14,000 members, with field offices in Idaho, Montana, Wyoming, Arizona, Nevada, and Oregon.  The group is primarily focused on "the negative impacts of livestock grazing" (*ibid.*).  The group is also an active litigant in the federal courts, where it advocates against commercial grazing on public lands.  *See, e.g., W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011); *W. Watersheds Project v. Abbey*, 719 F.3d 1035 (9th Cir. 2013); *W. Watersheds Project v. Interior Bd. of Land Appeals*, 62 F.4th 1293 (10th Cir. 2023); *W. Watersheds Project v. U.S. Forest Serv.*, 603 F. App'x 612 (9th Cir. 2015) (mem.).

United States District Court
Northern District of California

*First*, the Project has shown *actual* harm, namely that its ecological mission has been perceptibly impaired by the termination of employees at the BLM:

> This mass termination of employees will have an immediate adverse effect on the ability of the [Project] to accomplish its mission.
>
> For example, I was told by a federal employee on February 20, 2025, that because of staffing issues the Bureau of Land Management is unable to respond to a Freedom of Information Act request submitted by the [Project].  Our work depends on timely access to public records.

(Molvar Decl. ¶¶ 7–8).  The termination of range managers and biologists, meanwhile, will diminish BLM's ability to provide timely "land health assessments to monitor the impact of cattle and sheep grazing on public lands," further undercutting the Project's ability to pursue its stated goals (*id*. ¶ 8).

*Second,* the Project has shown harm to both its members' protected interests in and its own efforts to advocate on behalf of endangered species.  The Project is a party in an ongoing litigation in the District of Montana (Molvar Suppl. Decl. ¶ 3).  *Ctr. for Biological Diversity v. Haaland,* No. 23-cv-02-BU-DLC (D. Mont.) (Judge Dana Christensen).  There, the Project (and its co-plaintiffs) challenged a 2020 finding from the FWS concerning the Missouri River Distinct Population Segment of Arctic grayling, a freshwater fish with precious little habitat left, under the Endangered Species Act (Molvar Suppl. Decl. ¶ 3).  Following a partial grant of summary judgment in the plaintiffs' favor, Judge Christensen ordered FWS to make a new finding regarding the status of the upper Missouri River Basin Distinct Population Segment of Arctic grayling by August 2025.  *Haaland*, No. 23-cv-02-BU-DLC, Dkt. No. 52 at 53.  On February 12 the FWS sought and received an extension of that deadline to February 2027 (Molvar Suppl. Decl. at ¶ 3).  In a declaration to Judge Christensen, the FWS conditioned their ability to meet that new deadline on the "assumption[]" that "the Service will continue to have the authority to hire and retain sufficient listing program staff to be able to carry out the specified commitments."  *Haaland*, No. 23-cv-02-BU-DLC, Dkt. No. 63-1 ¶ 15.  The Project

represents that, as of February 26, some 400 FWS employees have been terminated (Molvar Suppl. Decl. ¶ 3).

Executive Director Molvar, himself a member of the Project, frequently fishes for Arctic grayling in the lakes of the Sapphire Mountains, in Glacier National Park, and in Alaska (*id*. at ¶ 9). He plans to do so again during a planned July 2025 trip to Alaska (*ibid*.). Under *Sierra Club* and its progeny, therefore, the Project has standing to vindicate its members' legally protected interest in the recreational enjoyment of federal lands and the flora and fauna therein.

### (iii)    Vote Vets Action Fund Inc. (VoteVets) and Common Defense Civic Engagement (Common Defense).

In *Fellowship of Christian Athletes*, an international student ministry challenged the defendant school district's decision to bar its local chapter from formal "recognition" as a student-run organization by the Associated Student Body (ASB). 82 F.4th at 681. The FCA stated it was an international "ministry group formed for student athletes to engage in various activities through their shared Christian faith" that operates through more than 7,000 local chapters. *Id*. at 671–72. Their stated mission was to equip "student athletes from all backgrounds for fellowship, spiritual growth, and service on their campuses." *Ibid*. FCA required that students serving in a leadership capacity affirm certain religious beliefs through a "Statement of Faith" (stating, among other things, that "marriage is exclusively the union of one man and one woman") and a "Sexual Purity Statement." *Id*. at 672–73. The defendant school district, citing the "discriminatory nature" of both statements, first stripped the club of its recognition as an official student club, and then imposed new "non-discriminatory criteria" for all student clubs, under which the local FCA chapter would be denied recognition in future years. *Id*. at 675, 678–79. While FCA's local chapter remained on campus, it lost out on certain campus privileges. *See id*. at 673.

Our court of appeals, sitting en banc, held that the FCA's national office had direct organizational standing because the local chapter's exclusion from the benefits associated with ASB recognition — access to fundraisers, the student yearbook, priority access to meeting spaces, and so on — "undoubtedly hampered," *id*. at 683, the FCA's mission "to lead every

United States District Court
Northern District of California

coach and athlete into a growing relationship with Jesus Christ and His church," *id*. at

672.  The FCA's national office moreover, "had to 'divert[] resources' in 'counteracting the

problem' posed by the derecognition," including "a huge amount of staff time, energy, effort,

and prayer that would normally have been devoted to preparing for school or ministry." *Ibid*.

Plaintiff VoteVets has standing.  VoteVets is a "non-partisan, non-profit organization"

that has "nearly 2 million supporters . . . with whom it regularly communicates about issues

affecting veterans, including the operations, programs, and services available through the U.S.

Department of Veterans Affairs" (Eaton Decl. ¶3).  The VA has "dismissed over 1,000

probationary employees," "rais[ing] concerns about potential staffing shortages and the quality

of care provided to veterans" (*id*. ¶ 8).  For example, "the layoffs have hindered the recruitment

of essential support staff for VCL positions such as trainers and quality assurance personnel"

(*id*. ¶ 9).  This shortage "has overwhelmed existing supervisors and affected the VCL's ability

to provide timely assistance to veterans in crisis."  Major General Eaton attests that:

> The February 2025 probationary terminations have had a
> significant impact on the organizational activities of VoteVets.
> The time of VoteVets' staff and consultants has been diverted from
> VoteVets' regular activities to field and respond to inquiries from
> veterans and their families and to connect them with case workers
> in congressional offices.  This has taken almost all of our resources
> since the probationary terminations began, and has prevented us
> from performing our regular activities to meet the needs of
> veterans and their families.

(*id*. ¶ 11).  VoteVets' members' access to services critical to the organization's mission has

been hampered, and VoteVets itself has been forced to divert "almost all of [their] resources"

in "counteracting the problem," depriving the organization of its ability to continue to provide

services to its members (*ibid.*).

Plaintiff Common Defense likewise has standing.  Common Defense is a "grassroots

membership organization of progressive veterans, military families, and civilian supporters"

(Arbulu Decl. ¶ 2).  With approximately 33,187 members in California (about 2,000 of them

veterans), Common Defense "mobilize[s] veterans to support and advocate for policies that

help veterans, military families, and all working families," offers training and helps members

United States District Court
Northern District of California

begin issue campaigns, and otherwise engages in legislative and political advocacy (*id*. ¶¶ 3–5, 11). Military veterans compose a large percentage of federal employees, and widespread termination — particularly at the VA and DOD — have had a disproportionate impact on persons whom Common Defense typically serves:

> As a result of these developments, Common Defense has had to devote considerable resources to responding to requests from our members and providing guidance about the mass probationary terminations. Many members believe that the termination of their employment may be imminent, and understandably have asked questions — by email, by phone, and on our members' slack channel — about what the letter means for their rights as employees Responding to members questions, and working to determine what answers we can give to those members, diverts resources from Common Defense's advocacy mission and core priorities, including working to expand ballot access at the state level, advancing initiatives to address climate change, and training and educating members.

(*id*. ¶ 6). Common Defense, like VoteVets, has diverted considerable resources otherwise intended for the pursuit of its advocacy mission to the problems presented to its members, and its mission, by mass terminations, particularly at the VA and DOD.

*          *          *

*First*, OPM counters that plaintiffs fail on causation: There was no direction, merely a request; that request was carried out by some agencies; it was those agencies' independent, intervening actions that are the proximate cause of plaintiffs' alleged harm. This argument rests on OPM's broader factual position that its memos and other communications to agencies regarding probationary employees constituted mere guidance, not direction. But plaintiffs have assembled a mountain of evidence supporting their more concise causal chain: OPM directed mass firings and plaintiffs each likely will be (or have been) injured as a result. Plaintiffs have each established a sufficient causal link between the mass termination of employees at the implicated agencies, and the imminent, foreseeable, and in some cases actual injuries that they face.

United States District Court
Northern District of California

Next, OPM argues redressability:

> They ask the Court to order agencies to rescind probationary
> removals and reinstate removed employees.  But, apart from OPM,
> no other federal agency is a party here, leaving the Court without
> the power to order those agencies to take any action.  Thus,
> Plaintiffs cannot show that an order of this Court would likely
> grant their requested relief, rendering their claimed injuries non-
> redressable here.

(Dkt. No. 33 at 13).  Plaintiffs fairly allege that they have been harmed by OPM's *direction* to other agencies to fire their probationary employees.  Declaratory and injunctive relief enjoining OPM from issuing such a directive — one request among many made by plaintiffs — will likely redress their alleged injuries.

### 2.  IRREPARABLE HARM.

"[P]laintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  They have done so here.

"[T]he Supreme Court has instructed us that '[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.,* irreparable.'"  *Ibid.* (alterations in original) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 1004 (9th Cir. 2008) (en banc)).  Relatedly, "deprivation of a source of personal satisfaction and tremendous joy can constitute an irreparable injury."  *Ft. Funston Dog Walkers v. Babbitt*, 96 F. Supp. 2d 1021, 1039 (N.D. Cal. 2000) (citing *Chalk v. U.S. Dist. Ct.*, 840 F.2d 701, 709 (9th Cir. 1988)).  That is true as to loss of access to national recreational areas.  *Ibid.*  The partial closure and degradation of national parks constitutes likely, irreparable harm due to both environmental injury and loss of access  (*see* Neubacher Decl. ¶¶ 2–5).   In at least one instance, a closure at Joshua Tree has resulted in actual harm (*see* Neubacher Suppl. Decl. ¶ 4).  And the Arctic grayling, if it goes, is not coming back (*see* Molvar Suppl. Decl. ¶ 3–9).  The Coalition and the Project have established irreparable harm.

Loss of access to essential government services also constitutes likely, and in some cases actual, irreparable harm.  For example, the Veterans Crisis Line — an indispensable resource for our veterans in times of crisis — has been "overwhelmed" and its ability to provide care

22

United States District Court
Northern District of California

United States District Court
Northern District of California

1  diminished for lack of staff (Eaton Decl. ¶ 9).  Loss of access to that critical resource, standing

2  alone, constitutes irreparable harm to VoteVets' members.  Its failure to meet the needs of our

3  veterans presents the further likelihood of tragic results.  MSA's members' access to crucial

4  SBA services, including the provision of loan guarantees, is likely to be diminished

5  (Phetteplace Decl. ¶¶ 5–9), and the Western Watersheds Project's access to FOIA production

6  already has been impacted (Molvar Decl. ¶¶ 7–8).

7  Finally, plaintiffs face irreparable harm because they have diverted significant or even all

8  present resources to responding to the hardships created by the mass termination of

9  probationary employees (*see, e.g.*, Arbulu Decl. ¶ 6; Eaton Decl. ¶ 11).

10  MSA, the Coalition, the Project, VoteVets, and Common Defense have each established

11  irreparable injury.

12  OPM's rebuttals, tailored largely to the union plaintiffs, are moot (Dkt. No. 33 at 10).

13  OPM's assertion, meanwhile, that "[p]laintiffs have produced no credible evidence that

14  terminations of federal employees have caused a disruption in critical government services"

15  (*ibid.*) is refuted by the record, discussed at length in this memorandum's consideration of

16  standing.

17  **3.**   **THE BALANCE OF THE EQUITIES AND THE PUBLIC INTEREST.**

18  Because OPM is a party in this action, the balance of the equities and the public interest

19  merge.  *See Nken v. Holder,* 556 U.S. 418, 435 (2009).  Here, they strongly favor plaintiff.

20  "The preservation of the rights in the Constitution and the legality of the process by which

21  government agencies function certainly weighs heavily in the public interest."  *Nat'l Treasury*

22  *Emps. Union v. U.S. Dep't of Treasury*, 838 F. Supp. 631, 640 (D.D.C. 1993) (Judge Harold

23  Greene).  Plaintiffs have presented real harms, detailed above, to their organizations, their

24  members, and their missions, while OPM has not provided a substantive opposition (Dkt. No.

25  33 at 22–23).

26  In sum, each *Winter* factor favors granting a limited injunction.

27

28

**CONCLUSION**

Based on the foregoing, the Court granted the following relief at the close of the February 27 argument:

> That OPM's January 20 memo, February 14 email, and all other efforts to direct the termination of employees at NPS, BLM, VA, DOD, SBA, and NSF are illegal, invalid and must be stopped and rescinded.  That OPM must communicate that decision to those agencies by the next day, February 27.

(Dkt. No. 41).

This memorandum amends the bench order to address two errors (the inclusion of the NSF, and the exclusion of FWS).  The Court's TRO is accordingly **AMENDED** to the following:

It is **ORDERED** that:

> OPM's January 20 memo, February 14 email, and all other efforts by OPM to direct the termination of employees at NPS, BLM, VA, DOD, SBA, and FWS are unlawful, invalid, and must be stopped and rescinded.

> OPM shall provide written notice of this order to NPS, BLM, VA, DOD, SBA, and FWS.

The evidentiary hearing described at the February 27 motion hearing shall occur on **MARCH 13, 2025, AT 8 AM**.  The hearing will be in person in Courtroom 12.

Dated:  February 28, 2025.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

1 | Scott A. Kronland (SBN 171693)
2 | Stacey M. Leyton (SBN 203827)
  | Eileen B. Goldsmith (SBN 218029)
3 | Danielle E. Leonard (SBN 218201)
  | Robin S. Tholin (SBN 344845)
4 | James Baltzer  (SBN 332232)
  | ALTSHULER BERZON LLP
5 | 177 Post Street, Suite 300
  | San Francisco, CA 94108
6 | Tel. (415) 421-7151
  | Fax (415) 362-8064
7 | skronland@altber.com
  | sleyton@altber.com
8 | egoldsmith@altber.com
  | dleonard@altber.com
9 | rtholin@altber.com
  | jbaltzer@altber.com
10 |

11 | *Attorneys for Plaintiffs*

12 | [Additional Counsel not listed]

13 |

14 | UNITED STATES DISTRICT COURT

15 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

16 | SAN FRANCISCO DIVISION

17 | AMERICAN FEDERATION OF                Case No. 3:25-cv-01780-WHA
   | GOVERNMENT EMPLOYEES, AFL-CIO;
18 | AMERICAN FEDERATION OF STATE          **SUPPLEMENTAL DECLARATION OF**
   | COUNTY AND MUNICIPAL EMPLOYEES,       **ERIK MOLVAR**
19 | AFL-CIO, et al.,

20 |          Plaintiffs,

21 |      v.

22 | UNITED STATES OFFICE OF PERSONNEL
   | MANAGEMENT, et al.,
23 |

24 |          Defendants.

25 |

26 |

27 |

28 |

1

**SUPPLEMENTAL DECLARATION OF ERIK MOLVAR**

2

I, Erik Molvar, declare as follows:

3

      1.      I am the Executive Director of the Western Watersheds Project (WWP), which is a

4

Plaintiff in this action.  This declaration supplements my previous declaration in support of Plaintiffs'

5

TRO application (Dkt. 18-13).

6

      2.      The reductions in staffing as a result of OPM's termination of probationary employees

7

is likely to have dire impacts on endangered species listing and recovery.

8

      3.      For example, just last week, in a case where WWP is a plaintiff, a district court in

9

Montana extended the period for the U.S. Fish & Wildlife Service ("FWS") to make a finding on an

10

Endangered Species Act (ESA) listing for the Arctic grayling, a freshwater fish in the salmon family.

11

*See Center for Biological Diversity v. Burgum*, D. Mont. Case No. CV 23–02–BU–DLC. The Arctic

12

grayling's habitat in the Upper Missouri River region is limited to a few cold-water streams and

13

rivers, primarily in Big Hole and Ruby River watersheds in southwestern Montana. The species was

14

once was much more widely distributed. This species requires waters that stay below 70 degrees

15

Fahrenheit year-round. At present, the habitat where the species still remains is threatened by low

16

water, artificially reduced water levels reduced by irrigation withdrawals, and overgrazing in

17

headwaters areas that reduces vegetation that shades water and keeps it cool. As the water becomes

18

muddy and turbid, as a result of those activities, the water warms up. Right now, in hot spells there

19

are only a few really cold water areas where Arctic grayling can find refuge. These isolated

20

populations are becoming increasingly at risk. Last week, the district court extended FWS' time to

21

complete its work on the ESA listing petition from August 2025 to February 2027.  The court granted

22

additional time based on the FWS' representation that the work could be completed within that time

23

if there are not staffing reductions.  However, we have now learned that FWS has lost more than 400

24

employees, which is likely to impact the completion of ESA findings including for the Arctic

25

grayling. Every day that the FWS delays listing the species is a day there will not be strong

26

protections in place for the habitat whose degradation is the primary threat to the species.

27

      4.      According to the Department of the Interior, the only wild population of the

28

endangered Wyoming Toad exists in the Mortensen Lake Wildlife Refuge in the Laramie basin. The

SUPPLEMENTAL DECLARATION OF ERIK MOLVAR, No. 3:25-cv-01780-WHA      1

1   Wyoming Toad has been listed as endangered under the ESA since 1984. In my capacity as Executive
2   Director of WWP, I have participated in several meetings with FWS regarding recovery of the
3   Wyoming Toad. FWS operates a captive breeding program, and is trying to restock the toad in lakes
4   in the Laramie basin. Probably the biggest threat to the Wyoming Toad is the chytrid fungus, which
5   will kill the toads if it gets into the population. Because the existing toad populations are small and
6   isolated, the population as a whole is extremely vulnerable to this threat, which could wipe out the
7   small toad populations. To extent that FWS is unable to restore additional toad populations through
8   its breeding program to create redundancy, these small populations will be extremely vulnerable to
9   the risk posed by this fungus. I learned earlier this week that the hatchery that operates FWS'
10  breeding facility has lost its supervisor, who was a probationary employee. Of the other employees
11  there, two more have left in recent weeks, leaving the hatchery drastically understaffed. Now the
12  Wyoming Toad's recovery is further threatened by the reductions of staff at the FWS, which is
13  certainly going to delay recovery of the species.

14          5.      The Wyoming Toad, and other endangered species, are on the edge of extinction
15  already. If government staffing reductions enable them to go extinct, by causing delays in the listing
16  and recovery process that allow further habitat to be lost or environmental conditions to worsen,
17  those species will be gone forever.

18          6.      Our members are regular and avid users of the public lands in the Western United
19  States.  They use the National Parks, wilderness areas, and other federal lands for recreation,
20  conservation, and study activities. They would be adversely affected by the degradation of public
21  lands and the worsening threats to species that are likely to result from the reductions of staffing at
22  the Fish & Wildlife Service and other federal agencies that will delay ESA listing decisions.

23          7.      As noted in my previous declaration, I am a wildlife biologist and an author of hiking
24  guidebooks and backpacking manuals for national parks and wilderness areas in the Western United
25  States.  I am also a member of WWP.

26          8.      I personally visit the Big Hole valley frequently, where I have fished for Arctic
27  Grayling in the lakes of Sapphire Mountains immediately to the west. I've caught these fish in Fuse
28

Lake in the Sapphire Mountains, and I've also fished for them in Glacier National Park and in Alaska. I currently have plans to visit the Big Hole Valley on my trip to Alaska this coming July 2025.

9. Knowing that the Arctic Grayling exists in the Ruby River and Big Hole River is important to my peace of mind. If that species were to become extinct, my ability to enjoy that region of Montana would be impaired. I would look across that landscape and be reminded of failures in efforts of federal government to preserve this species, and the failures of my own conservation efforts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of February 2025 in Jacksonville, Oregon.

Erik Molvar

Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-01780-WHA |
| Plaintiffs, | **SUPPLEMENTAL DECLARATION OF DON NEUBACHER** |
| v. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., | |
| Defendants. | |

### SUPPLEMENTAL DECLARATION OF DON NEUBACHER

I, Don Neubacher, declare as follows:

1.    I am a Board Member of the Coalition to Protect America's National Parks, which is a Plaintiff in this action.  This declaration supplements my previous declaration in support of Plaintiffs' TRO application (Dkt. 18-15).

2.    As noted in my previous declaration, the reductions in staffing as a result of OPM's termination of probationary employees are likely to have dire impacts on safety, environmental quality, and services to the public in the National Parks.

3.    In my previous declaration, I predicted based on my experience in the National Park Service that staffing reductions would quickly lead to service reductions.  In just the two weeks since the probationary employee terminations got underway, our members, who are avid users of the National Parks, have confirmed my prediction, as they are starting to observe the first signs of these direct impacts.

4.    To give just one example, last weekend, one of our members reported to the Coalition's Board that he saw the impact of reduced staffing first-hand on a visit to Joshua Tree National Park in southern California. He reported that the Black Rock Nature Center, which provides water and toilets for the public, remained closed well after its scheduled opening time, even though outdoor temperatures were in the 30s with strong winds.  There were numerous park visitors waiting to be let in, and no Park Service employees to be found. The member and his party decided to leave rather than standing outside in the cold.  Such lapses in service are only likely to worsen.

5.    As noted in my previous declaration, I had a 36-year career in the National Park Service (NPS), including serving as the Superintendent of Yosemite National Park and the Point Reyes National Seashore, as well as appointments at Glacier Bay National Park and the Denver Service Center.  I continue to be a regular visitor to the National Parks, especially Yosemite and Point Reyes (which is near my home), for recreation and relaxation.  I would personally find it extremely distressing if reductions in NPS staffing degrade the sensitive natural resources of the parks or impair their safety and beauty.

1        I declare under penalty of perjury under the laws of the United States that the foregoing is true

2    and correct.  Executed this 26th day of February 2025 in Point Reyes Station, California.

_____

Don Neubacher

1    Scott A. Kronland (SBN 171693)
     Stacey M. Leyton (SBN 203827)
2    Eileen B. Goldsmith (SBN 218029)
     Danielle E. Leonard (SBN 218201)
3    Robin S. Tholin (SBN 344845)
     James Baltzer  (SBN 332232)
4    ALTSHULER BERZON LLP
     177 Post Street, Suite 300
5    San Francisco, CA 94108
     Tel. (415) 421-7151
6    Fax (415) 362-8064
     skronland@altber.com
7    sleyton@altber.com
     egoldsmith@altber.com
8    dleonard@altber.com
     rtholin@altber.com
9    jbaltzer@altber.com
10
11   *Attorneys for Plaintiffs*
12   [Additional Counsel not listed]
13
14                   UNITED STATES DISTRICT COURT
15              FOR THE NORTHERN DISTRICT OF CALIFORNIA
16                      SAN FRANCISCO DIVISION
17   AMERICAN FEDERATION OF               Case No. 3:25-cv-01780-WHA
     GOVERNMENT EMPLOYEES, AFL-CIO;
18   AMERICAN FEDERATION OF STATE         ***EX PARTE* MOTION FOR TEMPORARY**
     COUNTY AND MUNICIPAL EMPLOYEES,      **RESTRAINING ORDER AND ORDER TO**
19   AFL-CIO, et al.,                     **SHOW CAUSE**
20         Plaintiffs,
21      v.
22
23   UNITED STATES OFFICE OF PERSONNEL
     MANAGEMENT, et al.,
24
           Defendants.
25
26
27
28

1 **EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW**
2 **CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

3      TO DEFENDANTS UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and

4 CHARLES EZELL, in his capacity as Acting Director of the U.S. Office of Personnel Management:

5 PLEASE TAKE NOTICE that as soon as counsel may be heard in Courtroom 12, 19th Floor, United

6 States District Court, Northern District of California, located at 450 Golden Gate Avenue, San

7 Francisco, CA, Plaintiffs will move the Court pursuant to Rule 65 of the Federal Reules of Civil

8 Procedure and Rule 65-1 of the Civil Local Rules for a temporary restraining order to:

9      1.    Enjoin Defendants, their officers, agents, servants, employees, and attorneys, and all

10 persons acting by, through, under, or in concert with Defendants (referred to collectively hereinafter

11 as "Defendants") are enjoined from taking any actions to implement or effectuate OPM's directive to

12 terminate probationary federal employees;

13      2.    Order Defendants within two (2) business days to file a complete accounting of all

14 probationary employees, listed by federal agency, who have been terminated pursuant to OPM's

15 termination program;

16      3.    Order Defendants to rescind OPM's unlawful directive to terminate probationary

17 employees and take all necessary steps to return federal agencies and their employees to their status

18 prior to this unlawful directive, pending further order of this Court, including by reinstating

19 probationary employees fired after February 13, 2025 based on OPM's unlawful directive;

20      4.    Order Defendants within two (2) business days to give notice of the TRO and of their

21 reinstatement to all probationary employees terminated after February 13, 2025 as a result of OPM's

22 unlawful directive.

23      The Motion will be made on the grounds that Plaintiffs will suffer irreparable injury unless

24 the relief described above is granted; that OPM's directive to terminate probationary federal

25 employees is *ultra vires* and unlawful because it exceeds OPM's constitutional and statutory

26 authority, in violation of the Constitution's separation of powers principles, and violates the

27 Administrative Procedure Act, 5 U.S.C. §§706(2)(A), (C), and (D); and that the balance of equities

28 and public interest favor injunctive relief.

*Ex Parte* Motion for TRO and OSC No. 3:25-cv-01780-WHA        1

1        This Motion is supported by the accompanying Plaintiffs' Memorandum in Support of Motion

2   for Temporary Restraining Order and Order to Show Cause; the Declarations of Oscar Arbulu,

3   Katherine Archuleta, Liliana Caetano Bachelder, Kory Blake, Paul Eaton, Thomas Evans, Andrew

4   Frassetto, Yolanda Jacobs, Jonathan B. Jarvis, Everett Kelley, Erik Molvar, Denise Nemeth-

5   Greenleaf, Don L. Neubacher, Shawn Phetteplace, Daniel T. Ronneberg, Elizabeth Turner-Nichols,

6   Milana Walls, and Eileen B. Goldsmith; the First Amended Complaint; and the complete records

7   filed in this case.  Plaintiffs' notice and service of this Motion on Defendants is set forth in the

8   accompanying Declaration of Plaintiffs' counsel Eileen Goldsmith.

