Nos. 25-1677, 25-2637, 25-5875

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

American Federation of Government Employees (AFGE), et al.
*Plaintiff-Appellees*,

v.

The Office of Personnel Management, et al.
*Defendant-Appellants*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
No. 3:25-cv-01780-WHA
The Honorable Judge William Alsup

_____

# APPELLEES' OPPOSITION TO MOTION TO CONSOLIDATE AND REPLY IN SUPPORT OF MOTION TO DISMISS PRELIMINARY INJUNCTION APPEALS

_____

Scott A. Kronland
Stacey M. Leyton
Eileen B. Goldsmith
Danielle E. Leonard
Robin S. Tholin
James Baltzer
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
dleonard@altber.com

*Attorneys for Plaintiff-Appellee Organizations\**
*[additional counsel on following page]*

Norman L. Eisen
Pooja Chaudhuri
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Pooja@statedemocracydefenders.org

*Attorneys for Plaintiff Organizations\**

Teague Paterson
Matthew Blumin
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Rushab Sanghvi
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426
Sanghr@afge.org

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Tera M. Heintz
Cristina Sepe
Cynthia Alexander
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
tera.heintz@atg.wa.gov
cristina.sepe@atg.wa.gov
cynthia.alexander@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

\*Plaintiff-Appellee Organizations are the American Federation of Government Employees, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, AFGE Local 2110, American Federation of Government Employees Local 1216, United Nurses Associations of California/Union of Health Care Professionals, AFSCME, AFL-CIO, American Public Health Association, Association of Flight Attendants-CWA, AFL-CIO, American Geophysical Union, Point Blue Conservation Science, Climate Resilient Communities, Main Street Alliance, Common Defense Civic Engagement, Coalition to Protect Americas National Parks, Western Watersheds Project, Vote Vets Action Fund Inc.

Defendants-Appellants Office of Personnel Management ("OPM") and OPM Director Scott Kupor (substituted for Acting Director Charles Ezell) oppose Plaintiffs-Appellees' motion to dismiss their preliminary injunction appeals (Case Nos. 25-1677 and 25-2637), which were rendered moot by the District Court's September 13, 2025 final judgment in this action. In opposing that dismissal, and suggesting instead that their new appeal from the final judgment (Case No. 25-5875) should be consolidated with the now-moot preliminary injunction appeals, Defendants provide no actual argument as to how this Court may retain jurisdiction over a constitutionally moot appeal. Because the preliminary injunction appeals have been mooted by the District Court's entry of final judgment, this Court has lost jurisdiction over those appeals, and must dismiss them and also deny the motion to consolidate ("Motion").[1]

On September 15, Plaintiffs moved to dismiss the preliminary injunction appeals as moot, in light of the District Court's entry of judgment. Case Nos. 25-1677 and 25-2637, Dkt. 79.1. As Plaintiffs explained, the preliminary injunctions did not survive entry of judgment, but instead were superseded by the judgment and the permanent injunction and declaratory relief awarded by the District Court.

---

[1] OPM's motion to consolidate stated that Plaintiffs did not object to the motion. After the undersigned confirmed to Defendants' counsel that Plaintiffs do in fact object to consolidation, OPM filed a supplement to its motion to so inform the Court. *See* Case No. 25-5875, Dkt. 3.1 at 1, 4.1; Case Nos. 25-1677 and 25-2637, Dkt. 80.1 at 1, 81.1.

-1-

*Id.* at 1 (citing *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999); *Planned Parenthood Ariz. Inc. v. Betlach*, 727 F.3d 960, 963 (9th Cir. 2013); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010). As a result, OPM's appeals from the preliminary injunctions are moot, and must be dismissed. *Grupo Mexicano*, 527 U.S. at 314.