9

10  DATED:  February 23, 2025                    Scott A. Kronland
                                                 Stacey M. Leyton
11                                               Eileen B. Goldsmith
                                                 Danielle E. Leonard
12                                               Robin S. Tholin
                                                 James Baltzer
13                                               ALTSHULER BERZON LLP
                                                 177 Post St., Suite 300
14                                               San Francisco, CA 94108
                                                 Tel: (415) 421-7151
15

16

17                                       By: */s/ Danielle Leonard*

18
                                         *Attorneys for Plaintiffs*
19

20                                       Norman L. Eisen (*pro hac vice forthcoming*)
21                                       Pooja Chadhuri (SBN 314847)
                                         STATE DEMOCRACY DEFENDERS
22                                       FUND
                                         600 Pennsylvania Avenue SE #15180
23                                       Washington, DC 20003
                                         Tel: (202) 594-9958
24                                       Norman@statedemocracydefenders.org
                                         Pooja@statedemocracydefenders.org
25

26

27                                       By: */s/ Norman L. Eisen*

28                                       *Attorneys for Plaintiffs*

*Ex Parte* Motion for TRO and OSC No. 3:25-cv-01780-WHA                        2

1

2      Rushab Sanghvi (SBN 302809)
       AMERICAN FEDERATION OF GOVERNMENT
3      EMPLOYEES
       80 F Street, NW
4      Washington, DC 20001
       Tel: (202) 639-6426
5      Sanghr@afge.org

6
       By: */s/ Rushab Sanghvi*
7

8      *Attorneys for Plaintiff American Federation of
       Government Employees (AFGE)*
9

10     Teague Paterson (SBN 226659)
       Matthew Blumin  (*pro hac vice forthcoming*)
11     AMERICAN FEDERATION OF STATE, COUNTY,
       AND MUNICIPAL EMPLOYEES
12     1625 L Street, N.W.
       Washington, D.C.  20036
13     Tel: (202) 775-5900
       TPaterson@afscme.org
14     MBlumin@afscme.org

15

16
       By: */s/Teague Paterson*
17

18     *Attorneys for Plaintiff American Federation of State
       County and Municipal Employees (AFSCME)*
19

20

21

22

23

24

25

26

27

28

*Ex Parte* Motion for TRO and OSC No. 3:25-cv-01780-WHA                    3

1  Scott A. Kronland (SBN 171693)
   Stacey M. Leyton (SBN 203827)
2  Eileen B. Goldsmith (SBN 218029)
   Danielle E. Leonard (SBN 218201)
3  Robin S. Tholin (SBN 344845)
   James Baltzer  (SBN 332232)
4  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
5  San Francisco, CA 94108
   Tel. (415) 421-7151
6  Fax (415) 362-8064
   skronland@altber.com
7  sleyton@altber.com
   egoldsmith@altber.com
8  dleonard@altber.com
   rtholin@altber.com
9  jbaltzer@altber.com

10

11  *Attorneys for Plaintiffs*

12  [Additional Counsel not listed]

13

14            UNITED STATES DISTRICT COURT

15        FOR THE NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17  AMERICAN FEDERATION OF                Case No. 3:25-cv-01780-WHA
    GOVERNMENT EMPLOYEES, AFL-CIO;
18  AMERICAN FEDERATION OF STATE          **DECLARATION OF OSCAR ARBULU**
    COUNTY AND MUNICIPAL EMPLOYEES,
19  AFL-CIO;  et al.,

20          Plaintiffs,

21      v.

22

23  UNITED STATES OFFICE OF PERSONNEL
    MANAGEMENT, et al.,
24
            Defendants.
25

26

27

28

Declaration of Oscar Arbulu, No. 3:25-cv-01780-WHA

### DECLARATION OF OSCAR ARBULU

I, Oscar Arbulu, hereby declare as follows:

1.      I am the Deputy Political Director at Common Defense Civic Engagement.  In that position, I manage a broad portfolio of issues and direct staff to mobilize veterans to support and advocate for policies that help veterans, military families, and all working families. I make this statement based on personal knowledge and if called as a witness could and would testify competently thereto.

2.      Common Defense is a grassroots membership organization of progressive veterans, military families, and civilian supporters standing up for our communities against the rising tide of racism, hate, and violence.  Common Defense invests in the leadership of its members through training and deployment in campaigns that connect directly to their history of service, including voting rights, climate justice, and anti-militarism.

3.      Approximately 33,187 of Common Defense's members live in California, including approximately 2,000 veterans.

4.      Military veterans comprise a large percentage of the federal workforce, and the mass termination of probationary employees across federal agencies thus has a disproportionate effect on military veterans. Many veterans have already been terminated from their jobs. And the recent firings—taken together with the prominent media reports documenting the thousands of probationary employees who have been fired as part of the unprecedented mass termination program—have created widespread fear and concern among those who are still employed in government positions.

5.      Veterans, many of whom have service-related disabilities, rely on government agencies to provide the services that have been promised to them. Mass layoffs of probationary employees at those agencies, including at the VA, threaten disruption to these critical services.

6.      As a result of these developments, Common Defense has had to devote considerable resources to responding to requests from our members and providing guidance about the mass probationary terminations. Many members believe that the termination of their employment may be imminent, and understandably have asked questions—by email, by phone, and on our members' slack channel—about what the letter means for their rights as employees. Responding to members

Declaration of Oscar Arbulu, No. 3:25-cv-01780-WHA           1

1    questions, and working to determine what answers we can give to those members, diverts resources

2    from Common Defense's advocacy mission and core priorities, including working to expand ballot

3    access at the state level, advancing initiatives to address climate change, and training and educating

4    members.

5        7.      In response to these terminations, Common Defense has established an online

6    platform designed for collecting the stories we have been hearing from our members about the

7    multifaceted ways in which the cuts affect veterans, their families, and government workers. As of

8    February 22, 2025, we have received more than 50 submissions, highlighting the physical, emotional,

9    and financial burdens that our members and their families have endured.

10       8.      One submission from a terminated probationary employee explained that her

11   supervisor had not even been informed that she and two other members of her five-person team at the

12   Department of Housing and Urban Development were being fired. Her team handled issues from

13   members of the public who were dealing with eviction, homelessness, and buying a home, and those

14   terminations slashed the team's capacity to provide assistance.  On a personal level, she explained

15   that the termination meant "my partner and I can no longer buy our first home, which we were in the

16   process of doing. Instead, we have to use our house savings to float ourselves until I find another job,

17   and I have no idea how long that will take. … The anxiety and stress of this situation is

18   unbelievable."

19       9.      Members have also shared stories of the effects of potential cuts in services. As one

20   member explained, "VA layoffs directly affect me as many areas of the VA are currently understaffed

21   and wait times are already substantial for some services."

22       10.     Terminating probationary employees further strains already understaffed veterans'

23   hospitals and other veterans' services. This risk of severe disruption remains the case whether the

24   service providers themselves are terminated or whether the terminations affect other employees, such

25   as support staff. The loss of probationary administrative staff, for example, means that our members'

26   phone calls are likely to go unanswered for longer periods of time, and there are likely to be delays in

27   scheduling their vital medical appointments.

28

Declaration of Oscar Arbulu, No. 3:25-cv-01780-WHA                2

11.    Common Defense's work regularly involves advocacy around our legislative and political priorities, including weighing in on pending actions. If OPM had publicly disclosed its intention to order agencies to discharge probationary employees en masse, and put that program out to notice-and-comment rulemaking, Common Defense would have mobilized its membership to explain the harms this action would have on veterans and the services they receive.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of February 2025 in ___DAVIS, CA___ (city, state).

Oscar Arbulu

Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO;  et al., | Case No. 3:25-cv-01780-WHA **DECLARATION OF MAJOR GENERAL (RET.) PAUL EATON, USA** |
|       Plaintiffs, | |
|     v. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., | |
|       Defendants. | |

**DECLARATION OF MAJOR GENERAL (RET.) PAUL EATON, USA**

1. I, Major General (Ret.) Paul Eaton, USA, hereby declare as follows:

2. I am Chairman at Vote Vets Action Fund Inc. ( VoteVets ). In that position, I provide strategic leadership by overseeing the board of directors, ensuring effective governance, and guiding the organization s long-term vision. I also act as a bridge between the board and executive management, facilitating decision-making, accountability, and stakeholder engagement. I make this statement based on personal knowledge and if called as a witness could and would testify competently thereto.

3. VoteVets is a non-partisan, non-profit organization incorporated under the laws of the District of Columbia. Its purpose is to lift up the voices of veterans on matters of national security, veterans care, and everyday issues that affect the lives of those who served as well as their families including foreign policy, veterans unemployment, robust investment in care for veterans, energy security, protecting the rights of those who serve, and upholding the Constitution and democracy that every military member swore to uphold and protect. VoteVets has nearly 2 million supporters across the country, in all 50 states, with whom it regularly communicates about issues affecting veterans, including the operations, programs, and services available through the U.S. Department of Veterans Affairs ( VA ).

4. Approximately 417,000 of VoteVets supporters live in California, including 131,000 in Northern California.

5. As of February 2025, many veterans, including hundreds of VoteVets supporters, were employed as federal employees in probationary positions until they were recently terminated. Military veterans, many of whom have service-related disabilities, comprise a large percentage of the federal workforce.

6. The termination of probationary employees has had a severe impact on VoteVet s supporters. Veterans constitute approximately 30 of the federal workforce. The recent mass layoffs have disproportionately affected them, leading to job losses and increased uncertainty. Many veterans rely on federal employment for stability, and these cuts have disrupted their livelihoods.

7.    In addition, the termination of tens of thousands of probationary federal employees has had an adverse impact on the services provided to veterans, leading to staffing shortages, diminished support for critical programs, and increased uncertainty for veterans and their families.

8.    The VA has dismissed over 1,000 probationary employees across various roles, including those in mental health research, cancer treatment, addiction recovery, prosthetics, and burn pit exposure studies.  These layoffs have raised concerns about potential staffing shortages and the quality of care provided to veterans.

9.    The Veterans Crisis Line ( VCL ) is the VA s crisis hotline that provides emergency mental health care (including suicide prevention) and support for military veterans, service members, their families, and caregivers, and is supposed to be available 24 7.  It handles tens of thousands of crisis calls each month.  The VCL is extremely important in light of the high rates of post-traumatic stress disorder and suicide rates among veterans.  The layoffs have hindered the recruitment of essential support staff for VCL positions such as trainers and quality assurance personnel.  This shortage has overwhelmed existing supervisors and affected the VCL s ability to provide timely assistance to veterans in crisis.

10.    In response to these developments, VoteVets established an online platform designed to collect and amplify stories from veterans affected by the layoffs.  Since launching the tipline on February 16, 2025, VoteVets has received more than 200 submissions from veterans and military family members negatively impacted by cuts to the federal workforce, including loss of their job and associated health care.

11.    The February 2025 probationary terminations have had a significant impact on the organizational activities of VoteVets.  The time of VoteVets  staff and consultants has been diverted from VoteVets  regular activities to field and respond to inquiries from veterans and their families and to connect them with case workers in congressional offices.  This has taken almost all of our resources since the probationary terminations began, and has prevented us from performing our regular activities to meet the needs of veterans and their families.

1    12.    I am able to recount three examples of experiences reported by individuals to

2    VoteVets.  Because of the potential for retaliation, the individuals are not being identified, but I am

3    using general descriptors rather than their names.

4    13.    With over three decades of military service, VETERAN transitioned to a civilian role

5    at the VA, beginning employment there in early 2025.  However, in February 2025, VETERAN was

6    unexpectedly terminated via an email that stated the termination was for  poor performance.   This

7    job was critical for VETERAN s family s financial stability, as VETERAN was the sole wage earner,

8    and VETERAN s military retirement income is not sufficient to support the family s basic

9    needs.  VETERAN is now struggling to make ends meet with no current employment.

10    14.    Veterans  Transportation Service is a VA program that provides safe and reliable

11    transportation to veterans who require assistance traveling to and from VA health care facilities and

12    authorized non-VA health care appointments.  The Veterans  Transportation Service was already

13    facing significant staffing shortages as of February 2025, and as a result, veterans were already

14    experiencing transportation denials in some cases.  However, the VA position overseeing the

15    Veterans  Transportation Service was not included in the hiring freeze exemption list and the person

16    in the position was terminated from employment.

17    15.    VETERAN anticipates that this decision will have severe consequences    veterans

18    will face even greater challenges in accessing the care and resources they need.  The removal of key

19    personnel in an already strained system will only worsen these issues.

20    16.    VETERAN S WIDOW recently secured a position at the Census Bureau, only to

21    receive a call stating that the hiring freeze would prevent the job from starting.  As the widow of a

22    totally disabled service-connected veteran, VETERAN S WIDOW receives Dependency and

23    Indemnity Compensation (DIC) and has CHAMPVA healthcare coverage.  These benefits are the

24    only things preventing her from becoming homeless.  VETERAN S WIDOW s spouse gave their life

25    for this country, passing away due to service-related injuries after two decades of dedicated

26    care.  After a long period of unemployment, VETERAN S WIDOW finally had secured a job, only to

27    have it taken away.

28

17.     SERVICE-DISABLED VETERAN began working with FEMA in early 2024 and quickly became a key employee, frequently relied upon by management. Within a short period, SERVICE-DISABLED VETERAN was appointed to oversee multiple training courses.

18.     Later that year, SERVICE-DISABLED VETERAN deployed for disaster response efforts and, upon returning, seamlessly transitioned back to office work, earning praise from supervisors for adaptability and efficiency.

19.     At the beginning of the following year, SERVICE-DISABLED VETERAN was tasked with overseeing an entire division of courses, surpassing employees who had been in the office for years. This role was typically assigned to a higher-level supervisor, but due to staffing shortages, SERVICE-DISABLED VETERAN—despite holding a lower-ranking position—was asked to assume these responsibilities without appropriate pay or grade recognition. Viewing this as an opportunity to demonstrate capability for advancement, SERVICE-DISABLED VETERAN took on the challenge with professionalism and dedication.

20.     Despite this commitment, SERVICE-DISABLED VETERAN was abruptly terminated, with the stated reason being "performance." However, SERVICE-DISABLED VETERAN had multiple successful evaluations and end-of-year reviews, all rating performance as exceeding expectations—documented proof that contradicts the termination claim.

21.     As a medically retired veteran receiving VA benefits, SERVICE-DISABLED VETERAN now faces financial and professional uncertainty due to this unjust termination.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2/ day of February 2025 in Key West, Fl. (city, state).

_____
Major General (Ret.) Paul Eaton, USA

1    Scott A. Kronland (SBN 171693)
     Stacey M. Leyton (SBN 203827)
2    Eileen B. Goldsmith (SBN 218029)
     Danielle E. Leonard (SBN 218201)
3    Robin S. Tholin (SBN 344845)
     James Baltzer  (SBN 332232)
4    ALTSHULER BERZON LLP
     177 Post Street, Suite 300
5    San Francisco, CA 94108
     Tel. (415) 421-7151
6    Fax (415) 362-8064
     skronland@altber.com
7    sleyton@altber.com
     egoldsmith@altber.com
8    dleonard@altber.com
     rtholin@altber.com
9    jbaltzer@altber.com
10
11   *Attorneys for Plaintiffs*

12   [Additional Counsel not listed]

13

14              UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17   AMERICAN FEDERATION OF              Case No. 3:25-cv-01780-WHA
     GOVERNMENT EMPLOYEES, AFL-CIO;
18   AMERICAN FEDERATION OF STATE        **DECLARATION OF ERIK**
     COUNTY AND MUNICIPAL EMPLOYEES,     **MOLVAR**
19   AFL-CIO;  et al.,

20        Plaintiffs,

21        v.

22

23   UNITED STATES OFFICE OF PERSONNEL
     MANAGEMENT, et al.,
24
          Defendants.
25

26

27

28

Declaration of Erik Molvar, No. 3:25-cv-01780-WHA

# DECLARATION OF ERIK MOLVAR

Erik Molvar hereby declares:

1. I am the Executive Director of the Western Watersheds Project.  I am a wildlife biologist with published research in the behavior, ecology, and population dynamics of Alaskan moose as well as large-scale conservation planning.  I am also the author of 16 hiking guidebooks and backpacking techniques manuals for national parks and wilderness areas spanning the West from Alaska to Arizona.  I am also a member of Western Watersheds Project and have been a member since 2016.

2. I am a former federal employee.  I was employed by the U.S. Forest Service on a stream survey crew in the Clearwater National Forest in 1987 to survey habitat for salmon and steelhead.  From 1989 to 1998, I was employed seasonally as a biological technician on Operation Fish Run for the U.S. Army Corps of Engineers barging juvenile salmon and steelhead down the Snake and Columbia Rivers.

3. Western Watersheds Project is a non-profit environmental conservation group that works to influence and improve public lands management throughout the western United States in order to protect native species and conserve and restore the habitats they depend on.  Our primary focus is on the negative impacts of livestock grazing, including harm to ecological, biological, cultural, historic, archeological, scenic resources, wilderness values, roadless areas, Wilderness Study Areas and designated Wilderness.

4. Western Watersheds Project was founded in 1993 and has over 14,000 members and supporters.  We cover 250 million acres of public land spanning all of the western states and we have field offices in Idaho, Montana, Wyoming, Arizona, Nevada, and Oregon.

5. I am aware of the media reports that the federal government is engaged in a mass termination of thousands of employees with probationary status, including employees of the Forest Service, Bureau of Land Management, National Parks System, and National Science Foundation.

6. This mass termination of employees will have an immediate adverse effect on the ability of the Western Watersheds Project to accomplish its mission.

7. For example, I was told by a federal employee on February 20, 2025 that because of

Declaration of Erik Molvar, No. 3:25-cv-01780-WHA       1

1   staffing issues the Bureau of Land Management is unable to respond to a Freedom of Information Act

2   request submitted by the Western Watersheds Project.   Our work depends on timely access to public

3   records.

4          8.      I am aware that range management and biologist positions have been terminated

5   within the Bureau of Land Management.   The Bureau is responsible for conducting land health

6   assessments to monitor the impact of cattle and sheep grazing on public lands.  When land health

7   assessments reveal failures to meet land health standards, the Bureau must take immediate action

8   before the next grazing season in accordance with federal regulations.  Even at full staffing, the

9   Bureau was having severe difficulties in conducting land health assessments in all of the lands that

10  are leased to commercial livestock operations today.   The loss of federal employees in range and

11  biological positions will result in an increase in the failure to conduct land health assessments and,

12  therefore, the failure to correct ecologically destructive livestock grazing on federal public lands.

13  This will impair Western Watershed Project's mission.

14         9.      The National Park Service is directed to protect and preserve crown jewel public lands

15  for the use and enjoyment of the general public.  This is an agency that already is understaffed and, in

16  the past, inadequate levels of staffing at the National Park Service have impaired its operations.  I am

17  aware, for example, of the poaching of elk in Zion National Park due primarily to the lack of federal

18  employees.   This directly harms the Western Watersheds Project's mission to protect and restore

19  native wildlife.

20         10.     The U.S. Forest Service is charged with managing commercial livestock grazing that

21  is permitted across tens of millions of acres of national forest lands.  Even at full staffing levels, the

22  agency has been unable to prevent livestock grazing that has caused chronic and serious degradation

23  of streamside habitats of rare and imperiled fish species ranging from the artic grayling to chinook

24  salmon to steelhead and bull trout.  The loss of federal employees engaged in the oversight of

25  livestock graving will inevitably result in increased livestock damage to riparian habitats and

26      /

27      /

28      /

Declaration of Erik Molvar, No. 3:25-cv-01780-WHA                                    2

1    spawning streams critical to the survival of these sensitive species.  That will harm the Western

2    Watershed Project's mission.

3        I declare under penalty of perjury under the laws of the United States that the foregoing is true

4    and correct.  Executed this 21st day of February 2025.

5

6                                                    _Erik Molvar_

7                                                    Erik Molvar

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Scott A. Kronland (SBN 171693)
   Stacey M. Leyton (SBN 203827)
2  Eileen B. Goldsmith (SBN 218029)
   Danielle E. Leonard (SBN 218201)
3  Robin S. Tholin (SBN 344845)
   James Baltzer  (SBN 332232)
4  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
5  San Francisco, CA 94108
   Tel. (415) 421-7151
6  Fax (415) 362-8064
   skronland@altber.com
7  sleyton@altber.com
   egoldsmith@altber.com
8  dleonard@altber.com
   rtholin@altber.com
9  jbaltzer@altber.com
10
   *Attorneys for Plaintiffs*
11
   [Additional Counsel not listed]
12

13

14              UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                SAN FRANCISCO DIVISION

17  AMERICAN FEDERATION OF          Case No. 3:25-cv-01780-WHA
    GOVERNMENT EMPLOYEES, AFL-CIO;
18  AMERICAN FEDERATION OF STATE    **DECLARATION OF DON L.**
    COUNTY AND MUNICIPAL EMPLOYEES, **NEUBACHER**
19  AFL-CIO;  et al.,
20          Plaintiffs,
21
         v.
22
23  UNITED STATES OFFICE OF PERSONNEL
    MANAGEMENT, et al.,
24
            Defendants.
25

26

27

28

Declaration of Don L. Neubacher, No. 3:25-cv-01780-WHA

# DECLARATION OF DON L. NEUBACHER

Don L. Neubacher hereby declares:

1.     I am a Board Member of the Coalition to Protect America's National Parks.  I was the Superintendent at Yosemite National Park between 2010 and 2016, and the Superintendent at Point Reyes National Seashore between 1995 and 2010.  My 36-year career with the National Park Service also included appointments at Glacier Bay National Park and the Denver Service Center.

2.     The Coalition to Protect America's National Parks ("Coalition") is a non-profit organization made up of over 3,400 members, all of whom are current, former, and retired employees and volunteers of the National Park Service. Together, they have accumulated over 50,000 years of experience caring for America's most valuable natural and cultural resources.  The Coalition's goal is to support the preservation and protection of the National Park System and the mission-related programs of the National Park Service ("NPS") to ensure the survival of the park system for generations to come.

3.     Our members and their families are regular and avid users of the National Park System who would be adversely affected by any degradation of the parks or the programs of the NPS to preserve and protect the parks and make them available to visitors.

4.     Although I have not seen any official announcement from NPS, the news media reports that a mass termination of more than 1,000 NPS employees with probationary status is underway.  The news media also reports that the terminations are already having an adverse effect on park visitors.  Copies of recent media reports are attached to this declaration as Exhibit A and Exhibit B.

5.     Based on my experience as a park Superintendent, the termination of so many NPS employees at once will have an immediate adverse impact on the parks and park visitors.   For example, at Yosemite, the park will likely have to stop specific functions and close park areas.  There is no way to accommodate current visitation levels without additional staff support during the upcoming peak season.  When there was a partial government shutdown in 2018, visitors trashed scenic viewpoints, defecated outside locked restrooms and trampled sensitive ecological areas with their vehicles and dogs.  The park receives annual visitation of over 4 million people.  Similarly,

Declaration of Don L. Neubacher, No. 3:25-cv-01780-WHA         1

1    Point Reyes National Seashore receives about 2.3 million annual visitors and must be maintained and

2    protected by a full staff for the park to serve all these visitors.

3          6.      The hiring process for new NPS employees is a very thorough process.  Employees on

4    probationary status have completed that process.   The volume of the mass terminations of

5    probationary employees that have been reported by the media is unprecedented and cannot possibly

6    be based on the individual evaluation of all these employees or the performance of all these

7    employees.  When I was Superintendent at Yosemite, there was a well-established process for

8    individual performance evaluations.

9          7.      Terminated NPS employees who work at parks in more remote areas, like Yosemite

10   National Park, are likely to relocate to other geographic areas to look for new employment.  If the

11   mass terminations are allowed to go forward, it is unlikely that the same individuals could be rehired

12   later.  Indeed, many park employees live in park housing and would need to immediately move if

13   they lose their jobs.

14         8.      The hiring of temporary, seasonal employees cannot make up for the loss of so many

15   permanent employees.  The permanent employees have already been trained, often have different

16   skills, and plan to make their careers at NPS.

17         9.      For these reasons, the mass termination of NPS employees will be catastrophic for the

18   park system and for the visitor experience.

19         I declare under penalty of perjury under the laws of the United States that the foregoing is true

20   and correct.  Executed this 21st day of February 2025 in Point Reyes Station, California.

21

22

23                                          _____

24                                          Don L. Neubacher

25

26

27

28

# EXHIBIT A

https://apnews.com/article/trump-national-park-firings-doge-grand-teton-baedee0a748a6374eafb6f95aac5dadc
(last visited Feb 21, 2025)

AP News

Politics

## Trump's firing of 1,000 national park workers raises concerns about maintenance and operating hours

By MATTHEW DALY

Updated 12:43 PM PST, February 19, 2025

WASHINGTON (AP) — The Trump administration has fired about 1,000 newly hired National Park Service employees who maintain and clean parks, educate visitors and perform other functions as part of its broad-based effort to downsize government.

The firings, which weren't publicly announced but were confirmed by Democratic senators and House members, come amid what has been a chaotic rollout of an aggressive program to eliminate thousands of federal jobs. The plan is led by billionaire Elon Musk and the new Department of Government Efficiency, a Trump administration effort to slash federal spending. Adding to the confusion, the park service now says it is reinstating about 5,000 seasonal jobs that were initially rescinded last month as part of a spending freeze ordered by President Donald Trump.

Seasonal workers are routinely added during the warm-weather months to serve more than 325 million visitors who descend on the nation's 428 parks, historic sites and other attractions each year.

Park advocates say the permanent staff cuts will leave hundreds of national parks — including some of the most well-known and most heavily visited sites — understaffed and facing tough decisions about operating hours, public safety and resource protection.

"Fewer staff means shorter visitor center hours, delayed openings and closed campgrounds," said Kristen Brengel, senior vice president of government affairs at the National Parks Conservation Association, an advocacy group.

Trash will pile up, restrooms won't be cleaned, and maintenance problems will grow, she predicted. Guided tours will be cut back or canceled and, in the worst cases, public safety could be at risk.

The Trump administration's actions "are pushing an already overwhelmed Park Service to its breaking point," Brengel said. "And the consequences will be felt in our parks for years."

A spokesperson for the Interior Department, which oversees the park service, declined to comment Monday. A separate email to the park service received no answer.

Democrats on the House and Senate Appropriations Committees confirmed the firings as part of a larger list of terminations ordered by the Trump administration.

"There is nothing 'efficient' about indiscriminately firing thousands upon thousands of workers in red and blue states whose work is badly needed,'' said Sen. Patty Murray. D-Wash., vice chair of the Appropriations panel, who blamed both Trump and Musk.

"Two billionaires who have zero concept of what the federal workforce does are breaking the American government — decimating essential services and leaving all of us worse off," Murray said.

Among other cuts, 16 of 17 supervisory positions at Wyoming's Grand Teton National Park were eliminated, Brengel said, leaving just one person to hire, train and supervise dozens of seasonal employees expected this summer at the popular park where thousands of visitors marvel at grizzly bears and bison.

At Virginia's Shenandoah National Park, meanwhile, fee collectors and trail maintenance employees were laid off, potentially making trails at the popular park near Washington, D.C., unpassable after heavy rains.

"They're basically knee-capping the very people who need to train seasonal" employees who work as park rangers, maintenance staff and trail managers, Brengel said in an interview. "It puts the park in an untenable position. You're going to hurt tourism."

The firings may force small parks to close visitor centers and other facilities, while larger parks will have to function without cultural resources workers who help visitors interpret the park, fee collectors and even wastewater treatment operators, she said.

Stacy Ramsey, a ranger at the Buffalo National River in Arkansas, wrote on Facebook that she was fired on Friday. She had been a probationary employee in the first year of a four-year position funded by the 2022 Inflation Reduction Act, the climate law signed by former President Joe Biden.

"Did those who made the decision know or care that the main objective of my position is to provide preventive search and rescue education, to keep park visitors safe?" she asked in a widely shared Facebook post.

Brian Gibbs, who had been an environmental educator at the Effigy Mounds National Monument in Iowa, was heartbroken after losing what he called his "dream job" on Friday.

"I am the defender of your public lands and waters,'' Gibbs wrote on Facebook in another widely shared post. "I am the motivation to make it up the hill…the Band-Aid for a skinned knee" and "the lesson that showed your children that we live in a world of gifts — not commodities. That gratitude and reciprocity are the doorway to true abundance, not power, money or fear."

A freeze on spending under a five-year-old law signed by Trump also jeopardizes national parks, Brengel and other advocates said. The Great American Outdoors Act, passed with bipartisan support in 2020 and signed by Trump, authorizes $6.5 billion over five years to maintain and improve national parks.

The program is crucial to whittling down a massive maintenance backlog at the parks and is frequently hailed as a success story by lawmakers from both parties. The freeze could slow road and bridge improvements at Yellowstone National Park, which is in the midst of a $216 million project to improve safety, access and experience on park roads. The project is mostly funded by the Great American Outdoors Act.