Indeed, Article III "requires that a live controversy persist throughout all stages of the litigation." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128–29 (9th Cir. 2005) (en banc). Thus, Article III *forbids* this Court from exercising jurisdiction over moot appeals. *See, e.g.*, *Alliance for the Wild Rockies v. Savage*, 897 F.3d 1025, 1031 (9th Cir. 2018) ("Under Article III of the Constitution, a live controversy must persist throughout all stages of the litigation. A court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal.") (cleaned up); *Krabach v. County of King*, 2023 WL 5198769, at *1 (9th Cir. Aug. 14, 2023) (dismissing preliminary injunction appeal as moot; "Under Article III of the United States Constitution, an issue is moot when there is no longer a live controversy. An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request.") (citations and quotations omitted).

Although OPM's Motion also purports to be its opposition to Plaintiffs' motion to dismiss OPM's preliminary injunction appeals, OPM does not even attempt to explain why those appeals are *not* moot. Nor could it. Rather than engage with that issue, OPM instead argues that its new appeal should be consolidated with the preliminary injunction appeals.

OPM's position makes little sense. Because the preliminary injunction appeals are moot and must be dismissed, there is no case before this Court with which OPM's new appeal from the final judgment could properly be consolidated.

Moreover, OPM's suggestion that the Court need only receive some supplemental briefing to decide its new appeal – apparently together with the preliminary injunction appeals over which the Court has now lost jurisdiction – is wholly unworkable. The summary judgment order and final judgment from which OPM now appeals in Case No. 25-5875 were based on an administrative record compiled by OPM, not the preliminary injunction record (primarily compiled by Plaintiffs) on which the preliminary injunction appeals were decided. *See generally* District Ct. Dkt. 261. Based on the administrative record, the District Court reached further legal conclusions and provided additional analysis related to its jurisdiction, *see id.* at 19-24, and Plaintiffs' APA claims, *see id.* at 25-36, in ruling on the merits in this case. Entirely new briefing will be required in this Court to address the District Court's rulings based on the administrative record.

-3-

OPM's suggestion that its new appeal can be decided solely on supplemental briefing would only foster confusion as to what issues are properly before the reviewing Court and on what record.

Rather than grafting supplemental briefing – and an entirely new record – onto appeals over which this Court can no longer exercise jurisdiction, the Court should simply (1) dismiss the preliminary injunction appeals as moot; and (2) order briefing on OPM's new appeal to proceed in the ordinary course.

DATED: September 19, 2025            Respectfully submitted,

        Scott A. Kronland
        Stacey M. Leyton
        Eileen B. Goldsmith
        Danielle E. Leonard
        Robin S. Tholin
        James Baltzer
        ALTSHULER BERZON LLP
        177 Post St., Suite 300
        San Francisco, CA 94108
        Tel: (415) 421-7151

By: */s/ Eileen B. Goldsmith*

*Attorneys for Plaintiff Organizations*

        Norman L. Eisen
        Pooja Chaudhuri
        STATE DEMOCRACY DEFENDERS FUND
        600 Pennsylvania Avenue SE #15180
        Washington, DC 20003
        Tel: (202) 594-9958

By: */s/ Norman L. Eisen*

*Attorneys for Plaintiff Organizations*

Rushab Sanghvi
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
80 F Street, NW
Washington, DC 20001
Tel: (202) 639-6426

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiff American Federation of Government Employees (AFGE)*

Teague Paterson
Matthew Blumin
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees (AFSCME)*

Tera M. Heintz
Cristina Sepe
Cynthia Alexander
Deputy Solicitors General
OFFICE OF THE WASHINGTON STATE
ATTORNEY GENERAL
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

-5-

(206) 464-7744

By: */s/ Tera M. Heintz*

*Attorneys for Plaintiff State of Washington*

-6-

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this opposition complies with Fed. R. App. 27(d)(1)(E) because it has been prepared using 14-point Times New Roman, a proportionally spaced typeface, and that it complies with the type-volume limitation of Circuit Rules 27-1(1)(d) and 32-3(2) because it contains 1197 words, according to Microsoft Word.

*/s/ Eileen B. Goldsmith*
Eileen B. Goldsmith