Democratic senators denounced the job cuts, saying in a letter before the mass firings were imposed that if a significant number of National Park Service workers take an early retirement package offered by Trump or are terminated from their positions, "park staffing will be in chaos. Not only does this threaten the full suite of visitor services, but could close entire parks altogether," the senators wrote.

The letter was led by Sens. Jeff Merkley of Oregon and Angus King of Maine and signed by 20 other senators.

Gutting staff at national park units "will devastate local 'gateway' communities where parks generate significant economic activity – from hotels to restaurants to

stores to outfitters," the senators wrote. Park visitors supported an estimated 415,000 jobs and $55.6 billion in total economic activity in 2023, they said.

Ramsey wrote on Facebook that she assisted with at least 20 search-and-rescues on the Buffalo National River in Arkansas over the past five years. She said she worked as a river ranger, upper district fee collector, interpreter and even helped with concessions and maintenance during her time at the park.

The Buffalo, established as the first national river in the U.S. by Congress in 1972, flows freely through the Ozark Mountains of Arkansas for 135 miles of quiet pools, majestic bluffs and churning rapids. It is one of the few remaining undammed rivers in the lower 48 states.

Ramsey stayed in the river ranger job despite opportunities for more permanent positions, she said, "because I loved looking out for the safety of people on the river."

"I truly loved my job," she wrote. "The river is home to me."

———

An earlier version of this story incorrectly referred to the Department of Government Efficiency as an outside-government organization. It is President Donald Trump's special commission tasked with slashing federal spending and is part of the federal government.

———

## MATTHEW DALY

Daly covers climate, environment and energy policy for The Associated Press. He is based in Washington, D.C.

# EXHIBIT B

https://www.msn.com/en-us/travel/news/long-lines-and-canceled-rentals-firings-bring-chaos-to-national-parks/ar-AA1zmNhk?ocid=BingNewsSerp
(last visited Feb. 21, 2025)

The Washington Post

**Long lines and canceled rentals: Firings bring chaos to national parks**

Feb 19, 2025

Story by Maxine Joselow, Andrea Sachs

At California's Yosemite National Park, the Trump administration fired the only locksmith on staff on Friday. He was the sole employee with the keys and the institutional knowledge needed to rescue visitors from locked restrooms.

The wait to enter Arizona's Grand Canyon National Park this past weekend was twice as long as usual after the administration let go four employees who worked at the south entrance, where roughly 90 percent of the park's nearly 5 million annual visitors pass through.

And at Gettysburg National Military Park in Pennsylvania, last week's widespread layoffs gutted the team that managed reservations for renting historic farmhouses. Visitors received notifications that their reservations had been canceled indefinitely.

President Donald Trump's purge of federal employees is not only upending the lives of National Park Service workers, but also threatening to harm the visitor experience at national parks across the country. The problems are expected to escalate during the summer season, when more than 100 million Americans and international tourists typically visit the 63 national parks in the United States.

"It's chaos everywhere," said Kristin Jenn, a former seasonal park ranger at Alaska's Denali National Park and Preserve. "I don't know what the next couple of months are going to bring."

As part of a directive to fire most trial and probationary staff across the federal government, the Park Service on Friday terminated roughly 1,000 probationary employees, in what some are calling a "Valentine's Day massacre."

This account of how the firings are disrupting national parks is based on interviews and messages with more than a dozen current and former Park Service workers, as well as park advocates.

1

Asked for comment, a Park Service spokesperson said in an email, "The National Park Service is working closely with the Office of Personnel Management to ensure we are prioritizing fiscal responsibility for the American people. As always, NPS will continue to provide critical services and deliver excellent customer service."

The layoffs have rippled across the government, affecting the federal response to everything from natural disasters to infectious-disease outbreaks. But some of their most tangible impacts could be felt in national parks, popular travel destinations that saw more than 325 million visits in 2023.

Nate Vince, Yosemite National Park's fired locksmith, said he found out about his termination three weeks before the end of his probationary period. The 42-year-old said he worries about not only his career prospects, but also the safety and security of park visitors and workers.

Yosemite, which is roughly the size of Rhode Island, has hundreds of locked buildings and gates. Sometimes visitors get locked inside vault toilets or restrooms. Sometimes employees get locked out of their houses in the middle of the night.

"We have a federal court, administrative buildings, toilets, closets, gun safes," said Vince, who started working as a permanent employee at the park in March after four years as a seasonal employee. "We have endless things that need to be secured in various forms, and I'm the sole keeper of those keys, the one that makes the keys, the one that fixes the locks, installs the locks, and has all that knowledge of the security behind the park. And so it's a critical role. And without it, everyone else in the park is handicapped."

The firings add to persistent staffing challenges at the Park Service, whose workforce has declined by 15 percent since 2010, according to federal data. Over that same period, the data shows, park visitation has increased by 16 percent.

"We saw 30,000 visits a day — that's half the size of a Taylor Swift concert," said Jeff Mow, who served as superintendent of Glacier National Park from 2013 to 2022. "How are you going to manage that with a skeleton staff?"

Bill Wade, a former superintendent of Shenandoah National Park who serves as executive director of the Association of National Park Rangers, said the fired staffers' absence will be felt throughout the parks. At the entrances, where they collected admission fees and doled out maps and warm welcomes. At the visitor centers, where they recommended adventures based on hikers' interests and endurance levels. On the trails, where they led walks, blending an encyclopedic knowledge of history and ecology with engaging yarns. And even in the restrooms,

where they tidied up the facilities, emptying the trash and restocking the toilet paper.

The firings, Wade and others said, could cause disruptions reminiscent of the coronavirus pandemic and recent government shutdowns. Visitor centers and campgrounds could close or reduce their hours. Garbage could spill out of overfilled bins. Litter could sully nature trails.

"Some of the effects could be immediate, but the bulk of the impacts will occur in the heavy season, which for many national parks is May to September," said Wade, who worked for the Park Service for more than three decades.

At least one park, however, has seen immediate impacts. During Presidents' Day weekend, lines of cars waited at the southern entrance to Grand Canyon National Park for an hour and a half, said Jim Landahl, a fired probationary worker there.

\"That's double the typical time it takes to get into the park," he said. "And that's directly because we were understaffed because four of the rangers who work at the entrance received termination notices."

Several other fired employees at the Grand Canyon were working to replace a 12.5-mile pipeline that provides water for all facilities on the park's South Rim, including some shower and laundry facilities, Landahl said. The pipeline was built in the 1960s and "experiences frequent failures," according to the park's website, with more than 85 major breaks since 2010.

Despite its name, the Park Service also manages 87 national monuments across the country. Some probationary employees at national monuments were also fired Friday, although the total number is unclear.

Brian Gibbs, 41, who was working as a ranger at Effigy Mounds National Monument in northeast Iowa, said his termination was "traumatic" and "absolutely upended" his life. He said his wife, who is pregnant with their second child, will be kicked off his health insurance next week, raising the cost of her regular OB/GYN appointments.

Besides the effects on his family, Gibbs said, he worries about the effects on the local students he had been teaching and hosting on field trips at Effigy Mounds, which is home to more than 200 Native American ceremonial and burial mounds. At the time of his firing, he had been helping to teach elementary and middle school science students about the importance of protecting public lands and the natural world.

"Public lands are places where we can all come together and learn about past and present cultures," Gibbs said. "They are one of our greatest gifts."

Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
sleyton@altber.com
egoldsmith@altber.com
dleonard@altber.com
rtholin@altber.com
jbaltzer@altber.com

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO;  et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:25-cv-01780-WHA <br><br> **DECLARATION OF SHAWN PHETTEPLACE** |

**DECLARATION OF SHAWN PHETTEPLACE**

I, Shawn Phetteplace, hereby declare as follows:

1.    I am the national campaigns director at Main Street Alliance ("MSA"). I have held that position since 2023, and have been on staff with MSA since 2020. In my role as national campaigns director, I work closely with MSA's small business members. I make this statement based on personal knowledge and if called as a witness could and would testify competently thereto.

2.    MSA is a national network of small businesses, with approximately 30,000 members throughout the United States.  MSA helps small business owners realize their full potential as leaders for a just future that prioritizes good jobs, equity, and community through organizing, research, and policy advocacy.  MSA also seeks to amplify the voices of its small business membership by sharing their experiences with the aim of creating an economy where all small business owners have an equal opportunity to succeed.  MSA is nonpartisan and is a §501(c)(3) organization.

3.    MSA has approximately 1410 small business members in California, including more than 70 small businesses in Alameda, Santa Clara, San Francisco, Sonoma, and Contra Costa Counties.

4.    MSA's small business members rely on the U.S. Small Business Administration ("SBA") for a variety of valuable services that help small businesses succeed.  These services include loans, loan guarantees, and grants; disaster relief; assistance in connecting small businesses with government contracting opportunities; and a national network of some 1,000 Small Business Development Centers that provide counseling and training to help entrepreneurs start their own businesses.

5.    As of June 2024, according to publicly available data, the SBA had 7,646 employees throughout the United States, more than 800 of whom worked in California.

6.    According to news reports and a February 20, 2025 letter from Senator Edward Markey to SBA Administration Kelly Loeffler, hundreds of SBA probationary employees have been terminated since early February.  This mass termination has been particularly chaotic, starting with a notice that was distributed to employees erroneously on February 7, 2025, and was rescinded a few days later, only to be followed by new termination notices issued the next day.  As Sen. Markey

1    writes in his letter, these fired employees "include those supporting disaster assistance and oversight

2    of loan programs."  A true and correct copy of this letter, which is available at

3    https://www.sbc.senate.gov/public/_cache/files/3/7/374bfdd9-b780-47d7-9743-

4    ed8b8168cb5e/0BD7EFB3B036856764ADA2230B739ED0F18AFE2214B13FDE703BEC3DA7A8

5    F9C2.sbc-dems-letter-on-sba-mass-firings.pdf, is attached hereto as Exhibit 1.

6          7.     The loss of SBA staff imperils the services it provides to small businesses, including

7    MSA members.  For example, the SBA's Emergency Injury Disaster Loan ("EIDL") program

8    provides emergency financial assistance to small businesses in natural disasters, including businesses

9    that have suffered as a result of the January 2025 Los Angeles wildfires and Hurricane Helene in

10   western North Carolina.  EIDL loans help small businesses that have suffered substantial economic

11   injury as a result of a natural disaster, resulting in the inability to meet financial obligations and pay

12   their regular and necessary operating expenses.  Small businesses can use these loans for working

13   capital and expenses such as the continuation of health care benefits, rent, utilities, and fixed debt

14   payments.  This assistance is essential to help keep small businesses afloat.  MSA's members have

15   benefited from this crucial financial assistance, and they are fearful that the chaotic terminations of

16   SBA employees inevitably will make access to that financial assistance slower and less reliable in

17   ongoing and future crises – precisely when the SBA's support is the most essential to ensure that

18   small businesses can survive until a local economy gets back on its feet.

19         8.     One of the SBA's most essential functions is to provide loan guarantees to small

20   businesses.  While local banks often fund the loans themselves, it is the loan guarantees from SBA

21   that often are the only way that small business owners to obtain financing.  These are typically the

22   kinds of loans that a commercial lender would consider too risky but for the SBA's loan guarantees.

23   MSA's members rely on SBA's loan guarantees to get their businesses off the ground and help them

24   grow.  The process of obtaining loan guarantees can be lengthy and slow at the best of times, but that

25   process has historically been sufficiently reliable that once the process is near completion, small

26   business owners can begin entering into supply and construction contracts with confidence that their

27   financing will available in time to pay those contractors.  The termination of large numbers of SBA

28   employees is likely to slow down the process of securing loan guarantees even further, thereby

Declaration of Shawn Phetteplace, No. 3:25-cv-01780-WHA                                    2

1    further delaying the contracting process.  Small business owners who have already entered into

2    contracts with the expectation of obtaining their loan guarantees are likely to be on the hook for

3    expenses owed to contractors and suppliers without the ability to pay amounts owed.  The slowing of

4    loan guarantees is therefore likely to have ripple effects beyond the small businesses that are delayed

5    in obtaining financing, as it affects the cash flow of their contractors, suppliers, and the employees of

6    those entities.  A slowdown in SBA loan guarantee work is also likely to deter local banks from

7    providing loans for startup businesses—another ripple effect that will harm local economies and job

8    markets.

9          9.      The drastic reduction in the SBA workforce as a result of the probationary employee

10    terminations is also likely to harm MSA members that use the SBA's services to connect with them

11    government contracting opportunities.  The loss of SBA employees will inevitably slow down the

12    provision of these services.  That means that small businesses will be impaired in their ability to

13    obtain valuable government contracts, with ripple effects in local economies and job markets that

14    could have benefited from those contracts.  The dramatic reduction in the SBA workforce is also

15    likely to undermine the effective operation of the Small Business Development Centers, that are

16    embedded in local communities throughout the country, including in several Bay Area counties.

17    These Centers provide business consulting and training to help entrepreneurs launch their businesses.

18    A reduction in their services will inevitably inhibit some entrepreneurs from getting their businesses

19    off the ground.

20

21       I declare under penalty of perjury under the laws of the United States that the foregoing is true

22    and correct.  Executed this 22d day of February 2025 in Madison, Wisconsin.

23

24                                          _____

                                                Shawn Phetteplace

25

26

27

28

# EXHIBIT 1

# United States Senate

February 20, 2025

The Honorable Kelly Loeffler
Administrator
U.S. Small Business Administration
409 3rd Street, SW
Washington, DC 20416

Dear Administrator Loeffler,

Over the past week, the Small Business Administration (SBA) has taken unprecedented personnel actions that have gutted its civil service workforce around the country. This includes the firing of hundreds of SBA employees serving their probationary work period. Yet, SBA has provided us with no direct information about these terminations, including why they were undertaken, the number and identities of fired employees, or which SBA offices were impacted. This lack of transparency — quickly becoming a hallmark of the new Trump administration — is unacceptable. The public has the right to know and understand the reasons for and the scope of these terminations which affect the SBA's ability to carry out its mission on behalf of the more than 30 million small businesses nationwide.

According to reports, on February 7, 2025, termination notices were sent to hundreds of probationary SBA employees across the United States;[1] nearly 90 % of SBA employees are located in duty stations outside its Washington, DC headquarters.[2] Three days later, on February 10th, the SBA rescinded those notices, claiming they had been sent in error.[3] Then, the very next day, those workers were "re-fired" when they again received a termination notice that in fact ended their employment.[4]

Through our own investigation and public reporting, we have learned that the fired employees include those supporting disaster assistance and oversight of loan programs. Some were service-disabled veterans. Summary firing, communicated — and miscommunicated — by email, is not how our country should treat public servants, especially our heroes.

---

[1] Eleanor Pringle, *Trump's small business department fired staff and said it was an accident – then emailed the next day re-firing them*, FORTUNE (Feb. 12, 2025), https://fortune.com/2025/02/12/sba-firing-mistake-terminated-confusion-probation-staff/.
[2] *See* U.S. Office of Personnel Management: FedScope, Federal Workforce Data, https://www.fedscope.opm.gov/ (last visited Feb. 12, 2025), https://www.fedscope.opm.gov/.
[3] Eli Stokols, *DOGE order triggers firings at SBA of employees prematurely fired Friday*, POLITICO (Feb. 11, 2025), https://www.politico.com/news/2025/02/11/sba-employees-fired-by-doge-twice-00203750.
[4] Eleanor Pringle, *Trump's small business department fired staff and said it was an accident – then emailed the next day re-firing them*, FORTUNE (Feb. 12, 2025), https://fortune.com/2025/02/12/sba-firing-mistake-terminated-confusion-probation-staff/.

The Honorable Kelly
Loeffler.
February 20, 2025
Page 2

     Even more concerning, SBA supervisors were not notified of these personnel actions.[5] And the termination notices sent the same stock language to each probationary employee: "During this probationary or trial period, it has been determined that your continued employment does not promote the efficiency of the service because you have failed to demonstrate fitness for continued federal employment."[6] But federal regulations require, at a minimum, that "when an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment," the agency must convey to the terminated employee in writing its "conclusions as to the inadequacies of [their] performance or conduct." No effort was made here to comply with that regulatory requirement.[7] Now these employees— middle class civil servants who were terminated without proper cause — will be forced to use their own financial resources to fight these cases before the Merit Systems Protection Board.

     This mass firing was arbitrary and certainly not in the SBA's best interests. One has to wonder, is the SBA really in charge or is Elon Musk's Department of Government Efficiency (DOGE) or the Office of Management and Budget (OMB)[8] leading these efforts? The firings further beg the question why an Acting SBA Administrator was making major personnel changes at the agency and not waiting for guidance from you, a Senate-confirmed Administrator.

     The SBA's efforts to implement President Trump's "deferred resignations" program have only served to compound the chaos at the agency. On February 11, 2025, the SBA sent an early retirement contract to employees who offered to resign under the program. The contract included a provision that requires employees to waive their rights to bring legal action against the SBA related to the employee's employment. This language seems to confirm the fears that many federal employment experts have expressed about these deferred resignations: they are part of a broader scheme to trick federal employees into resigning and then stiff them when it comes to following through on pay and benefits.[9] To protect SBA employees' rights, we need more insight into how the SBA intends to carry out these deferred resignations.

     Also, on February 11, 2025, the President signed an executive order directing agency heads to begin preparations for a large-scale reduction in force (RIF).[10] The order further requires that, within 30 days, federal agencies submit reorganization plans to OMB recommending

[5] Eli Stokols, *DOGE order triggers firings at SBA of employees prematurely fired Friday*, POLITICO (Feb. 11, 2025), https://www.politico.com/news/2025/02/11/sba-employees-fired-by-doge-twice-00203750.

[6] Eleanor Pringle, *Trump's small business department fired staff and said it was an accident – then emailed the next day re-firing them*, FORTUNE (Feb. 12, 2025), https://fortune.com/2025/02/12/sba-firing-mistake-terminated-confusion-probation-staff/.

[7] *See* 5 C.F.R. § 315.804 (2024).

[8] *See* OFFICE OF MANAGEMENT AND BUDGET, EXECUTIVE OFFICE OF THE PRESIDENT, GUIDANCE ON PROBATIONARY PERIODS, ADMINISTRATIVE LEAVE AND DETAILS (2025), https://www.opm.gov/media/yh3bv2fs/guidance-on-probationary-periods-administrative-leave-and-details-1-20-2025-final.pdf.

[9] Erich Wagner & Eric Katz, Employee groups, *Democrats, experts warn feds not to accept 'deferred resignation' offer*, GOVERNMENT EXECUTIVE (Jan. 29, 2025), https://www.govexec.com/workforce/2025/01/employee-groups-democrats-experts-warn-feds-not-accept-deferred-resignation-offer/402599/.

The Honorable Kelly
Loeffler.
February 20, 2025
Page 3

whether the agency or its subcomponents should be eliminated. The SBA was underfunded and understaffed before President Trump took this executive action, and his continued efforts to terminate SBA employees will only lead to further disruption of critical aid and resources flowing to America's small businesses. President Trump prides himself on his purported success as a businessman. One would think he would try to avoid treating in such a haphazard, unprofessional, and uncompassionate manner an agency whose mission is to help small businesses and entrepreneurs receive the assistance they need to pursue the American dream.

In order to ensure small businesses continue to receive the SBA services they need to thrive, we request the following: First, put an immediate stop to the arbitrary firings of career civil servants and reinstate them immediately, with backpay. Second, have your Deputy Inspector General conduct a thorough review of the SBA's actions to ensure that any termination was lawful. And third, promptly brief the Committee's minority staff on SBA's recent personnel actions and its plan to implement the President's deferred resignations and RIF executive order.

If you have any questions about these requests, please contact the U.S. Senate Committee on Small Business and Entrepreneurship minority staff at 202-224-0507.

Sincerely,

Edward J. Markey
Ranking Member
Senate Committee on Small
Business
and Entrepreneurship

Maria Cantwell
United States Senator

Jeanne Shaheen
United States Senator

Cory A. Booker
United States Senator

---

[10] Executive Order No. 14,210, Implementing the President's "Department of Government Efficiency" Workforce Optimization (Feb. 11, 2025), 2025-02762.pdf.

The Honorable Kelly
Loeffler.
February 20, 2025
Page 4

Christopher A. Coons
United States Senator

Mazie K. Hirono
United States Senator

Jacky Rosen
United States Senator

John Hickenlooper
United States Senator

Adam B. Schiff
United States Senator

cc: Sheldon Shoemaker, Deputy Inspector General, U.S. Small Business Administration

1  Scott A. Kronland (SBN 171693)
Stacey M. Leyton (SBN 203827)
2  Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
3  Robin S. Tholin (SBN 344845)
James Baltzer  (SBN 332232)
4  ALTSHULER BERZON LLP
177 Post Street, Suite 300
5  San Francisco, CA 94108
Tel. (415) 421-7151
6  Fax (415) 362-8064
skronland@altber.com
7  sleyton@altber.com
egoldsmith@altber.com
8  dleonard@altber.com
rtholin@altber.com
9  jbaltzer@altber.com
10
11  *Attorneys for Plaintiffs*
12  [Additional Counsel on signature page]
13
14           UNITED STATES DISTRICT COURT
15        FOR THE NORTHERN DISTRICT OF CALIFORNIA
16             SAN FRANCISCO DIVISION
17
AMERICAN FEDERATION OF GOVERNMENT          Case No. 3:25-cv-01780-
18  EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF   WHA
STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-
19  CIO; AFGE LOCAL 1216; UNITED NURSES         **FIRST AMENDED**
ASSOCIATIONS OF CALIFORNIA/UNION OF HEALTH   **COMPLAINT FOR**
20  CARE PROFESSIONALS, AFSCME, AFL-CIO; AFGE   **DECLARATORY AND**
LOCAL 2110; MAIN STREET ALLIANCE; COALITION TO  **INJUNCTIVE RELIEF**
21  PROTECT AMERICA'S NATIONAL PARKS; WESTERN
WATERSHEDS PROJECT; VOTE VETS ACTION FUND
22  INC.; and COMMON DEFENSE CIVIC ENGAGEMENT,
23           Plaintiffs,
24     v.
25
UNITED STATES OFFICE OF PERSONNEL
26  MANAGEMENT and CHARLES EZELL, in his official
capacity as Acting Director of the U.S. Office of Personnel
27  Management,
Defendants.
28

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA
3-ER-449

1    Plaintiffs American Federation of Government Employees, AFL-CIO ("AFGE"), American

2    Federation of State County and Municipal Employees, AFL-CIO ("AFSCME"), AFGE Local 1216,

3    and United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-

4    CIO ("UNAC/UHCP"), AFGE Local 2110 (collectively, "Union Plaintiffs"), Main Street Alliance,

5    Coalition To Protect America's National Parks, Western Watersheds Project, Vote Vets Action Fund

6    Inc., and Common Defense Civic Engagement (collectively, "Plaintiffs"), file this complaint seeking

7    to enjoin the terminations of tens of thousands of federal employees in contravention of federal

8    constitutional and statutory law, against Defendants the United States Office of Personnel

9    Management ("OPM") and Acting OPM Director Charles Ezell, and hereby plead as follows:

10                                  **INTRODUCTION**

11        1.    On February 13, 2025, Defendant OPM and its newly appointed Acting Director,

12    Defendant Charles Ezell, ordered federal agencies across the country to terminate tens of thousands

13    of federal employees by sending them standardized notices of termination, drafted by OPM, that

14    falsely state that the terminations are for performance reasons.

15        2.    Probationary employees are employees of the competitive service in their first year of

16    employment, and employees of the excepted service in their first two years of employment (hereafter

17    collectively "probationary employees").  Probationary employees may include experienced federal

18    employees who have recently become employed in a new position or a new agency.

19        3.    OPM's directive that federal agencies terminate these employees en masse, on

20    pretextual grounds, seeks to further the newly elected Presidential Administration's policy goals of

21    dramatically curtailing the size and spending of the federal government.  But Congress, not OPM,

22    controls and authorizes federal employment and related spending by the federal administrative

23    agencies, and Congress has determined that each agency is responsible for managing its own

24    employees.  OPM lacks the constitutional, statutory, or regulatory authority to order federal agencies

25    to terminate employees in this fashion that Congress has authorized those agencies to hire and

26    manage, and certainly has no authority to require agencies to perpetrate a massive fraud on the

27    federal workforce by lying about federal workers' "performance," to detriment of those workers, their

28

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                1

1    families, and all those in the public and private sectors who rely upon those workers for important

2    services.

3        4.    OPM is an agency with no statutory authority to make termination decisions for

4    federal employees (other than for OPM's own employees).  Notwithstanding this lack of legal

5    authority, OPM ordered federal agencies throughout the nation, including in this District, to wipe out

6    their ranks of probationary employees without any regard to applicable statutes, including the

7    Administrative Procedure Act ("APA") and statutes governing federal employment and the respective

8    roles of OPM and the agencies.

9        5.    OPM also ordered the agencies to use a template e-mail to terminate these workers,

10    provided by OPM, that falsely inform employees that their terminations are for performance reasons

11    rather than as part of a government-wide policy to reduce headcount that was authorized by no law.

12        6.    The federal agencies that followed OPM's directive did not otherwise have plans to

13    terminate the entirety of their probationary workforce, who were employed in authorized positions to

14    perform services that in each agency's judgment were needed to perform their statutorily mandated

15    role.  In fact, some agencies have confirmed to their employees that they did not want to terminate

16    their probationary employees but were directed to do so by OPM.  And they have confirmed that the

17    notices of termination mandated by OPM were false, because the agencies were *not* firing the

18    workers for performance reasons.

19        7.    As of the filing of this Complaint, tens of thousands of probationary employees across

20    dozens of federal agencies have already been terminated in the summary, assembly-line fashion

21    directed by OPM.  Each day, more such employees receive notice of the termination of their federal

22    employment.  The terminations have been conducted summarily, without any advance notice to the

23    affected employees, throwing their lives, their families' lives, and the entire federal government into

24    chaos.

25        8.    OPM, the federal agency charged with implementing this nation's employment laws,

26    in one fell swoop has perpetrated one of the most massive employment frauds in the history of this

27    country, telling tens of thousands of workers that they are being fired for performance reasons, when

28    they most certainly were not.

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                    2

9. OPM's program is an unlawful *ultra vires* action outside the scope of any statutory or Constitutional authority. OPM's program also violates the APA's prohibitions of unlawful, arbitrary and capricious, and procedurally improper agency action (including because this government-wide action was taken without notice and comment rule-making). Where, as here, a federal agency has engaged in unlawful action contrary to the APA, the courts "shall …hold unlawful and set aside" that action. 5 U.S.C. § 702(2).

10. The APA, was designed to "serve as the fundamental charter of the administrative state." *Kisor v. Wilkie*, 588 U.S. 558, 580 (2019) (plurality opinion) (internal quotation marks omitted). As the Supreme Court recently explained, "Congress in 1946 enacted the APA 'as a check upon administrators whose zeal might otherwise have carried them to excesses not contemplated in legislation creating their offices.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 391 (2024) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 644 (1950)). OPM's actions disrupt the constitutional balance of power and violate numerous federal statutes, running roughshod over fundamental protections against unlawful and arbitrary federal action.

11. The Court should immediately enjoin OPM and all those acting in concert with it to cease implementation of its unlawful order requiring these mass pretextual terminations of probationary federal employees and to rescind the unlawful terminations that already have occurred.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

13. Venue is appropriate in this district under 28 U.S.C. § 1391(e). Plaintiffs AFGE and AFGE Local 1216 represent probationary and trial-period federal employees whose place of employment is within the Northern District of California, and who have been terminated, or are subject to termination, because of OPM's illegal program.

14. Intradistrict assignment is appropriate in the San Francisco/Oakland division of this Court.

## PARTIES

15. Plaintiff AFGE, AFL-CIO, is a labor organization and unincorporated association headquartered at 80 F Street N.W., Washington, D.C. 20001. AFGE, the largest union of federal

employees, represents approximately 800,000 federal civilian employees through its affiliated councils and locals in every state in the United States, including employees of numerous agencies of the federal government, including the Department of Veterans Affairs ("VA"), Department of Education, National Institutes of Health, Small Business Administration, and others.  AFGE represents employees of the VA who are employed in San Francisco, Oakland, San Bruno, Eureka, Ukiah, Clearlake, and Martinez, California.

16.     Plaintiff AFSCME, AFL-CIO, is a labor organization and unincorporated association headquartered at 1625 L Street, N.W., Washington, D.C. 20036.  AFSCME is the largest trade union of public employees in the United States, with 1.4 million members organized into approximately 3,400 local unions, 58 councils and affiliates in 46 states, the District of Columbia and Puerto Rico. AFSCME unions represent federal civilian employees in numerous agencies and departments across the federal government, including the Federal Aviation Administration, the Department of Agriculture, the Peace Corps, Americorps, and the Veterans Administration.

17.     Plaintiff AFGE Local 1216 is a labor organization and unincorporated association headquartered at 4150 Clement Street, San Francisco, California 94121.  AFGE Local 1216 represents hundreds of VA employees who are employed in San Francisco, California.

18.     Plaintiff United Nurses Association of California/United Health Care Professionals, AFSCME, AFL-CIO ("UNAC"), is a labor organization and an unincorporated association headquartered at 955 Overland Ct., Suite 150, San Dimas, California 91773.  UNAC represents employees of the VA who are employed at Pettis Memorial Hospital in Loma Linda, California.

19.     Plaintiff AFGE Local 2110 is a labor organization and unincorporated association headquartered in Palo Alto, California.  AFGE Local 2110 represents approximately 4,000 employees of the VA at the VA Palo Alto Health Care System, including its Menlo Park and Livermore Divisions, and at several Community-Based Outpatient Clinics in Fremont, San Jose, Monterey, and Capitola.  Those employees work in all non-supervisory classifications, including doctors, nurses, emergency medical services personnel, food service workers, custodial staff, and administrative staff.

20.     Plaintiff Main Street Alliance ("MSA") is a national network of small businesses, with approximately 30,000 members throughout the United States.  MSA helps small business owners

1    realize their full potential as leaders for a just future that prioritizes good jobs, equity, and community

2    through organizing, research, and policy advocacy.  MSA also seeks to amplify the voices of its small

3    business membership by sharing their experiences with the aim of creating an economy where all

4    small business owners have an equal opportunity to succeed.  MSA is nonpartisan and is a §501(c)(3)

5    organization.  MSA has approximately 1,410 small business members in California, including more

6    than 70 small businesses in Alameda, Santa Clara, San Francisco, Sonoma, and Contra Costa

7    Counties.

8            21.     Plaintiff Coalition to Protect America's National Parks ("Coalition") is a non-profit

9    organization made up of over 3,400 members, all of whom are current, former, and retired employees

10   and volunteers of the National Park Service. Together, they have accumulated over 50,000 years of

11   experience caring for America's most valuable natural and cultural resources.  The Coalition's goal is

12   to support the preservation and protection of the National Park System and the mission-related

13   programs of the National Park Service ("NPS") to ensure the survival of the park system for

14   generations to come.  The Coalition's members are regular and avid users of the National Park

15   System and NPS programs.

16           22.     Plaintiff Western Watersheds Project ("WWP") is a non-profit environmental

17   conservation group that works to influence and improve public lands management throughout the

18   western United States to protect native species and conserve and restore the habitats they depend

19   on.  WWP's primary focus is on the negative impacts of livestock grazing, including harm to

20   ecological, biological, cultural, historic, archeological, scenic resources, wilderness values, roadless

21   areas, Wilderness Study Areas and designated Wilderness.  WWP was founded in 1993 and has more

22   than 14,000 members and supporters and field offices in Idaho, Montana, Wyoming, Arizona,

23   Nevada, and Oregon.  WWP covers over 250 million acres of public land spanning all of the western

24   states.

25           23.     Plaintiff Vote Vets Action Fund Inc. ("VoteVets") is a non-partisan, non-profit

26   organization incorporated under the laws of the District of Columbia. Its purpose is to lift up the

27   voices of veterans on matters of national security, veterans' care, and everyday issues that affect the

28   lives of those who served as well as their families including foreign policy, veterans' unemployment,

1    robust investment in care for veterans, energy security, protecting the rights of those who serve, and

2    upholding the Constitution and democracy that every military member swore to uphold and protect.

3    VoteVets has nearly two million supporters across the country, in all fifty states, with whom it

4    regularly communicates about issues affecting veterans, including the operations, programs, and

5    services available through the VA.  Approximately 417,000 of VoteVets' supporters live in California,

6    including 131,000 in Northern California.

7        24.    Plaintiff Common Defense Civic Engagement ("Common Defense") is a grassroots

8    membership organization of progressive veterans, military families, and civilian supporters standing

9    up for our communities against the rising tide of racism, hate, and violence.  Common Defense

10   invests in the leadership of its members through training and deployment in campaigns that connect

11   directly to their history of service, including voting rights, climate justice, and anti-militarism.

12   Approximately 33,187 of Common Defense's members live in California, including approximately

13   2,000 veterans.

14       25.    Plaintiffs bring the claims in this complaint on their own behalf and on behalf of their

15   members.

16       26.    Defendant Office of Personnel Management ("OPM") is a federal agency

17   headquartered in Washington, D.C.  OPM is a federal agency within the meaning of the

18   Administrative Procedure Act ("APA"), 5 U.S.C. § 551(1).

19       27.    Defendant Charles Ezell has been the Acting Director of OPM since January 20, 2025.

20   He is sued in his official capacity.

21                          **FACTUAL ALLEGATIONS**

22   **I.    Statutes and Regulations Governing Termination of Federal Employment**

23        **A.    Congressional Authorization to Federal Agencies and OPM**

24       28.    Congress created the federal agencies that employ federal workers through an exercise

25   of its Article I legislative power.  The executive agencies of the federal government are identified in

26   various statutes, including 5 U.S.C. § 101 (listing agencies).

27       29.    Each agency has its own authorizing statutes that govern its administration, including

28   statutory provisions that authorize one or more individuals to act as the head of the agency.  *See e.g.*,

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                    6

10 U.S.C. §§ 111, 113 (Defense); 12 U.S.C. § 5491 (CFPB); 16 U.S.C. § 551 (Agriculture/Forest Service); 26 U.S.C. §§ 7801, 7803 (IRS); 38 U.S.C. §§ 301, 303 (VA); 42 U.S.C. §§ 202, 203 (HHS); 42 U.S.C §§ 281, 282 (NIH); 42 U.S.C. §§3411, 3412 (Education); 42 U.S.C. § 7131 (Energy); 51 U.S.C. § 20111 (NASA).

30.     Congress has also authorized, in these agency-specific establishing statutes, each agency head to exercise powers of management over that agency and its employees, including the hiring and firing of employees, consistent with any generally applicable laws.  For example:

- 26 U.S.C. §§ 7803, 7804 (IRS: "the Commissioner of Internal Revenue is authorized to employ such number of persons as the Commissioner deems proper for the administration and enforcement of the internal revenue laws, and the Commissioner shall issue all necessary directions, instructions, orders, and rules applicable to such persons.");

- 42 U.S.C. §§ 7231, 7253 (Energy: "In the performance of his functions the Secretary is authorized to appoint and fix the compensation of such officers and employees, including attorneys, as may be necessary to carry out such functions. Except as otherwise provided in this section, such officers and employees shall be appointed in accordance with the civil service laws …"; "the Secretary is authorized to establish, alter, consolidate or discontinue such organizational units or components within the Department as he may deem to be necessary or appropriate.");

- 20 U.S.C. § 3461 (Education: "The Secretary is authorized to appoint and fix the compensation of such officers and employees, including attorneys, as may be necessary to carry out the functions of the Secretary and the Department.  Except as otherwise provided by law, such officers and employees shall be appointed in accordance with the civil service laws …");

- 42 U.S.C. § 203 (HHS: "The Secretary is authorized … to establish within them such divisions, sections, and other units as he may find necessary; and from time to time abolish, transfer, and consolidate divisions, sections, and other units and assign their functions and personnel in such manner as he may find necessary for efficient operation of the Service.");

- 12 U.S.C. § 5492 (CFPB: "The Bureau is authorized to establish the general policies of the Bureau with respect to all executive and administrative functions, including—…(7) the appointment and supervision of personnel employed by the Bureau; (8) the distribution of business among personnel appointed and supervised by the Director and among administrative units of the Bureau");

- *See also, e.g.,* 16 U.S.C. §§ 551, 554a, e (Agriculture; management and employment in Forest Service); 38 U.S.C. §§ 303, 510 (VA: Secretary; "control, direction, and management of the

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                    7

Department"; "authority to reorganize offices"); 10 U.S.C. § 113 (DOD: Secretary; "authority, direction, and control over the Department of Defense"); 42 U.S.C. § 282 (NIH: Director, management authority); 51 U.S.C. §§ 20111, 20113  (NASA: Administrator "shall have authority and control over all personnel and activities thereof.").

31.    In addition to the specific authority granted to each agency head by these authorizing statutes, Congress also enacted a "General authority to employ" that applies to all federal agencies:

Each Executive agency, military department, and the government of the District of Columbia may employ such number of employees of the various classes recognized by chapter 51 of this title as Congress may appropriate for from year to year.

5 U.S.C. § 3101.

32.    Besides this specific authority regarding employment decisions, Congress also delegated general authority to each federal agency head to adopt regulations "for the government of his department, the conduct of its employees, the distribution and performance of its business…" 5 U.S.C. § 301; *see also* 5 U.S.C. § 302 (authorizing agency heads to delegate their authority to subordinate employees).

33.    Congress also enacted the Civil Service Reform Act of 1978 ("CSRA") to establish uniform standards for agencies and civil service employment across the federal government.  5 U.S.C. § 2101 (defining "civil service"); § 2015 (defining "employee").  The provisions of the CSRA include statutes governing agency termination of employees for cause based on performance (5 U.S.C. § 4303(a); 5 U.S.C. § 7513(a)), and agency layoffs ("reductions in force, or "RIFs") (5 U.S.C. § 3502).

34.    Congress also established the OPM by statute.  5 U.S.C. § 1101.  Congress did *not* authorize the OPM to hire or fire any federal employees employed by any agency other than OPM itself.  5 U.S.C. §§ 1102, 1103.  Rather, OPM's role, as established by Congress, is to act as the human resources agency for the federal government, including by creating and publishing government-wide rules in compliance with the APA.  5 U.S.C. §§ 1103, 1105.  OPM's authority with respect to the termination of employees of other agencies and departments is limited to providing technical assistance and writing regulations.  5 U.S.C. §§ 4304, 4305, 7514.

35.     As the Acting Solicitor General recently confirmed in a petition to the U.S. Supreme Court on behalf of the President and other federal officials, "*[a]gency heads control hiring and firing decisions for subordinates*—here, an agency of over 100 people who perform important investigative and enforcement functions affecting the entire federal workforce."  Thus, in support of its request to vacate a district court temporary restraining order reinstating the head of the Office of Special Counsel, the federal government argued that the President's inability to remove the head of the agency deprived him of the power to control agency's employees—because *only the agency head* is authorized to hire and fire an agency's employees.[1]

**B.    Probationary and Trial-Period Employees in Federal Service**

36.     Approximately 200,000 probationary employees are employed in agencies throughout the federal government nationwide.[2]  Of these, approximately 15,000 are employed in California, providing services that range from fire prevention to veterans' care.

37.     OPM's mass termination program has swept up two categories of federal employees, whose employment is governed by statute and regulation: probationary employees in the "competitive" service, and employees within their first two years of employment in the "excepted" service.  Plaintiffs refer herein to all such employees as "probationary employees."

38.     Probationary employees in the competitive service are, with some exceptions, those who have been employed for less than one year.  5 U.S.C. § 7511(a)(1)(A)(ii); 5 C.F.R. § 315.801. Employees are appointed as "career" or "career-conditional employees" subject to completing the probationary period.  5 C.F.R. § 315.201(a).

39.     The probationary period provides the opportunity for the federal agency to assess the individual performance of the employee.  Under governing OPM regulations, an agency "shall utilize the probationary period as fully as possible to determine the fitness of the employee and shall

---

[1] Application to Vacate the Order Issued by the U.S. District Court for the District of Columbia and Request for an Immediate Administrative Stay, *Bessent v. Dellinger*, No. 24A790, https://www.documentcloud.org/documents/25536868-dellinger-scotus-emergency-filing/?mode=document at 27 (filed U.S. Supreme Court Feb. 16, 2025).

[2] https://www.businessinsider.com/trump-administration-fired-probationary-federal-workers-veterans-affairs-agencies-2025-2

1    terminate his or her services during this period if the employee fails to demonstrate fully his or her

2    qualifications for continued employment." 5 C.F.R. § 315.803(a).

3        40.    Most employees in the excepted service are also subject to a statutory trial period of

4    two years, which, like the probationary period in the competitive service, is intended to permit the

5    agency to evaluate the employee's performance and fitness for long-term employment. 5 U.S.C. §

6    7511(a)(1)(C)(ii).

7        **C.    Regulations Governing the Termination of Probationary Employees**

8        41.    Federal agencies may lawfully terminate probationary employees based on the

9    agency's assessment of the employee's performance during the probationary period, pursuant to

10   5 C.F.R. § 315.804(a), which is entitled: "Termination of probationers for unsatisfactory performance

11   or conduct."

12       42.    Under that regulation, "when an agency decides to terminate an employee serving a

13   probationary or trial period because his work performance or conduct during this period fails to

14   demonstrate his fitness or his qualifications for continued employment, it shall terminate his services

15   by notifying him in writing as to why he is being separated and the effective date of the action." 5

16   C.F.R. § 315.804(a). "The information in the notice as to why the employee is being terminated

17   shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or

18   conduct." *Id.* Trial-period employees in the excepted service have the same notice rights when

19   removed from their positions for performance reasons. 5 C.F.R. § 316.304.

20       43.    Federal agencies may also lawfully terminate a probationary employee "for reasons

21   based in whole or in part in conditions arising before his appointment." 5 C.F.R. § 515.805.

22       **D.    Statutes and Regulations Governing the Termination of Employees as Part of a
           RIF**

23

24       44.    Federal agencies may also terminate probationary employees as part of an agency RIF.

25   An agency may conduct a RIF "to reduce the size of its workforce." *Tiltti v. Weise*, 155 F.3d 596, 601

26   (2d Cir. 1998). "RIFs are not aimed at removing particular individuals; rather, they are directed

27   solely at positions." *Grier v. Dep't of Health & Hum. Servs.*, 750 F.2d 944, 945 (Fed. Cir. 1984).

28

45.    Agencies must follow specific statutory directives in conducting a RIF, including detailed requirements for retention preferences, considerations for veterans, and the consideration of tenure of employment and length of service.  5 U.S.C. § 3502(a)(1), (3).  Congress delegated to OPM the authority to promulgate regulations that agencies must follow in implementing RIFs.  5 U.S.C. § 3502(a).

46.    Pursuant to that statutory authorization, and through notice-and-comment rulemaking, OPM has issued detailed regulations setting forth the procedures by which RIFs must be conducted. *See* 5 C.F.R. Part 351.  These RIF regulations apply whenever an agency determines that it is necessary to release employees "because of lack of work; shortage of funds; insufficient personnel ceiling; reorganization; the exercise of reemployment rights or restoration rights; or reclassification of an employee's position due to erosion of duties … ."  5 C.F.R. § 351.201(a)(2).

47.    All agencies of the federal government are required to comply with the RIF regulations whenever an agency "determines that a reduction force is necessary."  5 C.F.R. § 351.204; *see also* 5 C.F.R. § 351.201(c) ("Each agency is responsible for assuring that the provisions in this part are uniformly and consistently applied in any one reduction in force.").

48.    The RIF regulations apply to employees in the competitive and excepted services.  5 C.F.R. § 351.202(a), (b).  Probationary employees are expressly protected by the RIF regulations.  5 C.F.R. §§ 351.501(b)(2), 351.502(b)(2).  Probationary employees are included in "group II" of three groups of employees, and may only be released, in order of retention, after the release of "group III" employees, a group that includes employees under various temporary, term, and other provisional appointments.  5 C.F.R. § 351.501(b).

49.    Before conducting a RIF, a federal agency must establish "competitive areas in which employees compete for retention."  5 C.F.R. § 351.402.  Thus, RIFs are not conducted based on agency-wide seniority.  Many probationary employees are veterans or would otherwise be entitled to preference in the event of a RIF.

50.    The RIF regulations require that employees receive notice of at least 60 days before being released from employment, or at least 30 days from when the RIF is caused by circumstances that were not reasonably foreseeable.  5 C.F.R. § 351.801(a), (b).

51.     The governing statute and the RIF regulations also require that states and local governments be notified in advance of RIFs of 50 or more employees in an affected geographic area so they can be prepared to assist affected employees.  5 U.S.C. § 3502; 5 C.F.R. § 351.803.

**II.     OPM's Unlawful February 13, 2025 Order to Fire Probationary Employees Across the Nation**

52.     Before the first day of the new Presidential Administration, OPM had never taken the position that it had the authority to direct other agencies to terminate employees.  As of early January 2025, the Acting OPM Director was Rob Shriver.  On January 16, 2025, he issued a press release, and gave an interview discussing OPM's work with agencies throughout the federal government on issues ranging from "skills-based federal hiring"; the ""retirement claims backlog"; a "new health insurance program for Postal workers"; and, significantly, "*how agencies recruit and retain early-career employees*." (Emphasis added).[3]  No mention was made of any federal government plan to terminate the employment of probationary employees at any agency, or across the nation.

53.     Before January 20, 2025, OPM had made no public statement regarding any program to terminate probationary employees.  Neither had any agency in the federal government made any public statement regarding any desire to terminate probationary employees.  No union or group of federal employees had been provided any notice of any program or decision to terminate probationary employees.  On information and belief, before January 20, 2025, OPM had no plans to order federal agencies to terminate their probationary employees, and no agency had such a plan.

54.     Before January 20, 2025, no OPM Director had ever taken the position that OPM had the legal authority to direct agencies to terminate the employment of employees of other federal agencies.

55.     On January 20, 2025, the first day of the incoming Presidential Administration, President Donald J. Trump appointed Charles Ezell to serve as Acting OPM Director.

56.     The same day, Acting OPM Director Ezell distributed a memo to "Heads and Acting Heads of Departments and Agencies" regarding "Guidance on Probationary Periods, Administrative

---

[3] https://federalnewsnetwork.com/workforce/2025/01/after-years-of-work-opm-is-hitting-on-all-cylinders-acting-director-says/.

Leave and Details." In this memo, Acting Director Ezell directed department and agency heads to submit to OPM, no later than January 24, 2025, a report listing all "employees on probationary periods, who have served less than a year in a competitive service appointment, or who have served less than two years in an excepted service appointment."[4] The memorandum directed agencies to "promptly determine whether these employees should be retained at the agency."[5]

57.    OPM required agencies to adhere to a *200-character limit* in any explanation provided as to why any individual employee should be retained by the agency.[6]

58.    On February 11, 2025, President Trump issued Executive Order 14210, entitled "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative."[7] The Executive Order instructed that "Agency Heads shall promptly undertake preparations to initiate large-scale reductions in force (RIFs)."[8]

59.    OPM did not wait for agencies to plan for or initiate any RIF.

60.    On February 13, 2025, OPM officials met with agency leaders across the federal government and directed them to begin firing their probationary employees without following RIF procedures.[9]

61.    CBS News has reported that: "**The decision on probationary workers**, who generally have less than a year on the job, **came from the Office of Personnel Management**, which serves as a human resources department for the federal government. The notification was confirmed by a person familiar with the matter, who spoke on condition of anonymity because they weren't authorized to discuss it publicly." (Boldface added.)[10]

---

[4]    https://www.opm.gov/media/yh3bv2fs/guidance-on-probationary-periods-administrative-leave-and-details-1-20-2025-final.pdf

[5]    *Id.*

[6]    https://federalnewsnetwork.com/workforce/2025/02/opm-asks-agencies-to-justify-keeping-probationary-employees/

[7]    https://www.whitehouse.gov/presidential-actions/2025/02/implementing-the-presidents-department-of-government-efficiency-workforce-optimization-initiative/

[8]    *Id.*

[9]    https://thehill.com/homenews/administration/5144113-federal-probationary-employees-fired/

[10]    https://www.cbsnews.com/news/federal-layoffs-probationary-workers-warnings-bigger-cuts-on-way/

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                    13

62.    On information and belief, as of February 13, 2025, prior to the order from OPM, no federal agency intended to terminate its probationary employees en masse, and no agency intended to terminate probationary employees (other than on an individualized basis for actual performance or conduct reasons) without complying with RIF procedures.

63.    Agencies across the federal government began acting on OPM's February 13 directive immediately through chaotic mass terminations of their probationary employees.[11]

64.    Tens of thousands of probationary employees have already been subjected to mass terminations, with no advance notice, by agencies across the federal government, including employees at the following agencies:

> U.S. Forest Service[12]
> Department of Veterans Affairs[13]
> Department of Education[14]
> National Science Foundation[15]
> General Services Administration[16]
> Small Business Administration[17]
> Consumer Financial Protection Bureau[18]
> Department of Energy[19]
> National Nuclear Security Administration[20]
> Housing and Urban Development[21]
> Center for Disease Control[22]

---

[11] https://www.washingtonpost.com/politics/2025/02/14/trump-firing-probation-workforce-buyouts-layoffs-doge/f816fbea-eb23-11ef-969b-cfbefacb1eb3_story.html

[12] https://www.reuters.com/world/us/mass-firings-federal-workers-begin-trump-musk-purge-us-government-2025-02-13/; https://www.sfgate.com/california-parks/article/joshua-tree-yosemite-locals-protest-mass-layoffs-20174425; https://www.nytimes.com/2025/02/18/climate/trump-layoffs-park-and-forest-service-workers.html

[13] Id.; https://www.washingtonpost.com/nation/2025/02/17/trump-fires-federal-workers-performance/

[14] https://www.reuters.com/world/us/mass-firings-federal-workers-begin-trump-musk-purge-us-government-2025-02-13/

[15] https://www.wired.com/story/national-science-foundation-february-2025-firings/; https://www.nytimes.com/2025/02/18/us/politics/national-science-foundation-firings.html.

[16] https://www.reuters.com/world/us/mass-firings-federal-workers-begin-trump-musk-purge-us-government-2025-02-13/

[17] https://www.businessinsider.com/federal-workers-fired-not-fired-then-terminated-sba-2025-2

[18] https://www.reuters.com/world/us/mass-firings-federal-workers-begin-trump-musk-purge-us-government-2025-02-13/

[19] https://www.eenews.net/articles/doe-to-lay-off-probationary-staff-today/

[20] https://www.npr.org/2025/02/13/nx-s1-5296928/layoffs-trump-doge-education-energy

[21] https://www.nbcnews.com/politics/white-house/trump-administration-federal-agencies-fire-probationary-employees-rcna192149

[22] https://apnews.com/article/trump-firing-probation-workforce-buyouts-layoffs-doge-159a6de411622c2eb651016b1e99da37

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                    14

National Park Service[23]
National Institutes of Health[24]
Environmental Protection Agency[25]
Bureau of Reclamation[26]
Department of Interior[27]
Bonneville Power Association[28]
US Department of Agriculture[29]
Bureau of Land Management[30]
US Fish and Wildlife[31]
Cybersecurity and Infrastructure Security Agency[32]
US Citizenship and Immigration Services[33]
Federal Emergency Management Agency[34]
Federal Aviation Administration[35]
Department of Transportation[36]
Food and Drug Administration[37]
National Highway Traffic Safety Administration[38]
Pipelines and Hazardous Materials Safety Administration[39]
Centers for Medicare & Medicaid Services[40]
Substance Abuse and Mental Health Services Administration[41]

---

[23] https://www.nytimes.com/2025/02/18/us/politics/national-science-foundation-firings.html (1000 NPS employees)

[24] https://www.nbcwashington.com/news/president-trump-politics/taking-away-years-of-experience-nih-probationary-employees-fired-friday/3845749/

[25] https://abcnews.go.com/US/agencies-federal-workers-fired/story?id=118901289

[26] https://www.nytimes.com/2025/02/18/us/politics/national-science-foundation-firings.html

[27] *Id.* (1300 Interior Dept employees fired over holiday weekend).

[28] https://www.opb.org/article/2025/02/19/bonneville-power-administration-reverses-30-job-cuts-continues-with-plans-to-eliminate-430-positions/

[29] https://www.npr.org/2025/02/18/nx-s1-5300150/among-the-federal-workers-fired-usda-workers-who-keep-food-safe-and-crops-growing

[30] https://www.nytimes.com/2025/02/18/us/politics/national-science-foundation-firings.html; https://www.cnn.com/2025/02/14/politics/probationary-federal-employees-agencies-firings-doge/index.html

[31] https://www.cnn.com/2025/02/14/politics/probationary-federal-employees-agencies-firings-doge/index.html

[32] https://thehill.com/homenews/5154340-dhs-fires-probationary-employees/

[33] *Id.*

[34] https://www.politico.com/news/2025/02/19/fema-email-firings-affect-majority-staff-00204779

[35] https://apnews.com/article/doge-faa-air-traffic-firings-safety-67981aec33b6ee72cbad8dcee31f3437

[36] https://www.nbcphiladelphia.com/news/national-international/transportation-department-workers-with-exceptional-reviews-told-theyre-fired-for-performance-issues/4111423/?os=iosdF&ref=app

[37] https://www.nytimes.com/2025/02/18/us/politics/fda-food-safety-jim-jones-resignation.html (terminated workers "included people with specialized skills in infant formula safety and food safety response"; FDA food safety chief resigns because "loss of critical employees overseeing the nation's food supply made his work impossible").

[38] https://www.politico.com/news/2025/02/18/layoffs-auto-pipeline-safety-00204715

[39] *Id.*

[40] https://www.fiercehealthcare.com/regulatory/mass-layoffs-hhs-cdc-cuts-1300-probationary-workers-reports-say

[41] *Id.*

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                    15

1    Federal Deposit Insurance Corporation[42]

2    65.    While implementing OPM's orders, numerous federal agencies informed workers that

3    OPM ordered the terminations.  For example, at the National Science Foundation meeting for

4    probationary employees, employees were told the following:

5       You've been invited here today because you were either a probationary employee or you are
        an expert on intermittent appointment.

6
7       We've asked you here today to tell you face to face that we will be terminating your
        employment at the end of the day today.

8
9       *We've been directed by the administration to remove all term probationary employees.*

10      Today at 11 o'clock, each of you will receive a termination letter by email.

11      At 1 p.m, you will lose access to the network[.]  And at the end of the day today, you'll be
        terminated.

12
13      You ready? You have one more thing.  You have the option to resign in lieu of termination.

14      That may be beneficial to you.  If you choose to resign, you will not be eligible for
        unemployment.

15
16      However, if asked when you apply for future positions, you will be able to say that you were
        not terminated.

17      So for those of you that have federal benefits.  Sorry.  Okay.  For those of you that have
        federal benefits, your health insurance will be terminated at the end of the pay period.

18
19      Your federal dental and vision insurance plan, they will terminate at the end of the pay period.
        There is no extension for coverage under FedVIP.
        …
20      This is in executing Government-wide guidance from the administration.  I'm sure you've
        read in the news that all agencies are terminating probationary employees.

21
22      …
        So there was no limited discretion.  *This is not a decision the agency made.  This is a*
23      *direction we received*, first of all.  Second of all, this is the first of many forthcoming
        workforce reductions.

24      …
        *We are following orders*.  We are part of the executive branch.  We follow that.  I apologize for
25      people that have made life-changing career moves.

26      …

27

28      ───────────────────
        [42] https://www.reuters.com/world/us/fdic-fires-new-employees-part-broader-government-layoffs-2025-02-
        18/

> We were directed last Friday by OPM to terminate all probationers except for a minimal number of mission critical probationers.
> Mission critical determination, first of all, it is exceptionally small number that we're permitted to have.
> …
> There's no negotiation, first of all.  *And second of all, the administration has already announced its intention to significantly reduce the workforce.*
>
> It is only a matter of time. It is not today is not the only workforce reduction that we will do.

(Emphasis added.)

66.     The NSF explained that the agency had previously been told that it would have discretion to retain workers, and had in fact made the decision to retain all of its probationary employees, only to have OPM issue a superseding order on February 13, 2025 requiring the agency to terminate everyone:

> We did.  In the last two weeks.  Up until Friday.  Yes.  We were told by OPM it was the agency's discretion whether to remove probations or not.
>
> *We chose to retain them all.*  Last Friday night.
>
> They gave direction to there was some direction that was given to cabinet level agencies.  And so you saw those actions taking place at the end of last week.
>
> But the directions we received were it was our discretion.  And late, late Friday night….
>
> *They told us that they directed us to remove probationers.*

(Emphasis added.)

67.     On information and belief, OPM required agencies to use template letters, which OPM created and provided to the agencies, to be sent to those agencies' probationary employees, citing performance as the basis for the termination.

68.     Reflecting that directive, many agencies have used identical or nearly identical text in letters notifying probationary employees of their termination.  For example:

    a.   Termination letters received by probationary employees in multiple agencies, including the Departments of Homeland Security, Health and Human Services, Agriculture, and Education, included identical introductory language stating as follows, with identical footnotes and footnote text:

Guidance from the Office of Personnel Management ("OPM") states, "An appointment is not final until the probationary/trial period is over," and the probationary/trial period is part of "the hiring process for employees."[1]  "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service."[2]  "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the civil service for this particular individual."[3]

b.  Termination letters received by probationary employees in multiple agencies included the following boilerplate language describing the reasons for their termination: "The Agency finds, **based on your performance**, that you have not demonstrated that your further employment at the Agency would be in the public interest."  (Boldface added).

c.  Similarly, termination letters received by probationary employees in multiple agencies included the following boilerplate language describing the reasons for their termination: "Unfortunately, the Agency finds that that you are not fit for continued employment because your ability, knowledge and skills do not fit the Agency's current needs, and **your performance** has not been adequate to justify further employment at the Agency."  (Boldface added).[43]

69.  At the National Science Foundation meeting reference above, employees were told the language in the letters came from the "boilerplate" language from OPM:

"The cause comes from boilerplate we received from OPM.  The cause says that the agency finds based on your performance that you have not demonstrated that your further employment at the agency would be in the public interest."

70.  The termination letters issued to probationary employees cite, as authority for the terminations, the regulations that govern terminations **for performance reasons**:  5 C.F.R. § 315.803 (directing agencies to terminate probationary employees "if the employee fails to demonstrate fully

---

[43] Recent reporting by the Washington Post revealed similar templates and instructions by OPM to agencies in January and February 2025 with respect to employees unlawfully targeted for termination and/or administrative leave because of perceived participation in work related to Diversity, Equity, and Inclusion programs.  Washington Post, Feb. 15, 2025, *Records show how DOGE planned Trump's DEI purge — and who gets fired next,* available at: https://wapo.st/4jVWqEd.

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                      18

his or her qualifications for continued employment"); 5 C.F.R. § 315.804 (requiring notice of the reasons when an agency "decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment," including a statement of the "agency's conclusions as to the inadequacies of [the employee's] performance or conduct"); and 5 C.F.R. § 316.304 (entitling trial period employees in the excepted service to the same notice rights upon termination for performance reasons as probationary employees in the competitive service).

71.     Despite the citation of these authorities in the template termination letters, the letters fail to provide any individualized reasons why the employees' performance warranted termination. Many termination letters appear to have been created by means of mail merges.  Some termination letters do not even specify the name of the employee being terminated.

72.     The reference to employee performance in the mass termination letters and the citation to the authority for the termination of probationary employees for performance reasons is a pretext. The real reason for the mass terminations, as expressed by the incoming Presidential Administration, is to reduce the size of the federal workforce.

73.     Many terminated probationary employees had received excellent performance reviews from their agencies.  Supervisors were not consulted as to the performance of individual probationary employees before they were terminated.  On information and belief, some probationary employees have subsequently been told by agency representatives that they were terminated solely because their agencies were being restructured, not based on any performance or conduct by the employee.

74.     USA Today recently reported that "Fired probationary employees interviewed by USA TODAY all said they were never told of any performance problems.  One hadn't been in the job long enough to have a performance review.  Another was fired just a month into her job after relocating from more than 1,700 miles away to take it.  And a third employee said his supervisor explicitly told him he wasn't being terminated for performance reasons.[44]

---

[44]https://www.msn.com/en-us/news/us/its-a-lie-federal-workers-incensed-by-performance-language-in-termination-letters/ar-AA1zcrmN?ocid=BingNewsSerp

75.     NBC News reported that although Department of Transportation probationary employees received letters stating that they were being terminated for performance reasons, "most of those employees were rated as being 'exceptional' performers by their supervisors."[45]

76.     The Washington Post reported that: "One well-rated Veterans Affairs staffer texted her boss to complain after she was fired.  In text messages obtained by The Post, he replied, "It states it's due to your performance which is not true. … Your performance has nothing to do with this.'"[46]

77.     On information and belief, Defendants plan further waves of mass pretextual terminations of probationary employees.

## III.    Impact on Plaintiffs, the Federal Government, and the Public

78.     Plaintiffs AFSCME, AFGE, AFGE Local 1216, AFGE Local 2110, and UNAC (hereafter "Union Plaintiffs") each represent probationary employees who have been summarily fired, and falsely informed that their termination was based on performance, as a result of OPM's orders to federal agencies, or who are at risk of summary termination as a result of OPM's orders.

79.     Each Union Plaintiff has the core function of representing employees in federal bargaining units in collective bargaining and providing counseling, advice, and representation to represented employees in the event of adverse employment actions.

80.     Each Union Plaintiff has been prevented, by the surprise mass terminations, from exercising those core functions as employee representative, including because by providing sham reasons for probationary employees' terminations, OPM has undermined the Plaintiffs' ability to effectively assist represented employees in vindicating their rights and seeking appropriate remedies.

81.     Each Union Plaintiff has expended substantial time and resources in the days following the surprise mass terminations addressing member concerns and attempting to provide employees with effective representation.  As a result of the surprise mass terminations, each Plaintiff has been forced to divert resources that would be devoted to representing employees who have experienced adverse employment action for legitimate resources.

---

[45]https://www.nbcnews.com/politics/doge/federal-workers-exceptional-reviews-fired-performance-issues-rcna192347

[46] https://www.washingtonpost.com/nation/2025/02/17/trump-fires-federal-workers-performance/

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                    20

1    82.    Each Union Plaintiff has been harmed in multiple other ways by the termination of its

2    members, including by the loss of dues income and bargaining power.

3    83.    Each Union Plaintiff has organizational standing to sue in its own right and has

4    associational standing to sue on behalf of its members.

5    84.    Plaintiff Main Street Alliance's members face imminent harm as a result of the

6    anticipated reductions and delays in services provided by the Small Business Administration, on

7    which its members rely for critical services.  Those services include but are not limited to: loan

8    guarantees to enable small businesses to obtain financing to start up or grow; and emergency disaster

9    relief, such as in response to the January 2024 Los Angeles wildfires and Hurricane Helene in

10    Western North Carolina.

11    85.    Plaintiff Coalition to Protect America's National Parks' members face imminent harm

12    as a result of the anticipated reductions and delays in services provided by the National Park Service.

13    The Coalition's members are regular and avid users of America's national parks who would be

14    adversely affected by any degradation of the parks or the programs of the NPS to preserve and protect

15    the parks and make them available to visitors.  Such degradation in safety and services provided to

16    the public in the National Parks is inevitable based on experience in prior government shutdowns and

17    with reductions in services in those circumstances.

18    86.    Plaintiff Western Watersheds Project faces imminent harm to its mission to protect and

19    restore wildlife and public lands.  The mass termination is likely to cause further degradation of

20    public lands and wildlife.

21    87.    Plaintiff VoteVets faces imminent harm to its supporters who are veterans and who

22    rely on the VA medical system and other critical federal services provided to veterans. The VA has

23    dismissed over 1,000 probationary employees across various roles, including those in mental health

24    research, cancer treatment, addiction recovery, prosthetics, and burn pit exposure studies. The mass

25    termination has also hindered the recruitment of essential support staff for the Veterans Crisis Line,

26    which provides critical emergency mental health care (including suicide prevention) and support for

27    military veterans, service members, their families, and caregivers positions such as trainers and

28    quality assurance personnel.  The mass termination of probationary employees is likely to impair the

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                21

1    quality of these essential services.  The mass termination has also directly harmed VoteVets as an

2    organization.  The time of VoteVets' staff and consultants has been diverted from VoteVets' regular

3    activities to field and respond to inquiries from veterans and their families and to connect them with

4    case workers in congressional offices.

5          88.    Plaintiff Common Defense also faces imminent harm to itself and its members.  Its

6    veteran members also rely on services provided by the VA medical system and other critical mental

7    health services available to veterans. The mass termination creates the risk of severe disruption to

8    those services.  Further, Common Defense has had to devote considerable resources to responding to

9    requests from its members and providing guidance about the mass probationary terminations,

10   diverting resources that Common Defense ordinarily devotes to its other core priorities.

11         89.    Terminated employees and their families now face an immediate loss of income and

12   benefits (including health benefits); economic insecurity; the immediate need to search for alternative

13   employment; and the future adverse impact of an employment termination falsely predicated on

14   performance.

15         90.    OPM's actions have already had impacts in California beyond terminated employees,

16   their families, and their representatives.  For example, "the Trump administration has already made

17   the United States more exposed to catastrophic wildfires in ways that will be difficult to reverse,

18   current and former federal employees say….The job cuts, which amount to roughly 10 percent of the

19   agency's work force, could hobble the Forest Service, which was already struggling to remove

20   vegetation across its vast land holdings at a pace that matches the growing threat from fires,

21   according to current and former federal employees, as well as private companies and nonprofit

22   organizations that work on thinning forested lands."[47]  The effects have been immediate:

23         In California, the Forest Service's efforts to remove underbrush are on pause, according to a
           person who manages an organization that runs wildfire prevention projects in the state and
24         who spoke on the condition of anonymity out of concern of reprisals.[48]

25   **IV.    OPM's February 22, 2025 New Reporting Program for All Federal Workers**

26

27   ─────────────

[47] https://www.nytimes.com/2025/02/15/climate/us-forest-service-layoffs-wildfires.html

28   [48] https://www.nytimes.com/2025/02/15/climate/us-forest-service-layoffs-wildfires.html

91.     On February 22, 2025, OPM began to implement a new mandatory reporting program for all federal employees throughout the federal government.  OPM has ordered all federal employees to submit e-mail reports justifying their work.

92.     Prior to February 22, 2025, federal employees were not required to submit any reports regarding their work to OPM.  On information and belief, no OPM rule, regulation, policy, or program has ever, in United States history, purported to require all federal workers to submit reports to OPM.

93.     On February 22, 2025, employees throughout the federal government, employed at many different agencies, received the same email, from the address: hr@opm.gov.

94.     Prior to January 20, 2025, no such email address existed for use by OPM or within the federal government.

95.     On information and belief, this e-mail is being sent under the purported authority of OPM.

96.     On information and belief, this e-mail was sent to over 2 million federal employees.

97.     The message was sent with "High Importance."

98.     The message was not signed by any government official, nor did it identify the head of agency on whose behalf it was sent, the authority or program under which it was sent.

99.     The title of the email was:  "What did you do last week?"

100.    The body of the email stated:

**Please reply to this email with approx. 5 bullets of what you accomplished last week and cc your manager.**

**Please do not send any classified information, links, or attachments.**

**Deadline is this Monday at 11:59 EST.**

101.    On February 22, 2025 a social media account purporting to belong to an individual named Elon Musk (@elonmusk), who has been identified by the President as the head of the federal agency known as Department of Government Efficiency ("DOGE"), posted the following message:

**Consistent with President @realDonaldTrump's instructions, all federal employees will shortly receive an email requesting to understand what they got done last week.**

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                    23

**Failure to respond will be taken as a resignation.**

102.    Prior to February 22, 2025, no notice was published, in the Federal Register or anywhere else, regarding any OPM program, rule, policy, or regulation requiring all federal employees to provide a report regarding their work to OPM.  Prior to February 22, 2025, no notice was published, in the Federal Register or anywhere else, regarding any program, rule, policy, or regulation under which employees who failed to respond to an email from hr@opm.gov requesting such a report would be considered to have submitted a "resignation" of federal employment.

103.    OPM has not complied with any procedural requirements in the APA, 5 U.S.C. §553, with respect to this new program.  Subsequent to the OPM email notification on February 22, 2025, at least some federal agencies, including the Federal Bureau of Investigation, began telling their employees not to respond to this OPM surprise request.

## CLAIMS FOR RELIEF

### Claim I: Separation of Powers/*Ultra Vires*

**OPM's Order to Federal Agencies to Terminate Probationary Employees
Unlawfully Conflicts with and Overrides Legislative Power**

104.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

105.    Plaintiffs have a non-statutory right of action to enjoin and declare unlawful official action that is ultra vires.

106.    The Constitution vests the legislative power in Congress.  U.S. Const., art. I.  Federal legislation must be passed by both chambers of Congress before it may be presented to the President, and, if signed, become law.  U.S. Const., art. I.; *I.N.S. v. Chadha*, 462 U.S. 919, 951 (1983).

107.    The Constitution vests executive power in the President.  U.S. Const., art. II, and imposes on the President a duty to "take Care that the Laws be faithfully executed."  U.S. Const. art. II, § 3.

108.    The President and Executive Branch have no constitutional power to unilaterally enact, amend, or repeal parts of duly enacted statutes.  *Clinton v. City of New York*, 524 U.S. 417, 438–39 (1998).  The declared purpose of separating and dividing the powers of government was to

"diffus[e] power the better to secure liberty." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952) (Jackson, J., concurring); *see also Bowsher v. Synar*, 478 U.S. 714, 721–22 (1986) ("Justice Jackson's words echo the famous warning of Montesquieu, quoted by James Madison in The Federalist No. 47, that 'there can be no liberty where the legislative and executive powers are united in the same person, or body of magistrates'...." The Federalist No. 47, p. 325 (J. Cooke ed. 1961).").

109.    Congress exercised its Article I legislative authority to create the agencies of the federal government. *See generally* United States Code, Title 5 (Government Organization and Employees). To the agency heads, Congress has also expressly delegated the power to manage the functions of the agencies, including the right to employ and discharge subordinate employees of the agencies and to spend appropriated funds on those positions.

110.    In addition to specific authorizing statutes, Congress has also generally authorized the heads of administrative agencies to make employment decisions (5 U.S.C. § 3101), manage the employees of that agency (5 U.S.C. § 301), or delegate to subordinate officers the management decisions, including the hiring and firing of employees (5 U.S.C. § 302).

111.    Congress also made the federal administrative agencies subject to the requirements of the CSRA, which sets forth uniform rules pertaining to employment for the civil service across federal agencies. The agencies, led by their agency heads, are obligated by Congress to comply with the CSRA with respect to their employees.

112.    The OPM Program requiring federal agencies to remove probationary employees throughout the federal government unlawfully usurps the legislative authority of Congress and is therefore ultra vires, by overriding the direct Congressional authorization of agency heads to manage the affairs and employees of their respective agencies, including by overriding each of the following statutes:

a.    The authorization to all agencies to employ: 5 U.S.C. § 3101;

b.    The authorization to all agencies to manage agency affairs via rules, including rules for employment: 5 U.S.C. §§ 301, 302;

c.    The specific authorizing statutes for each federal agency, which create the office of agency head to administer the agencies, and enumerate the duties of the agency heads

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                                           25

including with respect to employment: *e.g.*, 26 U.S.C. §§ 7803, 7804 (IRS); 42 U.S.C. §§ 7231, 7253 (DOE); 20 U.S.C. § 3461 (Dept. of Ed.); 42 U.S.C. § 203 (HHS); 12 U.S.C. § 5492 (CFPB); 16 U.S.C. §§ 551, 554a, e (Agr.; Forest Service); 38 U.S.C. § 303, 510 (VA): 10 U.S.C. § 113 (DOD):  42 U.S.C. § 282  (NIH); 51 U.S.C. §§ 20111, 20113  (NASA).

d.   The CSRA authorization to agencies that govern employee removal: 5 U.S.C. §§ 7512, 7513;

e.   The CSRA provisions that apply to agency RIFs, which authorize OPM to create regulations by which agencies may conduct RIFs of their employees: 5 U.S.C. § 3502; *see also* 5 C.F.R. § 351.204 Responsibility of agency ("Each agency covered by this part is responsible for following and applying the regulations in this part when the agency determines that a reduction force is necessary."); *id.* § 351.205 Authority of OPM ("The Office of Personnel Management may establish further guidance and instructions for the planning, preparation, conduct, and review of reductions in force.").

113.   OPM's actions also exceed any statutory authority granted to it by Congress.  In creating OPM and delegating duties to its Director, Congress did not authorize OPM or its Director to order the termination of employees at any other federal agency.  *See* 5 U.S.C. § 1103 (authorizing Director of OPM to "appoint[] individuals to be employed *by the Office*" and "direct[] and supervis[e] employees *of the Office*, distribut[e] business among employees and organizational units of the Office, and direct[e] the internal management *of the Office*") (emphases added).

114.   OPM's actions were not authorized by any Article II Executive power, because no Article II constitutional power authorizes OPM to order federal agencies created by Congress to discharge subordinate agency employees, or to direct agencies to rely on false statements regarding employee performance to effectuate the discharged ordered by OPM.

115.   Therefore, OPM's order to the federal agencies to terminate probationary employees was issued without legal authority and is ultra vires.

### Claim II: Administrative Procedures Act Section 706(2)(A) and (C) (Action Inconsistent with Law and Exceeding Statutory Authority)

**The OPM Order to Terminate Probationary Employees Government-Wide Violates Statutes Governing Agency Powers and the CSRA**

116.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

117.    Plaintiffs Unions' federal employee members are subject to the requirements of the OPM order that all federal agencies terminate probationary employees, and Plaintiffs and their members and supporters are persons who have suffered legal wrong as a result of, and have been adversely affected or aggrieved by, OPM and Acting OPM Director's actions for purposes of 5 U.S.C. § 702.

118.    OPM is an agency that Congress has made subject to the APA.  5 U.S.C. § 701. OPM's mass termination program and order to federal agencies constitutes final agency action under the APA.  5 U.S.C. § 704.

119.    Under the APA, a court shall "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (5 U.S.C. § 706(2)(A)), or that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" (5 U.S.C. § 706(2)(C)).

120.    The actions of OPM and its Acting Director, including but not limited to the OPM program requiring federal agencies to terminate probationary employees, violate the Administrative Procedure Act because they are inconsistent with law in violation of 5 U.S.C. § 706(2)(A), and exceed statutory authority, in violation of 5 U.S.C. § 706(2)(C), and are for those reasons also arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

121.    The actions of OPM and its Acting Director overriding the direct Congressional authorization of agency heads to manage the affairs and employees of their respective agencies, including by overriding each and every one of the following statutes:

a.    The authorization to employ: 5 U.S.C. § 3101;

b.    The authorization to manage agency affairs via rules, including rules for employment: 5 U.S.C. §§ 301, 302;

c.    The specific authorizing statutes for each federal agency, which create the office of agency head to administer the agencies, and enumerate the duties of the agency heads including with respect to employment: *e.g.*, 26 U.S.C. §§ 7803, 7804 (IRS); 42 U.S.C. §§ 7231, 7253 (DOE); 20 U.S.C. § 3461 (Dept. of Ed.); 42 U.S.C. § 203 (HHS); 12 U.S.C. § 5492 (CFPB); 16 U.S.C. § 551, 554a, e (Agr.; Forest Service); 38 U.S.C. §§ 303, 510 (VA): 10 U.S. C. § 113 (DOD): 42 U.S.C. § 282  (NIH); 51 U.S.C. §§ 20111, 20113 (NASA).

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                    27

d.      The CSRA authorization to agencies that govern employee removal: 5 U.S.C. §§ 7512, 7513;

e.      The CSRA provisions that apply to agency RIFs, which authorize OPM to promulgate regulations by which agencies may conduct RIFs of their employees: 5 U.S.C. § 3502; *see also* 5 C.F.R. § 351.204 Responsibility of agency ("Each agency covered by this part is responsible for following and applying the regulations in this part when the agency determines that a reduction force is necessary."); *id.*, § 351.205 Authority of OPM ("The Office of Personnel Management may establish further guidance and instructions for the planning, preparation, conduct, and review of reductions in force.").

122.      OPM's actions also exceed any statutory power or duties granted by Congress to OPM. In creating OPM and delegating duties to its Director, Congress did not authorize OPM or its Director to order the removal of employees employed by any other federal agency. See 5 U.S.C. § 1103 (authorizing Director of OPM to "appoint[] individuals to be employed *by the Office*" and "direct[] and supervis[e] employees *of the Office*, distribut[e] business among employees and organizational units *of the Office*, and direct[e] the internal management *of the Office*") (emphases added).

### Claim III: Administrative Procedures Act Section 706(2)(A) (Arbitrary and Capricious)

### The OPM Order to Terminate Probationary Employees Government-Wide by Falsely Invoking Performance is Arbitrary and Capricious

123.      Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

124.      Plaintiff Unions' federal employee members are subject to the requirements of the OPM order to federal agencies to terminate probationary employees, and Plaintiffs and their members and supporters are persons who have suffered legal wrong as a result of, and have been adversely affected or aggrieved by, OPM and Acting OPM Director's actions for purposes of 5 U.S.C. § 702.

125.      OPM is an agency that Congress has made subject to the APA. 5 U.S.C. § 701. OPM's order to federal agencies constitutes final agency action under the APA. 5 U.S.C. § 704.

126.      The actions of OPM and its Acting Director, including but not limited to the OPM program requiring federal agencies to terminate probationary employees, violate the APA because they are arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A), for reasons that include the following: OPM's actions are based on the fiction that the employees are being terminated for

performance reasons; OPM's actions are intended to deprive terminated employees of an administrative remedy; OPM's actions required agencies to terminate employees immediately, often with only a few hours notice; OPM's actions required agencies to violate commitments made to employees and the agency's own plans for those employees; and OPM's actions had no relationship to agencies' staffing needs or statutory mandates.

### Claim IV: Administrative Procedures Act Section 706(2)(D)
### (Notice and Comment Rulemaking; Mass Termination)

**The OPM Order to Terminate Probationary Employees Government-wide is Void for Failure to Comply with Required Notice and Comment Rulemaking**

127.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth Herein.

128.    Plaintiff Unions' federal employee members are subject to the requirements of the OPM Program requiring federal agencies to terminate probationary employees and Plaintiffs and their members and supporters are persons who have suffered legal wrong as a result of, and have been adversely affected or aggrieved by, OPM and Acting OPM Director's actions for purposes of 5 U.S.C. § 702.  Had OPM followed notice-and-comment procedures required by the APA, Plaintiffs would have provided comments about the OPM Program.

129.    OPM is an agency that Congress has made subject to the APA.  5 U.S.C. § 701. OPM's order to federal agencies constitutes final agency action under the APA.  5 U.S.C. § 704.

130.    Under the APA, a court shall "hold unlawful and set aside agency action …found to be …. without observance of procedure required by law."  5 U.S.C. § 706(2)(D).

131.    The OPM Order directing agencies to terminate probationary employees is a "rule" for purposes of the APA.  5 U.S.C. § 551(4).

132.    Congress assigned to the Director of OPM the duty of "executing, administering, and enforcing—(A) the civil service rules and regulations of the President and the Office and the laws governing the civil service."  5 U.S.C. § 1103(a)(5)(1).  Congress also required that "in the exercise of the functions assigned under this chapter, the Director shall be subject to subsections (b), (c), and (d) of section 553 of this title."  5 U.S.C. § 1105.  Congress expressly made the requirements of section 553 apply to OPM actions "notwithstanding subsection (a) of such section 553," which

FIRST AMENDED COMPLAINT, No. 3:25-cv-01780-WHA                      29

1   otherwise exempts "matter[s] relating to agency management or personnel or to public property,

2   loans, grants, benefits, or contracts."  5 U.S.C. § 553(a).

3       133.    Notwithstanding the OPM Director's express obligations pursuant to 5 U.S.C. §§ 1103

4   and 1105 to comply with notice and comment rule-making pursuant to the APA, neither OPM nor its

5   Acting Director complied with the rule-making provisions set forth in 5 U.S.C. § 553 before issuing

6   the OPM order directing agencies to terminate probationary employees.

7       134.    OPM's order directing agencies to terminate probationary employees therefore also

8   violates 5 U.S.C. § 706(2)(D) by failing to observe procedures required by law.

9           **Claim V: Administrative Procedures Act Section 706(2)(D)**
10          **(Notice and Comment Rulemaking; Email Reporting Program)**

11      **The OPM Program Requiring Federal Employees to Submit Reports by Email is Void**
        **for Failure to Comply with Required Notice and Comment Rulemaking**
12

13      135.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth Herein.

14      136.    Plaintiff Unions' federal employee members are subject to the requirements of the

15  OPM Program requiring federal employees submit e-mail reports to opm.gov reporting on "what you

16  accomplished last week." Plaintiffs and their members and supporters are persons who have suffered

17  legal wrong as a result of, and have been adversely affected or aggrieved by, OPM and Acting OPM

18  Director's actions for purposes of 5 U.S.C. § 702.  Had OPM followed notice-and-comment

19  procedures required by the APA, Plaintiffs would have provided comments about the OPM Program.

20      137.    OPM is an agency that Congress has made subject to the APA.  5 U.S.C. § 701.

21  OPM's new program for federal employee reporting constitutes final agency action under the APA.  5

22  U.S.C. § 704.

23      138.    Under the APA, a court shall "hold unlawful and set aside agency action …found to be

24  …. without observance of procedure required by law."  5 U.S.C. § 706(2)(D).

25      139.    The OPM's new program for federal employee reporting is a "rule" for purposes of the

26  APA.  5 U.S.C. § 551(4).

27      140.    Congress assigned to the Director of OPM the duty of "executing, administering, and

28  enforcing—(A) the civil service rules and regulations of the President and the Office and the laws

    governing the civil service."  5 U.S.C. § 1103(a)(5)(1).  Congress also required that "in the exercise

of the functions assigned under this chapter, the Director shall be subject to subsections (b), (c), and (d) of section 553 of this title." 5 U.S.C. § 1105. Congress expressly made the requirements of section 553 apply to OPM actions "notwithstanding subsection (a) of such section 553," which otherwise exempts "matter[s] relating to agency management or personnel or to public property, loans, grants, benefits, or contracts." 5 U.S.C. § 553(a).

141.    Notwithstanding the OPM Director's express obligations pursuant to 5 U.S.C. §§ 1103 and 1105 to comply with notice and comment rule-making pursuant to the APA, neither OPM nor its Acting Director complied with the rule-making provisions set forth in 5 U.S.C. § 553 before commencing OPM's new program for federal employee reporting government-wide.

142.    OPM's new program for federal employee reporting therefore violates 5 U.S.C. § 706(2)(D) by failing to observe procedures required by law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

1.    Declare that OPM's new programs 1) requiring federal agencies to terminate probationary employees and 2) requiring federal employees to report to OPM are unlawful;

2.    Enter preliminary or permanent injunctive relief setting aside OPM's order as unlawful; requiring Defendants, and all persons acting in concert with them, to cease terminations of probationary employees pursuant to OPM's program and order; and requiring Defendants, and all persons acting in concert with them, to rescind the prior unlawful terminations of probationary employees pursuant to OPM's Order.

3.    Enter preliminary or permanent injunctive relief setting aside OPM's order as unlawful; requiring Defendants, and all persons acting in concert with them, to cease requiring federal employees to report to OPM, and take no action against any employee who fails to respond to OPM's instructions to report;

4.    Award Plaintiffs their costs, reasonable attorneys' fees, and other disbursements as appropriate;

5.    Grant such other and further relief as the Court deems just and proper.

DATED: February 23, 2025

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

By: */s/ Danielle E. Leonard*

*Attorneys for Plaintiffs*

Norman L. Eisen (*pro hac vice forthcoming*)
Pooja Chaudhuri (SBN 314847)
STATE DEMOCRACY DEFENDERS
FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiffs*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of
Government Employees (AFGE)*

1

2 Teague Paterson (SBN 226659)
Matthew Blumin  (*pro hac vice forthcoming*)
3 AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES
4 1625 L Street, N.W.
Washington, D.C.  20036
5 Tel: (202) 775-5900
TPaterson@afscme.org
6 MBlumin@afscme.org

7

8 By: */s/Teague Paterson*

9

10 *Attorneys for Plaintiff American Federation of State
County and Municipal Employees (AFSCME)*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**PRELIMINARY INJUNCTION APPEAL**<br><br>The Hon. William H. Alsup |

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States Court of
Appeals for the Ninth Circuit from the Court's April 18, 2025 Order granting a preliminary
injunction.

Dated: April 23, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

JAMES D. TODD, JR.
Senior Trial Counsel

s/ Yuri S. Fuchs
YURI S. FUCHS
GREGORY CONNER
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
YURI S. FUCHS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**PRELIMINARY INJUNCTION APPEAL**<br><br> The Hon. William H. Alsup |

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States Court of

Appeals for the Ninth Circuit from the Court's Order issued at the March 13, 2025, hearing

granting a preliminary injunction.

Dated: March 13, 2025                    Respectfully submitted,

                                         PATRICK D. ROBBINS (CABN 152288)
                                         Acting United States Attorney
                                         PAMELA T. JOHANN (CABN 145558)
                                         Chief, Civil Division
                                         KELSEY J. HELLAND (CABN 298888)
                                         Assistant United States Attorney
                                         U.S. ATTORNEY'S OFFICE
                                         450 Golden Gate Avenue, Box 36055
                                         San Francisco, California 94102-3495

                                         ERIC HAMILTON
                                         Deputy Assistant Attorney General

                                         DIANE KELLEHER
                                         Branch Director

                                         CHRISTOPHER HALL
                                         Assistant Branch Director

                                         JAMES D. TODD, JR.
                                         Senior Trial Counsel

                                         s/ Yuri S. Fuchs
                                         YURI S. FUCHS
                                         Trial Attorney
                                         U.S. DEPARTMENT OF JUSTICE
                                         Civil Division, Federal Programs Branch
                                         P.O. Box 883
                                         Washington, DC 20044

                                         *Counsel for Defendants*

**Query** **Reports** **Utilities** **Help** **Log Out**

ADRMOP,APPEAL,E-ProSe,PROTO,ProS

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:25-cv-01780-WHA

American Federation Of Government Employees, AFL-CIO et al v.
United States Office of Personnel Management et al
Assigned to: Judge William Alsup
Case in other court:  USCA, 25-01677
                  25-02637
Cause: 05:702 Administrative Procedure Act

Date Filed: 02/19/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **American Federation Of Government Employees, AFL-CIO** | represented by | **Danielle Evelyn Leonard** |

      Altshuler Berzon LLP
      177 Post Street, Suite 300
      San Francisco, CA 94108
      415-421-7151
      Fax: 415-362-8064
      Email: dleonard@altshulerberzon.com
      *LEAD ATTORNEY*
      *ATTORNEY TO BE NOTICED*

      **Rushab Sanghvi**
      American Federation of Government
      Employees
      80 F Street, NW
      Washington, DC 20001
      202-777-3066
      Email: sanghr@afge.org
      *LEAD ATTORNEY*
      *ATTORNEY TO BE NOTICED*

      **James Baltzer**
      Altshuler Berzon LLP
      177 Post Street, Suite 300
      San Francisco, CA 94108
      415-421-7151
      Fax: 415-362-8064
      Email: jbaltzer@altshulerberzon.com
      *ATTORNEY TO BE NOTICED*

      **Robin Starr Tholin**
      Altshuler Berzon LLP
      177 Post Street, Suite 300
      San Francisco, CA 94108
      415-421-7151
      Fax: 415-362-8064

3-ER-487

Email: rtholin@altshulerberzon.com
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: skronland@altshulerberzon.com
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
Altshuler Berzon LLP
177 Post St. Ste 300
San Francisco, CA 94108
415 421-7151
Email: sleyton@altshulerberzon.com
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
Alshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
Fax: (415) 362-8064
Email: egoldsmith@altber.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

American Federation Of State County       represented by   **Danielle Evelyn Leonard**
And Municipal Employees, AFL-CIO                           (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Teague Pryde Paterson**
                                                          AFSCME Information Center
                                                          Office of the General Counsel
                                                          1625 L Street, NW
                                                          Washington, DC 20036
                                                          202-775-5900
                                                          Fax: 202-452-0556
                                                          Email: tpaterson@afscme.org
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **James Baltzer**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Matthew Stark Blumin**
                                                          American Federation of State, County &
                                                          Municipal Employees (
                                                          1625 L Street, NW

Washington, DC 20036
202-775-5900
Email: mblumin@afscme.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**American Federation of Government Employees Local 1216**           represented by    **Danielle Evelyn Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Baltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rushab Sanghvi**
American Federation of Government
Employees
80 F Street, NW
Washington
Washington, DC 20001
202-777-3066
Email: sanghr@afge.org
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
(See above for address)
*ATTORNEY TO BE NOTICED*

3-ER-489

         **Eileen B. Goldsmith**
         (See above for address)
         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO**    represented by    **Danielle Evelyn Leonard**
         (See above for address)
         *LEAD ATTORNEY*
         *ATTORNEY TO BE NOTICED*

         **James Baltzer**
         (See above for address)
         *ATTORNEY TO BE NOTICED*

         **Robin Starr Tholin**
         (See above for address)
         *ATTORNEY TO BE NOTICED*

         **Scott Alan Kronland**
         (See above for address)
         *ATTORNEY TO BE NOTICED*

         **Stacey M. Leyton**
         (See above for address)
         *ATTORNEY TO BE NOTICED*

         **Eileen B. Goldsmith**
         (See above for address)
         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Main Street Alliance**    represented by    **Danielle Evelyn Leonard**
         (See above for address)
         *LEAD ATTORNEY*
         *ATTORNEY TO BE NOTICED*

         **Norman Larry Eisen**
         State Democracy Defenders Action
         2022 Columbia Road NW
         # 214
         Washington, DC 20009-1309
         202-753-9667
         Email:
         norman@statedemocracydefenders.org
         *PRO HAC VICE*
         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Common Defense Civic Engagement**    represented by    **Danielle Evelyn Leonard**
         (See above for address)
         *LEAD ATTORNEY*
         *ATTORNEY TO BE NOTICED*

         **Norman Larry Eisen**

3-ER-490

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Coalition to Protect Americas National Parks** | represented by | **Danielle Evelyn Leonard** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Western Watersheds Project** | represented by | **Danielle Evelyn Leonard** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Vote Vets Action Fund Inc.** | represented by | **Danielle Evelyn Leonard** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **AFGE Local 2110** | represented by | **Danielle Evelyn Leonard** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Baltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)

3-ER-491

5/19/25, 9:46 AM                                        CAND-ECF

*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
Fax: (415) 362-8064
Email: sleyton@altshulerberzon.com
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Washington**                    represented by    **Tera Marie Heintz**
Washington Attorney General's Office
Solicitor General's Office
1125 Washington Street SE
P.O. Box 40100
Olympia, WA 98504-0100
360-664-3027
Fax: 360-664-2963
Email: tera.heintz@atg.wa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Sepe**
Washington State Office of the Attorney
General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-7085
Email: cristina.sepe@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Cynthia L Alexander**
Washington State Attorney General's Office
Solicitor General's Office
P.O. Box 40100
1125 Washington Street SE
Olympia, WA 98104
206-326-5488
Email: cynthia.alexander@atg.wa.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**American Public Health Association**      represented by    **Danielle Evelyn Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

3-ER-492

**James Baltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Association of Flight Attendants-CWA,**          represented by    **Danielle Evelyn Leonard**
**AFL-CIO**                                                           (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **James Baltzer**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Robin Starr Tholin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Scott Alan Kronland**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Stacey M. Leyton**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Eileen B. Goldsmith**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**American Geophysical Union**                      represented by    **Danielle Evelyn Leonard**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **James Baltzer**

3-ER-493

CAND-ECF

(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Climate Resilient Communities**       represented by **Danielle Evelyn Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Baltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Point Blue Conservation Science**       represented by **Danielle Evelyn Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Baltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

3-ER-494

5/19/25, 9:46 AM                                                            CAND-ECF

**Robin Starr Tholin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Alan Kronland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eileen B. Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Office of Personnel**            represented by   **Gregory Bennett Conner**
**Management**                                                    DOJ-USAO
                                                                  Torre Chardon
                                                                  350 Carlos Chardon Street
                                                                  Suite 1201
                                                                  San Juan, PR 00918
                                                                  787-766-5656
                                                                  Email: gregory.conner2@usdoj.gov
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **James D. Todd , Jr.**
                                                                  U.S. Department of Justice
                                                                  200 Massachusetts Avenue, N.W.
                                                                  Room 7312
                                                                  Washington, DC 20044
                                                                  202-514-3378
                                                                  Email: james.todd@usdoj.gov
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Kelsey John Helland**
                                                                  United States Attorney's Office
                                                                  450 Golden Gate Avenue, Box 36055
                                                                  San Francisco, CA 94102
                                                                  (415) 436-6488
                                                                  Email: kelsey.helland@usdoj.gov
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Yuri Fuchs**
                                                                  Hogan Lovells US LLP
                                                                  555 13th St. NW
                                                                  Washington, DC 20004
                                                                  610-888-4092

3-ER-495

Email: yuri.s.fuchs@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Ezell**                               represented by    **Gregory Bennett Conner**
*in his official capacity as Acting Director of*                 (See above for address)
*the U.S. Office of Personnel Management,*                       *ATTORNEY TO BE NOTICED*

                                                                 **James D. Todd , Jr.**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kelsey John Helland**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Yuri Fuchs**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Howard Lutnick**                              represented by    **Gregory Bennett Conner**
*Secretary of Commerce*                                          (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **James D. Todd , Jr.**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kelsey John Helland**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Yuri Fuchs**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Pete Hegseth**                                represented by    **Gregory Bennett Conner**
*Secretary of Defense*                                           (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **James D. Todd , Jr.**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kelsey John Helland**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Yuri Fuchs**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

3-ER-496

**Defendant**

**United States Department of Education**

represented by **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Linda McMahon**
*Secretary of Education*

represented by **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Energy**

represented by **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

3-ER-497

**Chris Wright**                          represented by   **Gregory Bennett Conner**
*Secretary of Energy*                                      (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **James D. Todd , Jr.**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kelsey John Helland**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Yuri Fuchs**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert F. Kennedy Jr.**                 represented by   **Gregory Bennett Conner**
*Secretary of HHS*                                         (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **James D. Todd , Jr.**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kelsey John Helland**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Yuri Fuchs**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Homeland**  represented by   **Gregory Bennett Conner**
**Security**                                               (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **James D. Todd , Jr.**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kelsey John Helland**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Yuri Fuchs**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Kristi Noem**                           represented by   **Gregory Bennett Conner**
*Secretary of DHS*                                         (See above for address)

3-ER-498

*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **United States Department of Housing and Urban Development** | represented by | **Gregory Bennett Conner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Scott Turner**<br>*Secretary of HUD* | represented by | **Gregory Bennett Conner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **United States Department of Justice** | represented by | **Gregory Bennett Conner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**James D. Todd , Jr.**

3-ER-499

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **Pam Bondi** | represented by | **Gregory Bennett Conner** |
| *United States Attorney General* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **United States Department of the Interior** | represented by | **Gregory Bennett Conner** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **Doug Burgum** | represented by | **Gregory Bennett Conner** |
| *Secretary of the Interior* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

3-ER-500

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Labor**          represented by   **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vince Micone**          represented by   **Gregory Bennett Conner**
*Acting Secretary of Labor*                 (See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of State**          represented by   **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

3-ER-501

Yuri Fuchs
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marco Rubio**                       represented by   **Gregory Bennett Conner**
*Secretary of State*                                    (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James D. Todd , Jr.**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kelsey John Helland**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Yuri Fuchs**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Treasury**   represented by   **Gregory Bennett Conner**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **James D. Todd , Jr.**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kelsey John Helland**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Yuri Fuchs**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Bessent**                     represented by   **Gregory Bennett Conner**
*Secretary of Treasury*                                 (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James D. Todd , Jr.**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kelsey John Helland**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Yuri Fuchs**

3-ER-502

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Transportation**                    represented by    **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sean Duffy**                    represented by    **Gregory Bennett Conner**
*Secretary of Transportation*                (See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Veterans Administration**                    represented by    **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

3-ER-503

**Defendant**

**Doug Collins**                           represented by    **Gregory Bennett Conner**
*Secretary of the VA*                                        (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **James D. Todd , Jr.**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Kelsey John Helland**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Yuri Fuchs**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**United States Environmental Protection**    represented by    **Gregory Bennett Conner**
**Agency**                                                   (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **James D. Todd , Jr.**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Kelsey John Helland**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Yuri Fuchs**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Lee Zeldin**                             represented by    **Gregory Bennett Conner**
*EPA Administrator*                                          (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **James D. Todd , Jr.**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Kelsey John Helland**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Yuri Fuchs**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

3-ER-504

| **United States General Services Administration** | represented by | **Gregory Bennett Conner** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **James D. Todd , Jr.** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Kelsey John Helland** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Yuri Fuchs** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| **Robin Carnahan** *GSA Administrator* | represented by | **Gregory Bennett Conner** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **James D. Todd , Jr.** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Kelsey John Helland** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Yuri Fuchs** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| **United States National Aeronautics and Space Administration** | represented by | **Gregory Bennett Conner** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **James D. Todd , Jr.** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Kelsey John Helland** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Yuri Fuchs** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| **Janet Petro** *NASA Acting Administrator* | represented by | **Gregory Bennett Conner** (See above for address) |

3-ER-505

*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**National Science Foundation**                      represented by **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Sethuraman Panchanathan**                       represented by **Gregory Bennett Conner**
*Director of the NSF*                                     (See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**United States Office of Management and**          represented by **Gregory Bennett Conner**
**Budget**                                               (See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**

3-ER-506

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Russell Vought**                      represented by   **Gregory Bennett Conner**
*Director of OMB*                                        (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **James D. Todd , Jr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kelsey John Helland**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Yuri Fuchs**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**United States Small Business**        represented by   **Gregory Bennett Conner**
**Administration**                                       (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **James D. Todd , Jr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kelsey John Helland**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Yuri Fuchs**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Kelly Loeffler**                      represented by   **Gregory Bennett Conner**
*Administrator of the SBA*                               (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **James D. Todd , Jr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

3-ER-507

CAND-ECF

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Social Security**              represented by    **Gregory Bennett Conner**
**Administration**                                              (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leland Doudek**                              represented by    **Gregory Bennett Conner**
*Acting Commissioner of the SSA*                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Health and**    represented by    **Gregory Bennett Conner**
**Human Services**                                              (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

3-ER-508

Yuri Fuchs
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of Defense**                    represented by   **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Agriculture**    represented by   **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brooke Rollins**                              represented by   **Gregory Bennett Conner**
*Secretary of the U.S Department of*                            (See above for address)
*Agriculture*                                                   *ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**

3-ER-509

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Commerce**          represented by     **Gregory Bennett Conner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsey John Helland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Hang Zhang**                                    represented by     **Hang Zhang**
*TERMINATED: 05/08/2025*                                            3170 Sterling Drive
Palo Alto, CA 94303
626-476-5843
Email: rosezi@yahoo.com
PRO SE

**Interested Party**

**State Democracy Defenders Fund**               represented by     **Norman Larry Eisen**
State Democracy Defenders Action
2022 Columbia Road, NW, #24
Washington, DC 20009-1309
202-753-9667
Email:
norman@statedemocracydefenders.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pooja Chaudhuri**
Lawyers' Committee for Civil Rights Under
Law
1500 K Street, NW, Suite 9
Washington, DC 20005
415-726-1414
Email: pchaudhuri@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Arkalgud Lakshminarasimha**                    represented by     **Arkalgud Lakshminarasimha**
PO Box 2101

3-ER-510

Cary, NC 27512
919-534-6554
Email: asimha@att.net
PRO SE

**Amicus**

**American Physical Society**                 represented by  **Cortlin Hall Lannin**
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-7078
Fax: (415) 591-6091
Email: clannin@cov.com
*ATTORNEY TO BE NOTICED*

**Mishi Jain**
Covington & Burling LLP
850 10th Street, NW
Suite 1169s
Washington, DC 20001
832-661-1288
Email: mjain@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Harrington**
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-6000
Email: sharrington@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**County of Santa Clara**                    represented by  **Raphael N. Rajendra**
Office of the County Counsel
70 West Hedding Street
East Wing, Ninth Floor
San Jose, CA 95110
408-299-5900
Fax: 408-292-7240
Email: raphael.rajendra@cco.sccgov.org
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/19/2025 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against Charles Ezell, United States Office of Personnel Management, (Filing Fee: $405.00, receipt number ACANDC-20368369). |

3-ER-511

| | | |
|---|---|---|
| | | Injunction against the US government/official or APA vacatur requested. Filed by United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, American Federation Of Government Employees, AFL-CIO, American Federation of Government Employees Local 1216, American Federation Of State County And Municipal Employees, AFL-CIO. (Attachments: # 1 Civil Cover Sheet, # 2 [Proposed] Summons as to OPM, # 3 [Proposed] Summons as to Charles Ezell)(Goldsmith, Eileen) (Filed on 2/19/2025) Modified on 3/13/2025 (tn, COURT STAFF). (Entered: 02/19/2025) |
| 02/20/2025 | 2 | Case assigned to Judge William Alsup. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (kam2, COURT STAFF) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 3 | NOTICE of Appearance filed by Danielle Evelyn Leonard on behalf of American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO (Leonard, Danielle) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 4 | NOTICE of Appearance filed by Scott Alan Kronland on behalf of American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO (Kronland, Scott) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 5 | NOTICE of Appearance filed by Stacey M. Leyton on behalf of American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO (Leyton, Stacey) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 6 | NOTICE of Appearance filed by Robin Starr Tholin on behalf of American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO (Tholin, Robin) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 7 | NOTICE of Appearance filed by James Baltzer on behalf of American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO (Baltzer, James) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 8 | **CLERK'S NOTICE SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE: Initial Case Management Conference set for 3/13/2025 01:00 PM in San Francisco, Courtroom 12, 19th Floor. Joint Case Management Statement due by 3/6/2025. *(This is a text-only entry generated by the court. There is no document** |

3-ER-512

| | | |
|---|---|---|
| | | *associated with this entry.)* **(afm, COURT STAFF) (Filed on 2/20/2025) (Entered: 02/20/2025)** |
| 02/20/2025 | 9 | **SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 8 Clerk's Notice. Signed by Judge William Alsup on 8/27/2024. (afm, COURT STAFF) (Filed on 2/20/2025) (Entered: 02/20/2025)** |
| 02/20/2025 | 10 | **(DISREGARD. ISSUED IN ERROR. SEE CLERK'S NOTICE 8 ) Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 5/15/2025. Initial Case Management Conference set for 5/22/2025 at 11:00 AM in San Francisco, Courtroom 12, 19th Floor.**<br><br>**Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and cand.uscourts.gov/cameras. (Attachments: # 1 Notice of Eligibility for Video Recording)(slh, COURT STAFF) (Filed on 2/20/2025) Modified on 2/20/2025 (afm, COURT STAFF). (Entered: 02/20/2025)** |
| 02/20/2025 | 11 | Summons Issued as to United States Office of Personnel Management. (slh, COURT STAFF) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 12 | Summons Issued as to Charles Ezell. (slh, COURT STAFF) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/20/2025 | 13 | **CLERK'S NOTICE: For purposes of clarity, the Initial Case Management Conference is scheduled to go forward on March 13, 2025 at 1:00PM, as stated in 8 Clerk's Notice. The 10 Initial Case Management Scheduling Order was issued in error and has been disregarded and will reissue.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(afm, COURT STAFF) (Filed on 2/20/2025) (Entered: 02/20/2025)** |
| 02/20/2025 | 14 | NOTICE of Appearance filed by Rushab Sanghvi on behalf of American Federation Of Government Employees, AFL-CIO, American Federation of Government Employees Local 1216 (Sanghvi, Rushab) (Filed on 2/20/2025) (Entered: 02/20/2025) |
| 02/21/2025 | 15 | **Amended Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 3/6/2025. Initial Case Management Conference set for 3/13/2025 at 1:00 PM in San Francisco, Courtroom 12, 19th Floor. Signed by Judge William Alsup on 2/21/2025. (afm, COURT STAFF) (Filed on 2/21/2025) (Entered: 02/21/2025)** |
| 02/21/2025 | 16 | NOTICE of Appearance filed by Teague Pryde Paterson on behalf of American Federation Of State County And Municipal Employees, AFL-CIO (Paterson, Teague) (Filed on 2/21/2025) (Entered: 02/21/2025) |
| 02/23/2025 | 17 | FIRST AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against Charles Ezell, United States Office of Personnel Management, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. Filed by American Federation of Government Employees Local 1216, American Federation Of State County And Municipal Employees, AFL-CIO, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, American Federation Of Government Employees, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Leonard, Danielle) (Filed on 2/23/2025) Modified on 2/24/2025 (slh, COURT STAFF). (Entered: 02/23/2025) |

3-ER-513

| 02/23/2025 | 18 | Ex Parte MOTION for Temporary Restraining Order *and Order to Show Cause* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Supplement Memorandum of Points and Authorities, # 2 Proposed Order, # 3 Declaration Declaration of Oscar Arbulu, Deputy Political Director, Common Defense Civic Engagement, # 4 Declaration of Former United States Office of Personnel Management Director Katherine Archuleta, # 5 Declaration of Liliana Caetano Bachelder, President, Foreign Agricultural Service Employees, Local 3976, District Council 20, American Federation of State, County and Municipal Employees, AFL-CIO, # 6 Declaration of Kory Blake, Area Field Services Director, American Federation of State, County and Municipal Employees, AFL-CIO, # 7 Declaration of Major General (Ret.) Paul Eaton, USA, Vote Vets, # 8 Declaration of Dr. Thomas Evans, National Science Foundation, # 9 Declaration of Dr. Andrew Frassetto, National Science Foundation, # 10 Declaration of Yolanda Jacobs, President, American Federation of Government Employees Local 2883, Centers for Disease Control and Prevention, # 11 Declaration of Jonathan B. Jarvis, Former Director, National Park Service, # 12 Declaration of Everett Kelley, President, American Federation of Government Employees, AFL-CIO, # 13 Declaration of Erik Molvar, Executive Director, Western Watersheds Project, # 14 Declaration of Denise Nemeth-Greenleaf, Vice-Chair, American Federation of Government Employees Defense Conference, # 15 Declaration of Don L. Neubacher, Coalition to Protect Americas National Parks, # 16 Declaration of Shawn Phetteplace, National Campaigns Director, Main Street Alliance, # 17 Declaration of Daniel T. Ronneberg, President, Federal Aviation Administration Employees Union, Local 1653, District Council 20, American Federation of State, County and Municipal Employees, AFL-CIO, # 18 Declaration of Elizabeth Turner-Nichols, President, American Federation of Government Employees, Local 2110, Department of Veterans Affairs, VA Palo Alto Health Care System, # 19 Declaration of Milana Walls, # 20 Declaration of Eileen B. Goldsmith in Support of Plaintiffs Ex Parte Motion for Temporary Restraining Order)(Leonard, Danielle) (Filed on 2/23/2025) Modified on 2/24/2025 (slh, COURT STAFF). (Entered: 02/23/2025) |
| 02/23/2025 | 19 | ADMINISTRATIVE MOTION to Exceed Page Limitation for Memorandum In Support Of Ex Parte Motion For Temporary Restraining Order and Order to Show Cause re 18 Ex Parte MOTION for Temporary Restraining Order *and Order to Show Cause* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. Responses due by 2/27/2025. (Attachments: # 1 Proposed Order)(Leonard, Danielle) (Filed on 2/23/2025) (Entered: 02/23/2025) |
| 02/23/2025 | 20 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 re 19 ADMINISTRATIVE MOTION to Exceed Page Limitation for Memorandum In Support Of Ex Parte Motion For Temporary Restraining Order and Order to Show Cause re 18 Ex |

| | | |
|---|---|---|
| | | Parte MOTION for Temporary Restraining Order *and Order to Show Cause*, 17 Amended Complaint (Leonard, Danielle) (Filed on 2/23/2025) (Entered: 02/23/2025) |
| 02/24/2025 | 21 | **ORDER SETTING HEARING RE: MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 2/24/2025) (Additional attachment(s) added on 2/24/2025: # 1 Main Document (Correct)) (afm, COURT STAFF). (Entered: 02/24/2025)** |
| 02/24/2025 | | Set/Reset Deadlines as to 18 Ex Parte MOTION for Temporary Restraining Order *Ex Parte Motion for Temporary Restraining Order and Order to Show Cause*. Responses and Replies due by 2/26/2025. Motion Hearing set for 2/27/2025 01:30 PM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. (afm, COURT STAFF) (Filed on 2/24/2025) (Entered: 02/24/2025) |
| 02/24/2025 | 22 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 2/24/2025) (Entered: 02/24/2025) |
| 02/24/2025 | 24 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 2/24/2025) (Entered: 02/24/2025) |
| 02/25/2025 | 26 | **REQUEST FOR INFORMATION. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 2/25/2025) (Entered: 02/25/2025)** |
| 02/25/2025 | 27 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 2/25/2025) (Entered: 02/25/2025) |
| 02/25/2025 | 29 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 2/25/2025) (Entered: 02/25/2025) |
| 02/25/2025 | 30 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 2/25/2025) (Entered: 02/25/2025) |

3-ER-515

| 02/26/2025 | 31 | NOTICE of Appearance filed by Kelsey John Helland on behalf of United States Office of Personnel Management, Charles Ezell (Helland, Kelsey) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 32 | NOTICE of Appearance filed by James D. Todd, Jr on behalf of United States Office of Personnel Management, Charles Ezell (Todd, James) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 33 | OPPOSITION/RESPONSE (re 18 Ex Parte MOTION for Temporary Restraining Order *and Order to Show Cause* ) filed byUnited States Office of Personnel Management, Charles Ezell. (Todd, James) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 34 | EXHIBITS re 33 Opposition/Response to Motion *Declaration of Charles Ezell* filed byUnited States Office of Personnel Management, Charles Ezell. (Related document(s) 33 ) (Todd, James) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 35 | **Document Temporarily Locked per Counsel's Request** <br> EXHIBITS re 33 Opposition/Response to Motion *Exhibit 2: Stay Request, Special Counsel v. OPM (MSPB)* filed by United States Office of Personnel Management, Charles Ezell. (Related document(s) 33 ) (Todd, James) (Filed on 2/26/2025) Modified on 3/7/2025 (slh, COURT STAFF). Modified on 3/7/2025 (afm, COURT STAFF). (Entered: 02/26/2025) |
| 02/26/2025 | 36 | **Document Temporarily Locked per Counsel's Request** <br> EXHIBITS re 33 Opposition/Response to Motion *Exhibit 3, Order on Stay Request, Special Counsel v. OPM (MSPB)* filed by United States Office of Personnel Management, Charles Ezell. (Related document(s) 33 ) (Todd, James) (Filed on 2/26/2025) Modified on 3/7/2025 (slh, COURT STAFF). Modified on 3/7/2025 (afm, COURT STAFF). (Entered: 02/26/2025) |
| 02/26/2025 | 37 | EXHIBITS re 34 Exhibits *Attachments to the Declaration of Charles Ezell* filed byUnited States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Attachment B, # 2 Attachment C, # 3 Attachment D)(Related document(s) 34 ) (Todd, James) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 39 | REPLY (re 18 Ex Parte MOTION for Temporary Restraining Order *and Order to Show Cause* ) filed byAmerican Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Declaration of Milana Walls, # 2 Declaration of Erik Molvar, # 3 Declaration of Don Neubacher, # 4 Declaration of Pace Schwarz, # 5 Declaration of Gabriel Lezra, # 6 Declaration of Korey Blake)(Leonard, Danielle) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 40 | ADMINISTRATIVE MOTION to Exceed Page Limitation for Reply Brief re 39 Reply to Opposition/Response,,, filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. Responses due by 3/3/2025. (Attachments: # 1 Declaration of Robin S. Tholin, # 2 Proposed Order)(Leonard, Danielle) (Filed on 2/26/2025) (Entered: 02/26/2025) |

3-ER-516

| | | |
|---|---|---|
| 02/27/2025 | 41 | **Minute Entry for proceedings held before Judge William Alsup:**<br><br>**Motion Hearing re: 18 Motion for TRO held on 2/27/2025. Parties stated appearances and proffered argument. Court ruled as stated on the record. Written Memorandum Opinion to issue. Government is to produce expedited discovery on 3/4/2025 by 12:00pm noon (pst). Evidentiary Hearing set for 3/13/2025 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup.**<br><br>**Total Time in Court: 1:32 - 3:13 = 1 Hour; 41 Minutes.**<br>**Court Reporter: Irene Rodriguez.**<br><br>**Plaintiff Attorneys: Danielle Leonard, Stacey Leyton, Eileen Goldsmith, Scott Kronland, James Baltzer, Robin Tholin, Rushad Sanghvi.**<br>**Defendant Attorney: Kelsey Helland.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 2/27/2025) (Entered: 02/27/2025)** |
| 02/27/2025 | 42 | TRANSCRIPT ORDER for proceedings held on 02/27/2025 before Judge William Alsup by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110, for Court Reporter Irene Rodriguez. (Leonard, Danielle) (Filed on 2/27/2025) (Entered: 02/27/2025) |
| 02/27/2025 | 43 | TRANSCRIPT ORDER for proceedings held on 2/27/2025 before Judge William Alsup by United States Office of Personnel Management, Charles Ezell, for Court Reporter Irene Rodriguez. (Helland, Kelsey) (Filed on 2/27/2025) (Entered: 02/27/2025) |
| 02/28/2025 | 44 | Transcript of Proceedings held on 02/27/2025, before Judge Alsup. Court Reporter Irene L. Rodriguez, email address Irene_Rodriguez@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 5/29/2025. (Rodriguez, Irene) (Filed on 2/28/2025) (Entered: 02/28/2025) |
| 02/28/2025 | 45 | **MEMORANDUM OPINION AND ORDER AMENDING TRO. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 2/28/2025) (Entered: 02/28/2025)** |
| 03/04/2025 | 47 | **ORDER GRANTING 19 PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMITATION FOR MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE. Signed by Judge William Alsup on 3/4/2025. (afm, COURT STAFF) (Filed on 3/4/2025) (Entered: 03/04/2025)** |
| 03/04/2025 | 48 | **ORDER GRANTING 40 ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMITATION FOR REPLY IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE. Signed by Judge William Alsup on 3/4/2025. (afm, COURT STAFF) (Filed on 3/4/2025) (Entered: 03/04/2025)** |

3-ER-517

| 03/04/2025 | 49 | MOTION for Leave to File *Second Amended Complaint* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit A - Redline of Second Amended Complaint, # 2 Exhibit B - Second Amended Complaint, # 3 Proposed Order Granting Leave to Amend Complaint)(Leonard, Danielle) (Filed on 3/4/2025) (Entered: 03/04/2025) |
| 03/04/2025 | 50 | MOTION to Shorten Time filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Declaration of Danielle Leonard, # 2 Proposed Order Granting Motion to Shorten Time)(Leonard, Danielle) (Filed on 3/4/2025) (Entered: 03/04/2025) |
| 03/05/2025 | 51 | NOTICE of Appearance filed by Yuri Fuchs on behalf of United States Office of Personnel Management, Charles Ezell (Fuchs, Yuri) (Filed on 3/5/2025) (Entered: 03/05/2025) |
| 03/05/2025 | 52 | **ORDER GRANTING, AS MODIFIED, PLAINTIFFS REQUEST FOR EXPEDITED BRIEFING 50 . Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/5/2025) (Entered: 03/05/2025)** |
| 03/05/2025 | 53 | MOTION for leave to appear in Pro Hac Vice *of Norman Eisen* ( Filing fee $ 328, receipt number ACANDC-20420733.) filed by Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc.. (Attachments: # 1 Exhibit A (Certificate of Good Standing)) (Eisen, Norman) (Filed on 3/5/2025) (Entered: 03/05/2025) |
| 03/05/2025 | 54 | **ORDER by Judge William Alsup granting 53 Motion for Pro Hac Vice. (afm, COURT STAFF) (Filed on 3/5/2025) (Entered: 03/05/2025)** |
| 03/05/2025 | 55 | NOTICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 *Plaintiffs' Urgent Request for Status Conference re: Non Compliance with Court Order* (Attachments: # 1 Declaration of Danielle Leonard)(Leonard, Danielle) (Filed on 3/5/2025) (Entered: 03/05/2025) |
| 03/05/2025 | 56 | Clerk's Notice of Video Recording Request. Video Camera hearing set for 3/13/2025 08:00 AM. Objections to Video Recording due 3/12/2025. (afm, COURT STAFF) (Filed on 3/5/2025) (Entered: 03/05/2025) |
| 03/05/2025 | 57 | **ORDER SETTING STATUS CONFERENCE. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/5/2025) (Entered: 03/05/2025)** |
| 03/05/2025 | | Set/Reset Hearing. Status Conference set for 3/6/2025 01:00 PM in San Francisco, - Videoconference Only before Judge William Alsup. This proceeding will be held via a Zoom webinar. |

3-ER-518

| | | |
|---|---|---|
| | | (afm, COURT STAFF) (Filed on 3/5/2025) (Entered: 03/05/2025) |
| 03/06/2025 | 58 | First MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20423733.) filed by American Federation Of State County And Municipal Employees, AFL-CIO. (Blumin, Matthew) (Filed on 3/6/2025) (Entered: 03/06/2025) |
| 03/06/2025 | 59 | **ORDER by Judge William Alsup granting 58 Motion for Pro Hac Vice. (afm, COURT STAFF) (Filed on 3/6/2025) (Entered: 03/06/2025)** |
| 03/06/2025 | 60 | **Minute Entry for proceedings held before Judge William Alsup:**<br><br>**Status Conference conducted by Zoom Webinar held on 3/6/2025. Court ruled as stated on the record.**<br><br>**Total Time in Court: 1:05 - 1:45 = 40 Minutes.**<br>**Court Reporter: Ruth Ekhaus.**<br><br>**Plaintiff Attorneys: Danielle Leonard, Stacey Leyton.**<br>**Defendant Attorney: Kelsey Helland.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Date Filed: 3/6/2025) (Entered: 03/06/2025)** |
| 03/06/2025 | 61 | TRANSCRIPT ORDER for proceedings held on 03/06/2025 before Judge William Alsup by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110, for Court Reporter Ruth Ekhaus. (Leonard, Danielle) (Filed on 3/6/2025) (Entered: 03/06/2025) |
| 03/06/2025 | 62 | TRANSCRIPT ORDER for proceedings held on 03/06/2025 before Judge William Alsup by United States Office of Personnel Management, Charles Ezell, for Court Reporter Ruth Ekhaus. (Helland, Kelsey) (Filed on 3/6/2025) (Entered: 03/06/2025) |
| 03/07/2025 | 63 | OPPOSITION/RESPONSE (re 49 MOTION for Leave to File *Second Amended Complaint* ) filed byUnited States Office of Personnel Management, Charles Ezell. (Fuchs, Yuri) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 64 | EXHIBITS re 63 Opposition/Response to Motion filed byUnited States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit Exhibit 1)(Related document(s) 63 ) (Fuchs, Yuri) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 65 | Transcript of Remotely-Held Proceedings held on 03/06/2025, before Judge William Alsup. Court Reporter Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG CSR No. 12219, telephone number ruth_ekhaus@cand.uscourts.gov/(415)336-5223. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 62 Transcript Order, 61 Transcript Order,, ) Release of Transcript Restriction set for 6/5/2025. (Related documents(s) 62 , 61 ) (rre, COURT STAFF) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 66 | **CLERK'S NOTICE ADVANCING TIME OF INITIAL CASE MANAGEMENT CONFERENCE ON 3/13/2025: The time of Initial Case Management Conference is** |

3-ER-519

| | | |
|---|---|---|
| | | advanced to 3/13/2025 08:00 AM in San Francisco, Courtroom 12, 19th Floor. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 67 | TRANSCRIPT ORDER for proceedings held on 03/06/2025 before Judge William Alsup for Court Reporter Ruth Ekhaus (rre, COURT STAFF) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 68 | Letter from AUSA Kelsey J. Helland . (Helland, Kelsey) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 69 | REPLY (re 49 MOTION for Leave to File *Second Amended Complaint* ) filed byAmerican Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit A- Revised Second Amended Complaint Redline, # 2 Exhibit B- Revised Second Amended Complaint Clean, # 3 Declaration of Stacey Leyton)(Leonard, Danielle) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 70 | NOTICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 *Supplementary Evidence* (Attachments: # 1 Declaration of Leandra Bailey, # 2 Declaration of Heather Bartlett, # 3 Declaration of Dr. Georges C. Benjamin, M.D, # 4 Declaration of Cade Cannedy, # 5 Declaration of Kelly Cunningham, # 6 Declaration of Dwight Dively, # 7 Declaration of Shane Esquibel, # 8 Declaration of Cami Feek, # 9 Declaration of Krista Finlay, # 10 Declaration of Michael Garl, # 11 Declaration of Jennifer Hennessey, # 12 Declaration of Caroline Mellor, # 13 Declaration of Sara Nelson, # 14 Declaration of Ashley Nindl, # 15 Declaration of Melissa Pitkin, # 16 Declaration of Alexandra Shultz, # 17 Declaration of Oscar Arbulu, # 18 Declaration of Erik Molvar, # 19 Declaration of Don Neubacher, # 20 Declaration of Shawn Phetteplace)(Leonard, Danielle) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 71 | ERRATA to re 70 Notice (Other) filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Leonard, Danielle) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 72 | EXHIBITS re 33 Opposition/Response to Motion, 35 Exhibits, *CORRECTED* filed byUnited States Office of Personnel Management, Charles Ezell. (Related document(s) 33 , 35 ) (Helland, Kelsey) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 73 | EXHIBITS re 33 Opposition/Response to Motion, 36 Exhibits, *CORRECTED* filed byUnited States Office of Personnel Management, Charles Ezell. (Related document(s) 33 , 36 ) (Helland, Kelsey) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/07/2025 | 74 | MOTION to Remove Incorrectly Filed Document *(UNOPPOSED)* filed by United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Proposed Order and |

3-ER-520

| | | |
|---|---|---|
| | | Stipulation)(Helland, Kelsey) (Filed on 3/7/2025) (Entered: 03/07/2025) |
| 03/10/2025 | 75 | Ex Parte Application *to Vacate March 13, 2025 Evidentiary Hearing, Quash Subpoenas, and for a Protective Order* filed by United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Proposed Order)(Fuchs, Yuri) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 76 | EXHIBITS re 75 Ex Parte Application *to Vacate March 13, 2025 Evidentiary Hearing, Quash Subpoenas, and for a Protective Order* filed by United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O, # 16 Exhibit Exhibit P, # 17 Exhibit Exhibit Q, # 18 Exhibit Exhibit R, # 19 Exhibit Exhibit S, # 20 Exhibit Exhibit T, # 21 Exhibit Exhibit U, # 22 Exhibit Exhibit V, # 23 Exhibit Exhibit W, # 24 Exhibit Exhibit X)(Related document(s) 75 ) (Fuchs, Yuri) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 77 | EXHIBITS re 75 Ex Parte Application *to Vacate March 13, 2025 Evidentiary Hearing, Quash Subpoenas, and for a Protective Order* filed byUnited States Office of Personnel Management, Charles Ezell. (Related document(s) 75 ) (Fuchs, Yuri) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 78 | EXHIBITS re 75 Ex Parte Application *to Vacate March 13, 2025 Evidentiary Hearing, Quash Subpoenas, and for a Protective Order* filed byUnited States Office of Personnel Management, Charles Ezell. (Related document(s) 75 ) (Fuchs, Yuri) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 79 | NOTICE of Appearance filed by Sarah Harrington on behalf of American Physical Society *APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE* (Harrington, Sarah) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 80 | NOTICE of Appearance filed by Mishi Jain on behalf of American Physical Society *APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE* (Jain, Mishi) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 81 | ERRATA re 69 Reply to Opposition/Response,, by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit A - Revised Second Amended Complaint)(Leonard, Danielle) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 82 | **SECOND REQUEST FOR INFORMATION. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/10/2025) (Entered: 03/10/2025)** |
| 03/10/2025 | 83 | NOTICE of Appearance filed by Cortlin Hall Lannin on behalf of American Physical Society (Lannin, Cortlin) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 84 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20435725.) filed by American Physical Society. (Attachments: # 1 Certificate of Good Standing)(Jain, Mishi) (Filed on 3/10/2025) (Entered: 03/10/2025) |
| 03/10/2025 | 85 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20435829.) filed by American Physical Society. (Attachments: # 1 Certificate of Good Standing)(Harrington, Sarah) (Filed on 3/10/2025) (Entered: 03/10/2025) |

3-ER-521

| 03/10/2025 | 86 | OPPOSITION/RESPONSE (re 75 Ex Parte Application *to Vacate March 13, 2025 Evidentiary Hearing, Quash Subpoenas, and for a Protective Order* ) filed byAmerican Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFSCME, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit A)(Leonard, Danielle) (Filed on 3/10/2025) (Entered: 03/10/2025) |
|---|---|---|
| 03/10/2025 | 87 | NOTICE in Response to Court's Second Request for Information by United States Office of Personnel Management, Charles Ezell re 82 Order (Attachments: # 1 Exhibit Exhibit 1)(Fuchs, Yuri) (Filed on 3/10/2025) Modified on 3/11/2025 (slh, COURT STAFF). (Entered: 03/10/2025) |
| 03/10/2025 | 88 | **ORDER ON MOTION FOR LEAVE TO AMEND 49 . Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/10/2025) (Entered: 03/10/2025)** |
| 03/10/2025 | 89 | **ORDER ON EX PARTE APPLICATION BY DEFENDANTS 75 . Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/10/2025) (Entered: 03/10/2025)** |
| 03/11/2025 | 90 | SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF against All Defendants. Filed by AFGE Local 2110, Common Defense Civic Engagement, American Federation of Government Employees Local 1216, American Federation Of State County And Municipal Employees, AFL-CIO, Western Watersheds Project, Vote Vets Action Fund Inc., American Federation Of Government Employees, AFL-CIO, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, Coalition to Protect Americas National Parks, Main Street Alliance. (Leonard, Danielle) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 91 | **ORDER by Judge William Alsup granting 84 Motion for Pro Hac Vice. (afm, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025)** |
| 03/11/2025 | 92 | **ORDER by Judge William Alsup granting 85 Motion for Pro Hac Vice. (afm, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025)** |
| 03/11/2025 | 93 | MOTION for Leave to File *AMICUS CURIAE BRIEF SUPPORTING PLAINTIFFS REQUEST FOR PRELIMINARY RELIEF* filed by American Physical Society. (Attachments: # 1 Amicus Curiae Brief, # 2 Proposed Order)(Harrington, Sarah) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 94 | RESPONSE re 68 Letter by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Declaration of Stacey Leyton)(Leonard, Danielle) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 95 | **ORDER ON PLAINTIFF'S RESPONSE TO LETTER FROM AUSA KELSEY HELLAND 94 . Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025)** |
| 03/11/2025 | 96 | NOTICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common |

3-ER-522

| | | |
|---|---|---|
| | | Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 97 | NOTICE by United States Office of Personnel Management, Charles Ezell re 89 Order on Ex Parte Application (Fuchs, Yuri) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 98 | NOTICE of Appearance filed by Raphael N. Rajendra on behalf of County of Santa Clara (Rajendra, Raphael) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 99 | MOTION to File Amicus Curiae Brief *of Amici Curiae County of Santa Clara and 43 Additional Local Governments and Local Government Officials in Support of Plaintiffs* filed by County of Santa Clara. Responses due by 3/25/2025. Replies due by 4/1/2025. (Attachments: # 1 [Proposed] Brief of Amici Curiae, # 2 Proposed Order)(Rajendra, Raphael) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 100 | NOTICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 *PLAINTIFFS SUPPLEMENTAL EVIDENCE IN ADVANCE OF MARCH 13, 2025 HEARING* (Attachments: # 1 Declaration SUPPLEMENTAL DECLARATION OF KORY BLAKE, # 2 Declaration DECLARATION OF YVETTE PIACSEK)(Leonard, Danielle) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 101 | **ORDER GRANTING 93 AMERICAN PHYSICAL SOCIETY'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF. Signed by Judge William Alsup on 3/11/2025. (afm, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025)** |
| 03/11/2025 | 102 | **ORDER GRANTING 99 MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE COUNTY OF SANTA CLARA AND 43 ADDITIONAL LOCAL GOVERNMENTS. Signed by Judge William Alsup on 3/11/2025. (afm, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025)** |
| 03/11/2025 | 103 | Proposed Summons. (Attachments: # 1 Summons to GSA, # 2 Summons to HHS, # 3 Summons to DHS, # 4 Summons to HUD, # 5 Summons to DoI, # 6 Summons to DoJ, # 7 Summons to OMB, # 8 Summons to DoS, # 9 Summons to DoT, # 10 Summons to EPA, # 11 Summons to SBA, # 12 Summons to SSA, # 13 Summons to VA, # 14 Summons to DoL, # 15 Summons to Chris Wright, # 16 Summons to Doug Burgum, # 17 Summons to Doug Collins, # 18 Summons to Kelly Loeffler, # 19 Summons to Kristi Noem, # 20 Summons to Lee Zeldin, # 21 Summons to Leland Doudek, # 22 Summons to Marco Rubio, # 23 Summons to Pam Bondi, # 24 Summons to Robert F. Kennedy Jr., # 25 Summons to Robin Carnahan, # 26 Summons to Russell Vought, # 27 Summons to Scott Turner, # 28 Summons to Sean Duffy, # 29 Summons to Vince Micone)(Leonard, Danielle) (Filed on 3/11/2025) (Entered: 03/11/2025) |
| 03/11/2025 | 104 | **CLERK'S NOTICE: The Evidentiary Hearing will go forward as scheduled on 3/13/2025 at 8 AM (PST). *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025)** |
| 03/11/2025 | 105 | Brief *of Amici Curiae County of Santa Clara and 43 Additional Local Governments and Local Government Officials in Support of Plaintiffs* filed by County of Santa Clara. (Rajendra, Raphael) (Filed on 3/11/2025) (Entered: 03/11/2025) |

3-ER-523

| | | |
|---|---|---|
| 03/12/2025 | 106 | ***Filed-In-Error. Please Refer to Docket 108 *** - NOTICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 re 77 Exhibits, (Attachments: # 1 Declaration of Stacey Leyton) (Leonard, Danielle) (Filed on 3/12/2025) Modified on 3/12/2025 (tn, COURT STAFF). (Entered: 03/12/2025) |
| 03/12/2025 | 107 | NOTICE of Appearance filed by Tera Marie Heintz on behalf of State of Washington (Heintz, Tera) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/12/2025 | 108 | Ex Parte Motion to Strike re 77 Exhibits - Declaration of Noah Peters - *Correction to Docket 106* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Declaration of Stacey Leyton)(Leonard, Danielle) (Filed on 3/12/2025) Modified on 3/12/2025 (tn, COURT STAFF). (Entered: 03/12/2025) |
| 03/12/2025 | 109 | MOTION for leave to appear in Pro Hac Vice *of Cynthia Alexander* ( Filing fee $ 328, receipt number ACANDC-20448167.) filed by State of Washington. (Attachments: # 1 Certificate of Good Standing)(Alexander, Cynthia) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/12/2025 | 110 | NOTICE by United States Office of Personnel Management, Charles Ezell *of Filing of Evidence* (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7, # 8 Exhibit Ex. 8, # 9 Exhibit Ex. 9, # 10 Exhibit Ex. 10, # 11 Exhibit Ex. 11, # 12 Exhibit Ex. 12)(Fuchs, Yuri) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/12/2025 | 111 | ERRATA re 110 Notice (Other), by United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7, # 8 Exhibit Ex. 8, # 9 Exhibit Ex. 9, # 10 Exhibit Ex. 10, # 11 Exhibit Ex. 11, # 12 Exhibit Ex. 12)(Fuchs, Yuri) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/12/2025 | 112 | NOTICE of Appearance filed by Cristina Sepe on behalf of State of Washington (Sepe, Cristina) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/12/2025 | 113 | Corrected [Proposed] Summons. (Leonard, Danielle) (Filed on 3/12/2025) Modified on 3/13/2025 (tn, COURT STAFF). (Entered: 03/12/2025) |
| 03/12/2025 | 114 | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 re 90 Amended Complaint,, (Leonard, Danielle) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/13/2025 | 115 | **Minute Entry for proceedings held before Judge William Alsup:** |

3-ER-524

**Preliminary Injunction Hearing held on 3/13/2025. Court granted and extended TRO as stated on the record. Court directed counsel to file briefs by 3/21/2025, 12:00 noon, 10 pages in length as stated on the record. Memorandum Opinion to issue.**

**Initial Case Management Conference not held. Still, discovery open; parties to comply with all rules and standing orders (e.g., Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup 18, 35 (Revd Aug. 27, 2024)). Court further stated plaintiffs may depose Noah Peters in Washington, D.C.; Government to make him available for 3 hours within two weeks.**

**Total Time in Court: 8:00 - 9:30 = 1 Hour; 30 Minutes.**
**Court Reporter: Kendra Steppler.**

**Plaintiff Attorneys: Danielle Leonard, Stacey Leyton, Eileen Goldsmith, Tera Heintz, Norman Eisen.**
**Defendant Attorney: Kelsey Helland.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 3/13/2025) (Entered: 03/13/2025)**

| 03/13/2025 | 116 | TRANSCRIPT ORDER for proceedings held on 3/13/2025 before Judge William Alsup by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110, for Court Reporter Kendra Steppler. (Leonard, Danielle) (Filed on 3/13/2025) (Entered: 03/13/2025) |
|---|---|---|
| 03/13/2025 | 117 | TRANSCRIPT ORDER for proceedings held on 03/13/2025 before Judge William Alsup by United States Office of Personnel Management, Charles Ezell, for Court Reporter Kendra Steppler. (Helland, Kelsey) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/13/2025 | 118 | Summons on Second Amended Complaint Issued as to Scott Bessent, Pam Bondi, Doug Burgum, Robin Carnahan, Doug Collins, Leland Doudek, Sean Duffy, Pete Hegseth, Robert F. Kennedy Jr., Kelly Loeffler, Howard Lutnick, Linda McMahon, Vince Micone, National Science Foundation, Kristi Noem, Sethuraman Panchanathan, Janet Petro, Marco Rubio, Scott Turner, United States Department of Education, United States Department of Energy, United States Department of Homeland Security, United States Department of Housing and Urban Development, United States Department of Justice, United States Department of Labor, United States Department of State, United States Department of Transportation, United States Department of Treasury, United States Department of the Interior, United States Environmental Protection Agency, United States General Services Administration, United States National Aeronautics and Space Administration, United States Office of Management and Budget, United States Small Business Administration, United States Social Security Administration, United States Veterans Administration, Russell Vought, Chris Wright, Lee Zeldin, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce. (tn, COURT STAFF) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/13/2025 | 119 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of |

| | | |
|---|---|---|
| | | Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. Appeal of Motion Hearing 115 - (Appeal fee: FEE WAIVED) (Fuchs, Yuri) (Filed on 3/13/2025) **(USCA Case No. 25-1677)** Modified on 3/17/2025 (slh, COURT STAFF). (Entered: 03/13/2025) |
| 03/13/2025 | [120](#) | Transcript of Proceedings held on March 13, 2025, before Judge William H. Alsup. Court Reporter Kendra Steppler, telephone number 406-489-3498, email address kendra_steppler@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re [116](#) Transcript Order,, ) Release of Transcript Restriction set for 6/11/2025. (Related documents(s) [116](#) ) (Steppler, Kendra) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/13/2025 | [121](#) | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/13/2025 | [122](#) | NOTICE of Evidentiary Citations for Plaintiffs Affected by Agency Terminations filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 3/13/2025) Modified on 3/13/2025 (tn, COURT STAFF). (Entered: 03/13/2025) |
| 03/13/2025 | [123](#) | CERTIFICATE OF SERVICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Leonard, Danielle) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/13/2025 | [124](#) | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/13/2025) (Entered: 03/13/2025) |

3-ER-526

| | | |
|---|---|---|
| 03/13/2025 | 125 | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/13/2025 | 126 | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/13/2025) (Entered: 03/13/2025) |
| 03/14/2025 | 127 | Ex Parte Application *to Stay the Court's March 13, 2025 Preliminary Injunction Pending Appeal re 115 Motion Hearing* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 [Proposed] Order)(Fuchs, Yuri) (Filed on 3/14/2025) (Entered: 03/14/2025) |
| 03/14/2025 | 128 | **BRIEFING SCHEDULE ON EX PARTE MOTION TO STAY BY DEFENDANTS. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/14/2025) (Entered: 03/14/2025)** |
| 03/14/2025 | 129 | OPPOSITION/RESPONSE (re 127 Ex Parte Application re 115 Motion Hearing,,,, *to Stay the Court's March 13, 2025 Preliminary Injunction Pending Appeal* ) filed byAmerican Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Leonard, Danielle) (Filed on 3/14/2025) (Entered: 03/14/2025) |
| 03/14/2025 | 130 | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/14/2025) (Entered: 03/14/2025) |
| 03/14/2025 | 131 | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/14/2025) (Entered: 03/14/2025) |
| 03/14/2025 | 132 | **MEMORANDUM. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/14/2025) (Entered: 03/14/2025)** |
| 03/15/2025 | 133 | **ORDER DENYING EX PARTE MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL 127 . Signed by Judge Alsup. (whalc1, COURT** |

3-ER-527

| | | STAFF) (Filed on 3/15/2025) (Entered: 03/15/2025) |
|---|---|---|
| 03/16/2025 | 134 | **ORDER by Judge William Alsup granting 109 Motion for Pro Hac Vice. (afm, COURT STAFF) (Filed on 3/16/2025) (Entered: 03/16/2025)** |
| 03/17/2025 | 135 | USCA Case Number 25-1677 for 119 Notice of Appeal to the Ninth Circuit filed by United States Office of Personnel Management, et al. (slh, COURT STAFF) (Filed on 3/17/2025) (Entered: 03/17/2025) |
| 03/17/2025 | 136 | ORDER of USCA as to 119 Notice of Appeal to the Ninth Circuit filed by United States Office of Personnel Management, et al. re: emergency motion to stay; denying request for an immediate administrative stay; the response to the emergency motion is due March 18, 2025; the optional reply in support of the motion is due March 20, 2025. (slh, COURT STAFF) (Filed on 3/17/2025) (Entered: 03/17/2025) |
| 03/17/2025 | 137 | TRANSCRIPT ORDER for proceedings held on March 13, 2025 before Judge William Alsup for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/17/2025) (Entered: 03/17/2025) |
| 03/17/2025 | 138 | **THIRD REQUEST FOR INFORMATION. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/17/2025) (Entered: 03/17/2025)** |
| 03/18/2025 | 139 | NOTICE by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell re 138 Order (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3)(Fuchs, Yuri) (Filed on 3/18/2025) (Entered: 03/18/2025) |
| 03/18/2025 | 140 | **SUPPLEMENT TO THIRD REQUEST FOR INFORMATION. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/18/2025) (Entered: 03/18/2025)** |
| 03/19/2025 | 141 | NOTICE by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, |

3-ER-528

CAND-ECF

| | | |
|---|---|---|
| | | Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell re 140 Order (Attachments: # 1 Declaration)(Fuchs, Yuri) (Filed on 3/19/2025) (Entered: 03/19/2025) |
| 03/20/2025 | 142 | NOTICE *RESPONSE to Defendants' Response to the Court's Third Request for Information* by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 re 141 Notice (Other), 140 Order (Attachments: # 1 Declaration of Mark Dietrich Cochran, # 2 Declaration of Ruth Coffey, # 3 Declaration of Christy Hoover)(Leonard, Danielle) (Filed on 3/20/2025) Modified on 3/21/2025 (slh, COURT STAFF). (Entered: 03/20/2025) |
| 03/20/2025 | 143 | Administrative Motion to File Under Seal *Agency List of Employees in Compliance with Court's Order* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Proposed Order, # 2 Exhibit Ex. 1, # 3 Exhibit Ex. 2, # 4 Exhibit Ex. 3, # 5 Exhibit Ex. 4, # 6 Exhibit Ex. 5, # 7 Exhibit Ex. 6) (Fuchs, Yuri) (Filed on 3/20/2025) (Entered: 03/20/2025) |
| 03/20/2025 | 144 | NOTICE by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of |

3-ER-529

| | | |
|---|---|---|
| | | Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell re 143 Administrative Motion to File Under Seal *Agency List of Employees in Compliance with Court's Order (Redacted Versions)* (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7, # 8 Exhibit Ex. 8)(Fuchs, Yuri) (Filed on 3/20/2025) (Entered: 03/20/2025) |
| 03/20/2025 | 145 | Letter from Danielle Leonard . (Leonard, Danielle) (Filed on 3/20/2025) (Entered: 03/20/2025) |
| 03/21/2025 | 146 | Consent ADMINISTRATIVE MOTION for Leave to Exceed Page Limitations for Supplmental Brief on Administrative Channeling re 120 Transcript,,, filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. Responses due by 3/25/2025. (Attachments: # 1 Declaration, # 2 Proposed Order)(Todd, James) (Filed on 3/21/2025) (Entered: 03/21/2025) |
| 03/21/2025 | 147 | **ORDER granting 143 Administrative Motion to File Under Seal. Signed by Judge William Alsup on 3/21/2025. (afm, COURT STAFF) (Filed on 3/21/2025) (Entered: 03/21/2025)** |
| 03/21/2025 | 148 | **ORDER GRANTING 146 ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITATIONS FOR SUPPLEMENTAL BRIEF ON ADMINISTRATIVE CHANNELING. Signed by Judge William Alsup on 3/21/2025. (afm, COURT STAFF) (Filed on 3/21/2025) (Entered: 03/21/2025)** |
| 03/21/2025 | 149 | Supplemental Brief re 115 Motion Hearing *re: administrative channeling* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Related document(s) 115 ) (Leonard, Danielle) (Filed on 3/21/2025) (Entered: 03/21/2025) |
| 03/21/2025 | 150 | Brief re 115 Motion Hearing,,,, *re Administrative Channeling* filed byHoward Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of |

| | | |
|---|---|---|
| | | Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 115 ) (Todd, James) (Filed on 3/21/2025) (Entered: 03/21/2025) |
| 03/21/2025 | 151 | **RESPONSE TO LETTER FROM COUNSEL FOR PLAINTIFFS 145 . Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/21/2025) (Entered: 03/21/2025)** |
| 03/21/2025 | 152 | **NOTICE OF BRIEFING SCHEDULES. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/21/2025) (Entered: 03/21/2025)** |
| 03/24/2025 | | Set/Reset Deadlines as to Motion Hearing re: 152 set for 4/9/2025 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. (afm, COURT STAFF) (Filed on 3/24/2025) (Entered: 03/24/2025) |
| 03/24/2025 | 153 | **ORDER RE SUBJECT-MATTER JURISDICTION. Signed by Judge Alsup. (whalc2, COURT STAFF) (Filed on 3/24/2025) (Entered: 03/24/2025)** |
| 03/24/2025 | 154 | **ORDER TO SHOW CAUSE. Signed by Judge Alsup. (whalc2, COURT STAFF) (Filed on 3/24/2025) (Entered: 03/24/2025)** |
| 03/25/2025 | | Set/Reset Hearing re 154 Order: Order to Show Cause Hearing set for 4/9/2025 08:00 AM. (afm, COURT STAFF) (Filed on 3/25/2025) (Entered: 03/25/2025) |
| 03/26/2025 | 155 | MOTION to Compel *Compliance with Preliminary Injunction* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. Motion Hearing set for 4/9/2025 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 3/31/2025. Replies due by 4/3/2025. (Attachments: # 1 Proposed Order)(Leonard, Danielle) (Filed on 3/26/2025) (Entered: 03/26/2025) |
| 03/26/2025 | 156 | **\*\*Erroneous Entry - Please refer to document 163** MOTION for Preliminary Injunction filed by State of Washington. Motion Hearing set for 4/9/2025 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 3/31/2025. Replies due by 4/3/2025. (Attachments: # 1 Supplement, # 2 Proposed Order, # 3 Declaration Alexandra Avila, # 4 Declaration Cynthia L. Alexander)(Alexander, Cynthia) (Filed on 3/26/2025) Modified on 3/31/2025 (slh, COURT STAFF). (Entered: 03/26/2025) |

| 03/27/2025 | 157 | ORDER of USCA as to 119 Notice of Appeal to the Ninth Circuit filed by United States Office of Personnel Management, et al.(slh, COURT STAFF) (Filed on 3/27/2025) (Entered: 03/27/2025) |
| 03/27/2025 | 170 | Judicial Notice and Joinder filed by Arkalgud Lakshminarasimha. (slh, COURT STAFF) (Filed on 3/27/2025) (Entered: 03/31/2025) |
| 03/27/2025 | 171 | Letter dated 3/23/2025 from Arkalgud Lakshminarasimha. (slh, COURT STAFF) (Filed on 3/27/2025) (Entered: 03/31/2025) |
| 03/28/2025 | 158 | Ex Parte Application *for Protective Order Precluding the Deposition of Charles Ezell* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Proposed Order)(Fuchs, Yuri) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/28/2025 | 159 | EXHIBITS re 158 Ex Parte Application *for Protective Order Precluding the Deposition of Charles Ezell* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # 3 Exhibit Ex. C, # 4 Exhibit Ex. D, # 5 Exhibit Ex. E, # 6 Exhibit Ex. F, # 7 Exhibit Ex. G, # 8 Exhibit Ex. H)(Related document(s) 158 ) (Fuchs, Yuri) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/28/2025 | 160 | Brief re 154 Order *re Additional Relief Available to Union Plaintiffs* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing |

| | | |
|---|---|---|
| | | and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit 1)(Related document(s) 154 ) (Todd, James) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/28/2025 | 161 | Brief re 154 Order *re Additional Relief Available to Union Plaintiffs* filed byAmerican Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Declaration of Amelia Glymph, # 2 Proposed Order)(Related document(s) 154 ) (Leonard, Danielle) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/28/2025 | 162 | NOTICE of Errata by State of Washington re 156 MOTION for Preliminary Injunction (Alexander, Cynthia) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/28/2025 | 163 | MOTION for Preliminary Injunction *(CORRECTION OF DOCKET # 156)* filed by State of Washington. Motion Hearing set for 4/9/2025 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 3/31/2025. Replies due by 4/3/2025. (Attachments: # 1 Proposed Order (CORRECTION OF DOCKET # 156-2)) (Alexander, Cynthia) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/28/2025 | 164 | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR A PROTECTIVE ORDER AND SETTING FURTHER BRIEFING SCHEDULE.** Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/28/2025) (Entered: 03/28/2025) |
| 03/31/2025 | 165 | Consent ADMINISTRATIVE MOTION for 3-Hour Extension & Increased Pages re 152 Order filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of |

3-ER-533

| | | |
|---|---|---|
| | | Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. Responses due by 4/4/2025. (Attachments: # 1 Declaration of Kelsey J. Helland, # 2 Proposed Order)(Helland, Kelsey) (Filed on 3/31/2025) (Entered: 03/31/2025) |
| 03/31/2025 | 166 | **ORDER GRANTING 165 ADMINISTRATIVE MOTION FOR 3-HOUR EXTENSION AND INCREASED PAGE LIMITS RE: PRELIMINARY INJUNCTION BRIEFING. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 3/31/2025) (Entered: 03/31/2025)** |
| 03/31/2025 | 167 | OPPOSITION/RESPONSE (re 156 MOTION for Preliminary Injunction ) filed byHoward Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Todd, James) (Filed on 3/31/2025) (Entered: 03/31/2025) |
| 03/31/2025 | 168 | OPPOSITION/RESPONSE (re 155 MOTION to Compel *Compliance with Preliminary Injunction* ) filed byHoward Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7) (Fuchs, Yuri) (Filed on 3/31/2025) (Entered: 03/31/2025) |
| 03/31/2025 | 169 | Administrative Motion to File Under Seal *Agency Lists of Employees* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of |

| | | |
|---|---|---|
| | | Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Fuchs, Yuri) (Filed on 3/31/2025) (Entered: 03/31/2025) |
| 04/01/2025 | 172 | Brief re 164 Order on Ex Parte Application filed byAmerican Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Related document(s) 164 ) (Leonard, Danielle) (Filed on 4/1/2025) (Entered: 04/01/2025) |
| 04/01/2025 | 173 | Brief re 164 Order on Ex Parte Application filed byHoward Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Related document(s) 164 ) (Todd, James) (Filed on 4/1/2025) (Entered: 04/01/2025) |
| 04/02/2025 | 174 | NOTICE of Supplemental Authoritiy by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Leonard, Danielle) (Filed on 4/2/2025) (Entered: 04/02/2025) |

3-ER-535

| 04/02/2025 | 175 | Consent ADMINISTRATIVE MOTION for 3-Hour Extension & Increased Pages re 152 Order filed by State of Washington. Responses due by 4/7/2025. (Attachments: # 1 Declaration of Cynthia L. Alexander, # 2 Proposed Order)(Alexander, Cynthia) (Filed on 4/2/2025) (Entered: 04/02/2025) |
| --- | --- | --- |
| 04/03/2025 | 176 | **ORDER GRANTING 175 ADMINISTRATIVE MOTION FOR 3-HOUR EXTENSION AND INCREASED PAGES. Signed by Judge William Alsup on 4/3/2025. (afm, COURT STAFF) (Filed on 4/3/2025) (Entered: 04/03/2025)** |
| 04/03/2025 | 177 | REPLY in Support (re 155 MOTION to Compel *Compliance with Preliminary Injunction*) filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Declaration of Jada Commodore)(Leonard, Danielle) (Filed on 4/3/2025) (Entered: 04/03/2025) |
| 04/03/2025 | 178 | REPLY in Support (re 163 MOTION for Preliminary Injunction) filed by State of Washington. (Alexander, Cynthia) (Filed on 4/3/2025) (Entered: 04/03/2025) |
| 04/04/2025 | 179 | **FOURTH REQUEST FOR INFORMATION. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 4/4/2025) (Entered: 04/04/2025)** |
| 04/04/2025 | 180 | REPLY in Support 160 Brief filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Related document(s) 160 ) (Todd, James) (Filed on 4/4/2025) Modified on 4/7/2025 (slh, COURT STAFF). (Entered: 04/04/2025) |
| 04/04/2025 | 181 | ERRATA re 179 Order by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets |

3-ER-536

| | | |
|---|---|---|
| | | Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit A- Declaration of Kory Blake)(Leonard, Danielle) (Filed on 4/4/2025) (Entered: 04/04/2025) |
| 04/04/2025 | 182 | Reply in Support re 161 Brief filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit 1)(Related document(s) 161 ) (Leonard, Danielle) (Filed on 4/4/2025) Modified on 4/7/2025 (slh, COURT STAFF). (Entered: 04/04/2025) |
| 04/04/2025 | 183 | RESPONSE re 172 Brief filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Related document(s) 172 ) (Leonard, Danielle) (Filed on 4/4/2025) Modified on 4/7/2025 (slh, COURT STAFF). (Entered: 04/04/2025) |
| 04/05/2025 | 184 | REPLY in Support re 173 Brief filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Related document(s) 173 ) (Todd, James) (Filed on 4/5/2025) Modified on 4/7/2025 (slh, COURT STAFF). (Entered: 04/05/2025) |
| 04/07/2025 | 185 | NOTICE by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, |

| | | United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell *of Additional Steps Taken to Comply with Court's March 13, 2025 Preliminary Injunction* (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6)(Fuchs, Yuri) (Filed on 4/7/2025) (Entered: 04/07/2025) |
|---|---|---|
| 04/07/2025 | 186 | Administrative Motion to File Under Seal *Agency Lists of Employees* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Exhibit Ex. 1, # 4 Exhibit Ex. 2, # 5 Exhibit Ex. 3) (Fuchs, Yuri) (Filed on 4/7/2025) (Entered: 04/07/2025) |
| 04/08/2025 | 187 | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed byHoward Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Exhibit, # 2 Exhibit)(Fuchs, Yuri) (Filed on 4/8/2025) (Entered: 04/08/2025) |
| 04/08/2025 | 188 | NOTICE by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco |

3-ER-538

| | | |
|---|---|---|
| | | Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell *of Filing Deposition of Noah Peters* (Attachments: # 1 Exhibit 1: Tr. of Peters Deposition) (Todd, James) (Filed on 4/8/2025) (Entered: 04/08/2025) |
| 04/09/2025 | 189 | **Minute Entry for proceedings held before Judge William Alsup:** <br><br> **Motion Hearing held on 4/9/2025 RE: 155 Motion to Compel; 163 Motion for Preliminary Injunction. Parties stated appearances and proffered argument. Court directed counsel to submit additional information as stated on the record. Court takes motions under submission.** <br><br> **Total Time in Court: 2 Hours; 30 Minutes.** <br> **Court Reporter: Ana Dub.** <br><br> **Plaintiff Attorneys: Danielle Leonard, Stacey Leyton, James Baltzer, Cynthia Alexander.** <br> **Defendant Attorney: Kelsey Helland.** <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Date Filed: 4/9/2025) (Entered: 04/09/2025) |
| 04/09/2025 | 190 | TRANSCRIPT ORDER for proceedings held on 04/09/2025 before Judge William Alsup by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110, for Court Reporter Ana Dub. (Leonard, Danielle) (Filed on 4/9/2025) (Entered: 04/09/2025) |
| 04/09/2025 | 191 | TRANSCRIPT ORDER for proceedings held on 04/09/2025 before Judge William Alsup by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United |

| | | |
|---|---|---|
| | | States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell, for Court Reporter Ana Dub. (Helland, Kelsey) (Filed on 4/9/2025) (Entered: 04/09/2025) |
| 04/10/2025 | 192 | NOTICE of Appearance filed by Gregory Bennett Conner on behalf of Scott Bessent (Conner, Gregory) (Filed on 4/10/2025) (Entered: 04/10/2025) |
| 04/10/2025 | 193 | STIPULATION *regarding Protective Order* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Fuchs, Yuri) (Filed on 4/10/2025) Modified on 4/14/2025 (afm, COURT STAFF). (Entered: 04/10/2025) |
| 04/11/2025 | 194 | TRANSCRIPT ORDER for proceedings held on April 9, 2025 before Judge William Alsup for Court Reporter Ana Dub (amd, COURT STAFF) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/11/2025 | 195 | Transcript of Proceedings held on April 9, 2025, before Judge William Alsup. Stenographic Court Reporter Ana Dub, RDR, CRR, telephone number 415-290-1651/ana_dub@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 194 Transcript Order, 191 Transcript Order,,,,, 190 Transcript Order,,, ) Release of Transcript Restriction set for 7/10/2025. (Related documents(s) 194 , 191 , 190 ) (amd, COURT STAFF) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/11/2025 | 196 | NOTICE by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 *of Updated Evidentiary Citations Chart* (Leonard, Danielle) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/11/2025 | 197 | RESPONSE re 188 *Submission of Deposition Transcript of Noah Peters* by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health |

3-ER-540

| | | |
|---|---|---|
| | | Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Exhibit 1)(Leonard, Danielle) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/11/2025 | 198 | Administrative Motion to File Under Seal *Union Lists of Terminated Employees* filed by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110. (Attachments: # 1 Proposed Order Stipulation and Proposed Order, # 2 Declaration Unredacted Version of Glymph Declaration and Exhibit 1, # 3 Declaration Unredacted Version Blake Declaration and Exhibit 1)(Leonard, Danielle) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/11/2025 | 199 | RESPONSE to Court's Inquiry by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 re 198 Administrative Motion to File Under Seal *Union Lists of Terminated Employees*, 189 Motion Hearing, Show Cause Hearing, Order on Motion to Compel, Order on Motion for Preliminary Injunction, (Attachments: # 1 Exhibit Addendum, # 2 Declaration of Amelia Glymph - Redacted Version, # 3 Declaration of Kory Blake - Redacted Version)(Leonard, Danielle) (Filed on 4/11/2025) Modified on 4/18/2025 (slh, COURT STAFF). (Entered: 04/11/2025) |
| 04/14/2025 | 200 | **ORDER GRANTING 193 STIPULATION FOR PROTECTIVE ORDER. Signed by Judge William Alsup on 4/14/2025. (afm, COURT STAFF) (Filed on 4/14/2025) (Entered: 04/14/2025)** |
| 04/18/2025 | 201 | STATUS REPORT by American Federation Of Government Employees, AFL-CIO, American Federation Of State County And Municipal Employees, AFL-CIO, State of Washington, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, Climate Resilient Communities, Point Blue Conservation Science, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc., AFGE Local 2110 (Attachments: # 1 Exhibit)(Leonard, Danielle) (Filed on 4/18/2025) Modified on 4/18/2025 (slh, COURT STAFF). (Entered: 04/18/2025) |
| 04/18/2025 | 202 | **ORDER ON MOTION FOR PRELIMINARY INJUNCTION BY UNION PLAINTIFFS AND STATE OF WASHINGTON. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 4/18/2025) (Entered: 04/18/2025)** |

3-ER-541

| 04/21/2025 | 203 | STIPULATION *to Continue Defendants' Deadline to Respond to Complaint* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Fuchs, Yuri) (Filed on 4/21/2025) (Entered: 04/21/2025) |
|---|---|---|
| 04/22/2025 | 204 | **SCHEDULING ORDER. Signed by Judge Alsup. (whalc1, COURT STAFF) (Filed on 4/22/2025) (Entered: 04/22/2025)** |
| 04/23/2025 | 205 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. Appeal of Order 202 (Appeal fee: WAIVED.) (Fuchs, Yuri) (Filed on 4/23/2025) **(USCA Case No. 25-2637)** Modified on 4/25/2025 (slh, COURT STAFF). (Entered: 04/23/2025) |
| 04/25/2025 | 206 | USCA Case Number 25-2637 and Time Schedule Notice for 205 Notice of Appeal to the Ninth Circuit filed by United States Office of Personnel Management et al. (slh, COURT STAFF) (Filed on 4/25/2025) (Entered: 04/25/2025) |
| 04/25/2025 | 207 | NOTICE of Appearance filed by Gregory Bennett Conner on behalf of Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental |

| | | Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell (Conner, Gregory) (Filed on 4/25/2025) (Entered: 04/25/2025) |
|---|---|---|
| 05/01/2025 | 208 | STIPULATION WITH PROPOSED ORDER re 204 Order filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Declaration)(Fuchs, Yuri) (Filed on 5/1/2025) (Entered: 05/01/2025) |
| 05/02/2025 | 209 | **ORDER GRANTING 208 STIPULATION TO AMEND SCHEDULING ORDER. Signed by Judge William Alsup on 5/02/2025. (afm, COURT STAFF) (Filed on 5/2/2025) (Entered: 05/02/2025)** |
| 05/02/2025 | 210 | First MOTION to Relate Case *3:25-cv-01780-WHA* filed by Hang Zhang. (Attachments: # 1 Cover Letter, # 2 Exhibit, # 3 Proposed Order, # 4 Certificate/Proof of Service) (Zhang, Hang) (Filed on 5/2/2025) (Entered: 05/02/2025) |
| 05/03/2025 | 211 | **(DISREGARD - Electronic filing error. This filing will not be processed. This 211 motion should be filed in the docket for Zhang v. Driscoll, Case No. 25-cv-03381-LJC, irrespective of case relation)** MOTION for Preliminary Injunction *re: OPM Workforce Realignment Constitutional and Procedural Harms* filed by Hang Zhang. Responses due by 5/19/2025. Replies due by 5/27/2025. (Attachments: # 1 Exhibit, # 2 Declaration, # 3 Proposed Order)(Zhang, Hang) (Filed on 5/3/2025) Modified on 5/5/2025 (afm, COURT STAFF). (Entered: 05/03/2025) |
| 05/05/2025 | 212 | Supplemental Argument *IN SUPPORT OF RELATION, FIFTH AMENDMENT REVIEW, AND PRELIMINARY INJUNCTION* filed by Hang Zhang. (Zhang, Hang) (Filed on 5/5/2025) Modified on 5/8/2025 (tn, COURT STAFF). (Entered: 05/05/2025) |
| 05/06/2025 | 213 | OPPOSITION/RESPONSE (re 212 Supplemental MOTION to Relate Case *IN SUPPORT OF RELATION, FIFTH AMENDMENT REVIEW, AND PRELIMINARY INJUNCTION*, 210 First MOTION to Relate Case *3:25-cv-01780-WHA* ) *and Motion to Strike 211 MOTION for Preliminary Injunction* filed byHoward Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott |

3-ER-543

| | | |
|---|---|---|
| | | Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Helland, Kelsey) (Filed on 5/6/2025) (Entered: 05/06/2025) |
| 05/07/2025 | [214](#) | **ORDER DETERMINING [210](#) CASES ARE NOT RELATED. Signed by Judge Alsup. (whalc2, COURT STAFF) (Filed on 5/7/2025) (Entered: 05/07/2025)** |
| 05/07/2025 | [215](#) | *PLAINTIFF'S REPLY to Defendant's Opposition to Administrative Motion to Relate Cases and Motion to Strike filed by Hang Zhang. (Zhang, Hang) (Filed on 5/7/2025) Modified on 5/8/2025 (tn, COURT STAFF). Modified on 5/13/2025 (kmg, COURT STAFF). (Entered: 05/08/2025)* |
| 05/08/2025 | [216](#) | NOTICE of steps taken to comply with the April 18th., 2025 Preliminary Injunction by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell re [202](#) Order *of Steps Taken to Comply with the April 18, 2025 Preliminary Injunction* (Attachments: # [1](#) Declaration, # [2](#) Declaration, # [3](#) Declaration, # [4](#) Declaration, # [5](#) Declaration, # [6](#) Declaration, # [7](#) Declaration, # [8](#) Declaration, # [9](#) Declaration, # [10](#) Declaration, # [11](#) Declaration, # [12](#) Declaration, # [13](#) Declaration, # [14](#) Declaration, # [15](#) Declaration, # [16](#) Declaration, # [17](#) Declaration, # [18](#) Declaration, # [19](#) Declaration, # [20](#) Declaration, # [21](#) Declaration, # [22](#) Declaration)(Fuchs, Yuri) (Filed on 5/8/2025) Modified on 5/13/2025 (kmg, COURT STAFF). (Entered: 05/08/2025) |
| 05/08/2025 | [217](#) | Administrative Motion to File Under Seal *Agency Declarations and Lists of Employees Under Seal* filed by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States |

3-ER-544

| | | |
|---|---|---|
| | | Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Declaration, # 4 Exhibit, # 5 Declaration, # 6 Declaration, # 7 Declaration, # 8 Declaration, # 9 Exhibit)(Fuchs, Yuri) (Filed on 5/8/2025) (Entered: 05/08/2025) |
| 05/08/2025 | | Electronic filing error. Re: 211 MOTION for Preliminary Injunction *re: OPM Workforce Realignment Constitutional and Procedural Harms* filed by Hang Zhang. Document filed in the WRONG CASE. This filing will not be processed by the clerks office. Please re-file in its entirety to CASE NO. 3:25-cv-03381-LJC. (tn, COURT STAFF) (Filed on 5/8/2025) (Entered: 05/08/2025) |
| 05/09/2025 | 218 | NOTICE of filing administrative record by Howard Lutnick, Pete Hegseth, United States Department of Education, Linda McMahon, United States Department of Energy, Chris Wright, Robert F. Kennedy Jr., United States Department of Homeland Security, Kristi Noem, United States Department of Housing and Urban Development, Scott Turner, United States Department of Justice, Pam Bondi, United States Department of the Interior, Doug Burgum, United States Department of Labor, Vince Micone, United States Department of State, Marco Rubio, United States Department of Treasury, Scott Bessent, United States Department of Transportation, Sean Duffy, United States Veterans Administration, Doug Collins, United States Environmental Protection Agency, Lee Zeldin, United States General Services Administration, Robin Carnahan, United States National Aeronautics and Space Administration, Janet Petro, National Science Foundation, Sethuraman Panchanathan, United States Office of Management and Budget, Russell Vought, United States Small Business Administration, Kelly Loeffler, United States Social Security Administration, Leland Doudek, United States Department of Health and Human Services, Department of Defense, United States Department of Agriculture, Brooke Rollins, United States Department of Commerce, United States Office of Personnel Management, Charles Ezell *of Filing the Certified Administrative Record* (Attachments: # 1 Certification of the Administrative Record, # 2 Index of the Administrative Record, # 3 Administrative Record)(Todd, James) (Filed on 5/9/2025) Modified on 5/13/2025 (kmg, COURT STAFF). (Entered: 05/09/2025) |
| 05/15/2025 | 219 | **NOTICE OF LETTER TO COURT AND REQUEST FOR INFORMATION. Signed by Judge William Alsup on 5/15/2025. (afm, COURT STAFF) (Filed on 5/15/2025) (Additional attachment(s) added on 5/15/2025: # 1 Sealed) (afm, COURT STAFF). (Entered: 05/15/2025)** |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/19/2025 06:46:13 | | | |
| **PACER Login:** | casenross | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-cv-01780-WHA |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

3-ER-545